IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| VIDEOLOGY, INC., *et al.*,[1] | Case No. 18-_____ (___) |
| Debtors. | Joint Administration Requested<br>Related to Docket No. ___ |

**INTERIM ORDER UNDER BANKRUPTCY CODE SECTIONS 105(a), 363(b), 363(c), 507(a), AND 541 (I) AUTHORIZING PAYMENT OF CERTAIN PRE-PETITION EMPLOYEE OBLIGATIONS, INCLUDING COMPENSATION, BENEFITS, EXPENSE REIMBURSEMENTS, AND RELATED OBLIGATIONS, (II) CONFIRMING RIGHT TO CONTINUE EMPLOYEE BENEFIT PROGRAMS ON POST-PETITION BASIS, (III) AUTHORIZING PAYMENT OF WITHHOLDING AND PAYROLL-RELATED TAXES, (IV) AUTHORIZING PAYMENT OF PRE-PETITION CLAIMS OWING TO ADMINISTRATORS OF, OR THIRD PARTY PROVIDERS UNDER, EMPLOYEE BENEFIT PROGRAMS, AND (V) DIRECTING BANKS TO HONOR PRE-PETITION CHECKS AND FUND TRANSFERS FOR AUTHORIZED PAYMENTS**

Upon the motion (the "Motion")[2] of the Debtors for entry of an order under Bankruptcy Code sections 105(a), 363(b), 363(c), 507(a), 541, 1107(a) and 1108 and Bankruptcy Rules 6003 and 6004 (i) authorizing the Debtors to pay certain pre-petition amounts owing to or for the benefit of current Employees for compensation, benefits and reimbursable expenses; (ii) confirming the Debtors' right to continue post-petition, in the ordinary course of business, the Employee-related plans, programs and policies in effect immediately prior to the filing of these cases; (iii) authorizing the Debtors to pay any and all local, state and federal withholding and payroll-related or similar taxes relating to pre-petition periods; (iv) confirming the Debtors' right to continue to deduct and to transmit deductions from payroll checks as authorized by Employees

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Videology, Inc. (2191), Collider Media, Inc. (8602), Videology Media Technologies, LLC (6243), LucidMedia Networks, Inc. (8566) and Videology Ltd. The address of the Debtors' corporate headquarters is 1500 Whetstone Way, Suite 500, Baltimore, MD 21230.

[2] Unless otherwise defined herein, capitalized terms used herein shall have the meanings ascribed to them in the Motion.

or required under any Employee-related plan, program or policy or as required by law; (v) authorizing the Debtors to pay any pre-petition claims owing to the administrators of, or third party providers under, such plans, programs and policies as necessary to ensure the delivery of compensation, benefits and expense reimbursements to their Employees; and (vi) authorizing and directing all banks to receive, process, honor and pay all of the Debtors' pre-petition checks and fund transfers on account of any obligations authorized to be paid hereunder; and the Court having reviewed the Motion and the Tarpey Declaration; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware* dated February 29, 2012; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby:

**ORDERED, ADJUDGED AND DECREED THAT:**

1. The Motion is **GRANTED** on an interim basis as set forth herein.

2. Subject to the dollar limits set forth in the chart below for the period prior to entry of a final order on the Motion, and except as otherwise set forth herein, the Debtors are authorized, but not directed, pursuant to sections 105(a), 363, and 507(a) of the Bankruptcy Code, to: (a) pay and honor all pre-petition obligations associated with (i) the Pre-Petition Employee Obligations described in the Motion (including, but not limited to, Unpaid Compensation, PTO, Deductions, Payroll Taxes, Reimbursable Expenses) and (ii) continue the

Employee Benefit Programs described in the Motion (including, but not limited to, any fees or administrative expenses payable to UltiPro, Celergo, Wells Fargo, CareFirst, Discovery Benefits, Cigna HealthCare Benefits, Mutual of Omaha, Avēsis, Mass Mutual, Mercer Limited, Aegon, Reliance Trust Company, Travelers, Unum Limited, and Unum Lifeworks); and (iii) continue the Employee Benefit Programs described in the Motion (including, but not limited to, the Medical Insurance, the HSA Accounts, the Dental Plan, the Vision Plan, the Life Insurance, the AD&D Insurance, the S-T Disability Insurance, the L-T Disability Insurance, the Voluntary Benefit Programs, the Workers' Compensation Insurance, COBRA benefits, the U.K. Pension Plan, and the 401k Plan), *provided, however*, that notwithstanding any other provision of this Interim Order, no payments to any individual employee shall exceed the amounts set forth in sections 507(a)(4) and 507 (a)(5) of the Bankruptcy Code.

| Item | Maximum Amount (U.S.) | Maximum Amount (U.K.) | Maximum Amount (ES) |
|---|---|---|---|
| Unpaid wages/salaries | $589,408 | £130,136 | €10,096 |
| Payroll services (UltiPro/Celergo) | $32,000 | £2,200 | €558 |
| Payroll Taxes | $302,360 | £185,154 | €17,502 |
| Deductions[3] | $122,187 | £16,660 | €21 |
| Reimbursable Expenses | $170,000 | £75,000 | €2,845 |
| Group Health Insurance[4] | $121,572 | -- | €455 |
| Dental and Vision Plans | $9,766 | -- | -- |
| Life and Disability Insurance | $8,944 | -- | -- |

---

[3] These are not Debtor funds but belong to the Employees from whom they are withheld.

