**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| VIDEOLOGY, INC., *et al.*,[1] | Case No. 18-11120 (BLS) |
| Debtors. | Jointly Administered |
| | Re: Docket No. 89 |

**MOTION TO SHORTEN NOTICE AND OBJECTION PERIODS WITH RESPECT TO DEBTORS' MOTION PURSUANT TO FED. R. BANKR. P. 9019 FOR ORDER APPROVING SETTLEMENT WITH GROUPM DIGITAL UK AND AFFILIATES**

The debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors"), having contemporaneously filed the *Debtors' Motion Pursuant To Fed. R. Bankr. P. 9019 for Order Approving Settlement With GroupM Digital UK And Affiliates* (the "Settlement Motion"), hereby move, pursuant to Rule 9006(c) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 9006-1(e) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), for entry of an order (i) shortening the time for notice of the hearing to consider approval of the Motion so that the matter may be heard at the omnibus hearing in these chapter 11 cases scheduled for June 5, 2018, at 10:00 a.m. (ET) and (ii) permitting parties to file objections, if any, to the Settlement Motion at such time to be determined by the Court; and (iii) granting such other and further relief to the Debtors as the Court deems appropriate. In support of this Motion to Shorten, the Debtors respectfully state as follows:

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Videology, Inc. (2191), Collider Media, Inc. (8602), Videology Media Technologies, LLC (6243), LucidMedia Networks, Inc. (8566) and Videology Ltd.  The address of the Debtors' corporate headquarters is 1500 Whetstone Way, Suite 500, Baltimore, MD 21230.

57731/0002-15881583v1

**JURISDICTION**

1. The Court has jurisdiction over these cases and this Motion to Shorten pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware dated as of February 29, 2012. This is a core proceeding under 28 U.S.C. § 157(b).

2. Venue is proper in this district under 28 U.S.C. §§ 1408 and 1409.

3. Pursuant to Local Rule 9013-1(f), the Debtors consent to entry of a final judgment or order with respect to this Motion to Shorten if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

**BACKGROUND**

4. On May 10, 2018, the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors continue to be in possession of their properties and control of their business as debtors in possession under sections 1107(a) and 1108 of the Bankruptcy Code. The United States Trustee for the District of Delaware appointed an Official Committee of Unsecured Creditors (the "Committee") in the Chapter 11 Cases on May 17, 2017. As of the date hereof, no trustee or examiner has been appointed in the Chapter 11 cases.

5. On the Date hereof, the Debtor filed the Settlement Motion. Through the Settlement Motion, the Debtor seeks the Court's authorization to enter into a settlement (the "Settlement") with GroupM Digital UK and its affiliates (collectively, "GroupM"), the Debtors' largest customer.

## RELIEF REQUESTED

6. The Debtors request that this Court enter an order, substantially in the form attached hereto as **Exhibit A**, (i) shortening the notice period with respect to the relief requested by the Settlement Motion so that the Settlement Motion may be heard at the hearing scheduled for June 5, 2018; (ii) permitting parties to raise objections, if any, to the Settlement Motion at such time determined by the Court; and (iii) granting such other and further relief to the Debtors as the Court deems appropriate.

## BASIS FOR RELIEF

7. Local Rule 9006-1(c) requires that all motion papers be filed and served at least eighteen days (twenty-one days if service is by first class mail; nineteen days if service is by overnight delivery) prior to a hearing date scheduled for such motion, unless approval of shortened notice is granted by the Court pursuant to Bankruptcy Rule 9006(c) and Local Rule 9006-1(e). Local Rule 9006-1(c) further provides that the deadline for objection(s) "shall be no later than seven (7) days before the hearing date." A court may, however, shorten such notice periods pursuant to Bankruptcy Rule 9006(c) and Local Rule 9006-1(e) for cause shown. Specifically, Bankruptcy Rule 9006(c)(1) provides that "when an act is required or allowed to be done at or within a specified time by these rules or by a notice given thereunder or by order of court, the court for cause shown may in its discretion with or without motion or notice order the period reduced." Fed. R. Bankr. P. 9006(c)(1); *see also* Del. Bankr. L.R. 9006-1(e) (stating that "[n]o motion will be scheduled on less notice than required by these Local Rules or the Fed. R. Bankr. P. except by order of the Court, on written motion . . . specifying the exigencies justifying shortened notice").

8.	Cause exists to schedule the hearing on the Settlement Motion for June 5 for several reasons.  *First*, assuming the interim DIP order is entered, the final DIP hearing will be scheduled for the June 5 hearing.  Because the Debtors need the DIP and the Settlement funds to operate through a sale, the Debtors submit that it makes the most sense to hear these two matters together.  The two issues, therefore, should be considered simultaneously at one hearing.

9.	*Second*, even if the Debtors get the DIP agreement approved on an interim and final basis, the Debtors will be operating on a very tight budget.  Although it would be possible for the Debtors to operate beyond June 5 without the GroupM settlement funds if the DIP is approved on a final basis, permitting the GroupM funds to come into the estates during the same week would provide an enormous relief for the Debtors and would allow the Debtors to focus more on sale efforts than cash conservation during the most critical time of these cases.

10.	*Third*, hearing the Settlement Motion on June 5 may provide the Debtors with some optionality on the timing and amount(s) of the draw down of the additional $5 million in DIP funds that will be available after the final DIP hearing on June 5.

11.	*Fourth*, the U.S. Trustee and the Committee have been apprised of the discussions with GroupM prior to the filing of the Settlement Motion.  Indeed, the Committee was given advanced copies of drafts of the settlement agreement and Settlement Motion before it was filed.  Thus, the key parties in interest will have plenty of time to object to the Settlement Motion in advance of the June 5 hearing, and thus, no creditors will be harmed by the requested shortening of notice.

12.	For these reasons, the Debtors respectfully submit that good cause exists to shorten the notice and objection periods with respect to the Settlement Motion.

## NOTICE

13. Notice of this Motion has been given to the following parties or, in lieu thereof, to their counsel, if known: (a) the Office of the United States Trustee; (b) the Debtors' pre-petition secured lenders; (c) counsel to the Official Committee of Unsecured Creditors; (d) counsel to the DIP lender; (e) counsel to the prepetition secured lenders; and (f) parties who have requested notice pursuant to Fed. R. Bankr. P. 2002.  The Debtors submit that, in light of the nature of the relief requested herein, no other or further notice need be given.

## NO PRIOR REQUEST

14. No prior request for the relief sought herein has been made to this Court or any other court.

WHEREFORE, for the reasons set forth above, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto as **Exhibit A**, granting (i) the relief requested herein, and (ii) such other and further relief as the Debtors or the Court may deem proper.

Dated: May 21, 2018

COLE SCHOTZ P.C.

 */s/ G. David Dean*
G. David Dean (No. 6403)
Patrick J. Reilley (No. 4451)
500 Delaware Avenue, Suite 1410
Wilmington, DE 19801
Telephone: (302) 652-3131
Facsimile: (302) 652-3117
ddean@coleschotz.com
preilley@coleschotz.com

- and -

Irving E. Walker
300 E. Lombard Street, Suite 1450
Baltimore, MD  21202
Telephone: 410.230.0660 Fax
Facsimile: 410.528.9400
iwalker@coleschotz.com

*Proposed Counsel for Debtors
and Debtors in Possession*