**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

---------------------------------------------------------- x
In re:                                                     :    Chapter 11
                                                           :
VIDEOLOGY, INC., *et al.*,[1]                              :    Case No. 18-11120 (BLS)
                                                           :    (Jointly Administered)
                                                           :
                            Debtors.                       :
                                                           :    Re: D.I. 39. 137
---------------------------------------------------------- x

**DECLARATION OF EDWARD T. GAVIN, CTP IN SUPPORT OF OBJECTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO DEBTORS' MOTION FOR ORDERS (I)(A) APPROVING BIDDING PROCEDURES FOR SALE OF SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS, (B) APPROVING STALKING HORSE AGREEMENT AND BID PROTECTIONS, (C) SCHEDULING AUCTION FOR, AND HEARING TO APPROVE SALE OF SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS, (D) APPROVING FORM AND MANNER OF NOTICES OF SALE, AUCTION AND SALE HEARING, (E) APPROVING ASSUMPTION AND ASSIGNMENT PROCEDURES AND (F) GRANTING RELATED RELIEF AND (II)(A) APPROVING SALE OF DEBTORS' ASSETS FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS AND ENCUMBRANCES, (B) AUTHORIZING ASSUMPTION AND ASSIGNMENT OF UNEXPIRED LEASES AND EXECUTORY CONTRACTS, AND (C) GRANTING <u>RELATED RELIEF</u>**

I, Edward T, Gavin, CTP[2] declare and state as follows:

1.    I am a Managing Director of the firm Gavin/Solmonese LLC ("<u>Gavin/Solmonese</u>"), with offices at 919 N. Market Street, Suite 600; Wilmington, DE 19801 and other locations, and I am duly authorized to make this statement on behalf of Gavin/Solmonese. Gavin/Solmonese is the proposed financial advisor for the Committee. I am a nationally recognized Certified Turnaround Professional, and Gavin/Solmonese's managing partner responsible for development

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Videology, Inc. (2191), Collider Media, Inc. (8602), Videology Media Technologies, LLC (6243), LucidMedia Networks, Inc. (8566); and Videology, Ltd., a company organized under the laws of England and Wales. The address of the Debtors' corporate headquarters is 1500 Whetstone Way, Suite 500, Baltimore, MD 21230.

[2] The suffix "CTP" refers to "Certified Turnaround Professional", a credential awarded by the Association of Certified Turnaround Professionals based-upon, inter alia, at least five years' experience as a turnaround professional, passage of a rigorous examination, an extensive background check, and maintenance of continuing professional education.

and oversight of all engagements related to bankruptcy, fiduciary, and creditors rights representations. I frequently testify in support of unsecured creditor issues and to improve unsecured creditor recoveries and my testimony has been accepted as expert before U.S. Bankruptcy Courts.

2. I submit this declaration (this "Declaration") in support of the Committee's objection to the Debtors' motion for orders approving, *inter alia*, bidding procedures for the sale of substantially all of the Debtors' assets (the "Objection").[3] I am familiar with the contents of the Objection, and except as otherwise indicated, all statements set forth in this Declaration are based upon: (a) my personal knowledge; (b) information supplied to me by other members of Gavin/Solmonese or the Debtors' financial advisor that I believe in good faith to be reliable; (c) my review of relevant documents; and/or (d) my opinion based upon my experience and knowledge of the Debtors' operations and financial condition. If called upon to testify, I could and would testify competently to the facts set forth in this Declaration.

3. Based on my review of the Motion and corresponding exhibits and taking into account the reduction in the Cash Consideration by virtue of the settlement between the Debtors and GroupM, I determined that the Break-Up Fee is over-market, excessive, and could potentially chill bidding by providing the Stalking Horse Bidder with an outsized overbid increment. Attached hereto as **Exhibit A** is a chart reflecting this analysis.

4. In addition, based on my discussions with the Debtors' professionals, my knowledge of the current state of the sale process, and my prior experience, I believe the Committee's proposed extensions of the Bid Deadline, the Adequate Assurance Objection

---

[3] Capitalized terms not otherwise defined in this Declaration shall have the meanings ascribed to them in the Objection.

Deadline and the Auction will provide prospective bidders – at no incremental cost to the estates – with additional time needed to foster a robust auction and maximize value.

Pursuant to 28 U.S.C. § 1746, I declare under penalty that the foregoing is true and correct.

Dated: June 1, 2018

/s/ *Edward T. Gavin*
Edward T. Gavin, CTP