[4] Includes Employee portion.

| Item | Maximum Amount (U.S.) | Maximum Amount (U.K.) | Maximum Amount (ES) |
|---|---|---|---|
| Voluntary Benefit Programs[5] | $2,065 | -- | -- |
| 401k Plan/U.K. Pension[6] | $163,118 | £34,662 | -- |
| **Total** | **$1,521,420** | **£443,812** | **€31,477** |

3. Nothing herein shall be deemed to (1) authorize the payment of any amounts in satisfaction of bonus or severance obligations to "insiders," as that terms is defined in section 101(31) of the Bankruptcy Code, or payments which are otherwise subject to section 503(c) of the Bankruptcy Code; or (2) authorize the Debtors to cash out unpaid vacation/leave time upon termination of an employee, unless applicable non-bankruptcy law requires such payment.

4. The Debtors are authorized, but not directed, to honor all pre-petition obligations regarding PTO, including, but not limited to paying all amounts payable to Employees whose employment with the Debtors terminate to the extent required by applicable non-bankruptcy law.

5. The Debtors are further authorized, but not directed, to modify or discontinue any Employee Benefit Program to reduce or eliminate program expenses or the benefits provided thereunder, at any time, to the extent consistent with applicable law, without prior Court approval.

6. The Debtors are authorized, but not directed, to continue to allocate and distribute all Payroll Taxes and Deductions in the reasonable exercise of their business judgment and in accordance with the Debtors' policies and pre-petition practices.

---

[5] These are not Debtor funds but belong to the Employees from whom they are withheld.

[6] Payments with respect to the 401kPlan are not Debtor funds but belong to the Employees from whom they are withheld. Payments with respect to the U.K. Pension include contributions from Videology UK and the U.K. Employees.

7. The Debtors are authorized, but not directed, to continue to make all payments incident to payment of the Pre-Petition Employee Obligations and the maintenance of the Employee Benefit Programs, in the reasonable exercise of their business judgment and in the ordinary course of business, including payments to any administrators and the pre-petition processing costs.

8. The Debtors are authorized, but not directed, to maintain their Workers' Compensation Insurance.

9. The Debtors are authorized, but not directed, to pay pre-petition amounts owing on the Amex Cards and/or VISA Cards upon written confirmation from American Express or Wells Fargo, as applicable, that the Debtors and their Employees may continue to utilize the credit cards after the Petition Date.

10. The Payroll Processors and any banks on which any checks or wire transfers are drawn in payment of the Pre-Petition Employee Obligations or any other obligations authorized to be paid hereunder, either before, on or after the Petition Date, are authorized and directed to receive, process, honor and pay any such checks or wire transfers; and such banks are authorized and directed to rely on the representations of the Debtors as to which checks and wire transfers are in payment of such obligations. Further, the Debtors are authorized to issue new post-petition checks or process wire transfers to replace any checks or wire transfers that may be dishonored and to reimburse any expenses that any Employee or other persons may incur as a result of any bank's failure to honor a pre-petition check or wire transfer.

11. Any person receiving payment from the Debtors is authorized to rely on the representations of the Debtors as to which payments are authorized by this Interim Order.

12. Nothing contained in the Motion or this Interim Order or any payment made pursuant to the authority granted by this Interim Order is intended to be or shall be construed as (a) an admission as to the validity or priority of any lien or claim against the Debtors, (b) a waiver of the Debtors' or any appropriate party-in-interest's rights to dispute any lien or claim, or (c) an approval or assumption of any agreement, contract, program or policy under section 365 of the Bankruptcy Code.

13. Notwithstanding the relief granted herein or any actions taken hereunder, nothing contained in this Order shall either create any rights in favor of, or enhance the status of any claim held by, any Employee or other person or be deemed or construed as a waiver of the right of the Debtors to contest the validity and amount of any payment made pursuant to this Interim Order.

14. The Debtors are authorized to take all steps necessary or appropriate to carry out the relief granted by this Interim Order.

15. The requirements set forth in Bankruptcy Rule 6003(b) are satisfied or otherwise deemed waived.

16. Notwithstanding Bankruptcy Rule 6004(h), to the extent applicable, this Interim Order shall be effective and enforceable immediately upon entry hereof.

17. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation and/or interpretation of this Interim Order.

18. This Interim Order shall be served on all parties receiving notice of the Motion, as set forth in the Motion, and any other party fling a request for notice pursuant to Bankruptcy Rule 2002 within three (3) business days of entry of this Interim Order.

19. The final hearing (the "Final Hearing") on the Motion shall be held on _____,

2018 at __:__ _.m. Eastern Time. Any objections or responses to entry of the final order shall be filed on _____, 2018 at 4:00 p.m. Eastern Time (the "Objection Deadline") and served on (a) proposed counsel to the Debtors, Cole Schotz P.C., 300 East Lombard Street, Suite 1450, Baltimore, MD 21202 (Attn: Irving E. Walker, Esq.) and 500 Delaware Avenue, Suite 1410, Wilmington, DE 19801 (Attn: Patrick J. Reilly, Esq.), (b) counsel to secured lenders, Fast Pay Partners LLC, as Agent and Lender, Tennenbaum Capital Partners, LLC, as Documentation Agent and Investment Manager, FPP Sandbox LLC, as Agent and Lender, and FastPay Roundabout Limited, Buchalter, 1000 Wilshire Boulevard, Suite 1500, Los Angeles, CA 90017-1730 (Attn: William S. Brody, Esq.), and (c) counsel to the official committee of unsecured creditors, if one is appointed and (d) the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801 (Attn: David Buchbinder, Esq.). If no objections are filed, then the Court may enter a final order granting the relief requested in the Motion without further hearing.

Dated: May ___, 2018
       Wilmington, Delaware

                                         UNITED STATES BANKRUPTCY JUDGE