IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------x
In re:                                              : Chapter 11
                                                    :
VIDEOLOGY, INC., *et al.*,[1]                       : Case No. 18-11120 (BLS)
                                                    :
                                    Debtors.        : Jointly Administered
                                                    :
                                                    : **Related to Docket No. 39** and 159
---------------------------------------------------------------x

**ORDER (A) APPROVING "STALKING HORSE" ASSET PURCHASE AGREEMENT;
(B) APPROVING PROCEDURES IN CONNECTION WITH
THE SALE OF ALL OR SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS;
(C) SCHEDULING THE RELATED AUCTION AND HEARING
TO CONSIDER APPROVAL OF SALE; (D) APPROVING PROCEDURES
RELATED TO THE ASSUMPTION OF CERTAIN EXECUTORY CONTRACTS
AND UNEXPIRED LEASES; (E) APPROVING THE FORM AND MANNER
OF NOTICE THEREOF; (F) APPROVING BREAKUP FEE AND EXPENSE
REIMBURSEMENT; AND (G) GRANTING RELATED RELIEF**

This matter coming before the Court on the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for the entry of an order pursuant to sections 105(a), 363, 365, 503, and 507 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002, 6004, 6006, 9007, and 9014 of the Federal Rules of Bankruptcy Procedure (as amended from time to time, the "Bankruptcy Rules"), and Rule 6004-1 of the Local Rules of Bankruptcy Practice and Procedures of the Bankruptcy Court for the District of Delaware (the "Local Rules") (A) approving "stalking horse" asset purchase agreement (the "Asset Purchase Agreement"); (B) approving procedures in connection with the sale of all or substantially all of the Debtors' assets; (C) scheduling the related auction and

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Videology, Inc. (2191), Collider Media, Inc. (8602), Videology Media Technologies, LLC (6243), LucidMedia Networks, Inc. (8566), and Videology, Ltd., a company organized under the laws of England and Wales. The address of the Debtors' corporate headquarters is 1500 Whetstone Way, Suite 500, Baltimore, MD 21230.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Bidding Procedures or the Motion, as applicable.

57731/0003-15915158v6

hearing to consider approval of sale free and clear of liens, claims and interests; (D) approving procedures related to the assumption of certain executory contracts and unexpired leases; (E) approving the form and manner of notice thereof; (F) approving Breakup Fee and Expense Reimbursement; and (G) granting related relief; and the Court having found that (i) the Court has jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; (ii) venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; (iii) this is a core proceeding pursuant to 28 U.S.C. § 157(b); and (iv) notice of the Motion was sufficient under the circumstances; and after due deliberation the Court having determined that the relief requested in the Motion, to the extent set forth herein, is in the best interests of the Debtors, their estates and their creditors; and good and sufficient cause having been shown;

**IT IS FURTHER FOUND AND DETERMINED THAT:**[3]

A. The Debtors have articulated good and sufficient business reasons for the Court to (i) approve the Bidding Procedures, (ii) approve the Assumption and Assignment Procedures, (iii) approve the form and manner of notice of the Motion, the Auction and Sale Hearing and (iv) set the date of the Auction and the Sale Hearing.

B. Due, sufficient and adequate notice of the relief requested in the Motion and the relief granted herein has been given in light of the circumstances and the nature of the relief requested, and no other or further notice thereof is required. The Debtors' notice of the Motion, the proposed entry of this order, the Bidding Procedures, the Assumption and Assignment Procedures, the Auction and the Sale Hearing is appropriate and reasonably calculated to provide

---

[3] The findings and conclusions set forth herein constitute this Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

1

57731/0003-15915158v6

all interested parties with timely and proper notice under Bankruptcy Rules 2002, 4001, 6004 and 6006, and no other or further notice of, or hearing on, the Motion or this Order is required.

C. The Debtors' proposed notices of (i) the Sale, (ii) the assumption and assignment of, and Cure Amount (as defined below) for, the executory contracts and unexpired leases to be assumed and assigned to the Successful Bidder (the "**Assumed Contracts**"), (iii) the Asset Purchase Agreement, (iv) the Successful Bidder and (v) the Bidding Procedures, are appropriate and reasonably calculated to provide all interested parties with timely and proper notice of each, and no further notice of, or hearing on, each is necessary or required.

D. The Bidding Procedures, in the form attached hereto as **Exhibit 1**, and incorporated by reference as if fully set forth in this Order, are fair, reasonable, and appropriate, were negotiated in good faith and at arm's-length by the Debtors and the Purchaser and represent the best method for maximizing the value to be achieved for the Debtors' assets.

E. The Assumption and Assignment Procedures, as set forth herein, are reasonable and appropriate.

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth herein.

2. All objections to the relief requested in the Motion that have not been withdrawn, waived or settled are overruled.

3. The Asset Purchase Agreement is approved solely for the purpose of establishing the stalking horse bid for the Debtors' assets. All substantive rights are reserved for the Sale Hearing.

2

4. The Bidding Procedures, attached hereto as **Exhibit 1,** are APPROVED. The Debtors are authorized to take any and all actions reasonably necessary or appropriate to implement the Bidding Procedures.

5. Except as expressly provided herein, nothing herein shall be construed as a determination of the rights of any party in interest in these Chapter 11 Cases, including, without limitation, the Debtors, the Purchaser, Draper Lending, LLC (the "DIP Lender"), and the official committee of unsecured creditors (the "Committee").

## The Bid Deadline

6. The Purchaser shall be the Successful Bidder (as defined in the Bidding Procedures) unless the following parties receive one or more Qualified Bids in writing, **on or before July 11, 2018 at 5:00 p.m. (prevailing Eastern Time)** (the "Bid Deadline"): (i) the Debtors, 1500 Whetstone Way, Suite 500, Baltimore, MD 21230, Attn: Kenneth Tarpey (ktarpey@videologygroup.com); (ii) counsel to the Debtors, Cole Schotz P.C., 300 E. Lombard Street, Suite 1450, Baltimore, MD 21202, Attn: Irving Walker, Esq. (iwalker@coleschotz.com) and 500 Delaware Avenue, Suite 1410, Wilmington, Delaware 19801, Attn: G. David Dean, Esq. (ddean@coleschotz.com) and Patrick J. Reilley, Esq. (preilley@coleschotz.com); (iii) financial advisor to the Debtors, Berkeley Research Group, LLC, 2049 Century Park East, Suite 2525, Century City, CA 90067, Attn: Bob Duffy (bduffy@thinkbrg.com); (iv) counsel to the DIP Lender, Arent Fox, 1675 Broadway, New York, NY 10019, Attn: Robert Hirsh, Esq and Jordana L. Renert, Esq.) and Bayard LLP, 600 N. King Street, Suite 400, Wilmington DE 19801 (Attn: Justin R. Alberto, Esq.); and (iv) proposed counsel to the Committee, Cooley LLP, 1114 Avenue of the Americas, 46th Floor, New York, NY 10036, Attn: Seth Van Aalten, Esq. (svanaalten@cooley.com) and Michael Klein, Esq. (mklein@cooley.com) (collectively, the "Bidding Notice Parties").

3

57731/0003-15915158v6

### Notice of the Sale and the Sale Hearing

7.   By no later than three (3) calendar days after entry of this Order (the "Initial Mailing Date"), the Debtors (or their agents) shall serve this Order, the Bidding Procedures and the Sale Notice attached hereto as **Exhibit 2** by first-class mail, postage prepaid or by email, where available, upon (a) all entities known to have expressed an interest in a transaction with respect to some or all of the Purchased Assets during the past nine (9) months; (b) all entities known to have asserted any lien, claim, interest or encumbrance in or upon any of the Purchased Assets; (c) all federal, state and local environmental or other regulatory authorities that regulate any aspect of the Debtors' business, if any; (d) United States Attorney's office; (e) the Securities and Exchange Commission; (f) the Internal Revenue Service; (g) all state and local taxing authorities in the states in which the Debtors have or may have any tax liability; (h) the U.S. Trustee; and (i) those parties who have filed the appropriate notice requesting notice of all pleadings filed in the Chapter 11 Cases (the "Initial Mailing Service List"). In addition, by the Initial Mailing Date, the Debtors' claims and noticing agent shall post a copy of this Order, the Bidding Procedures and the Sale Notice to the website maintained for the Debtors in these cases.

8.   By June 8, 2018, the "Final Mailing Date"), the Debtors (or their agents) shall serve the Sale Notice by first-class mail, postage prepaid or by email, where available, upon (x) all known creditors other than those given notice pursuant to the Initial Mailing Service List; and (y) all holders of interests in the Debtors.

9.   By the Final Mailing Date, (a) the Debtors (or their agents) shall serve the Counterparties Cure Notice (as defined below) by first-class mail, postage prepaid or by email, where available, upon all counterparties to the Debtors' executory contracts and unexpired leases, and (b) the Debtors' claims and noticing agent shall post the Counterparties Cure Notices (as defined below) to the website maintained for the Debtors in these cases.

10. In addition, as soon as practicable, but in any event no later than the Final Mailing Date, the Debtors shall publish the notice of sale (the "Publication Notice") in the national edition of *USA Today* and such trade or other publications of general circulation as the Debtors and the Purchaser shall determine in good faith. Such Publication Notice shall be deemed sufficient and proper notice of the Sale to any other interested parties whose identities are unknown to the Debtors. The text of the Publication Notice, attached hereto as **Exhibit 3**, is approved.

11. The Sale Hearing to approve the sale of the Purchased Assets shall be held on **July 17, 2018 at 11:00 a.m. (Prevailing Eastern Time)**.

12. Objections, if any, to the sale of the Purchased Assets ("Sale Objection") must be filed and with the Clerk of this Court, 824 N. Market Street, 3rd Floor, Wilmington, Delaware, 19801, together with proof of service on or before **July 2, 2018 at 4:00 p.m. (Prevailing Eastern Time)** (the "Sale Objection Deadline") and be served upon: (1) the Debtors, 1500 Whetstone Way, Suite 500, Baltimore, MD 21230, Attn: Kenneth Tarpey (ktarpey@videologygroup.com); (2) counsel to the Debtors, Cole Schotz P.C., 300 E. Lombard Street, Suite 1450, Baltimore, MD 21202, Attn: Irving Walker, Esq., (iwalker@coleschotz.com) and 500 Delaware Avenue, Suite 1410, Wilmington, Delaware 19801, Attn: Patrick J. Reilley, Esq., (preilley@coleschotz.com); (3) financial advisor to the Debtors, Berkeley Research Group, LLC, 2049 Century Park East, Suite 2525, Century City, CA 90067, Attn: Bob Duffy, (bduffy@thinkbrg.com); (4) counsel to the DIP Lender, Arent Fox LLP, 1675 Broadway, New York, New York 10019 Attn: Robert M. Hirsh, Esq. (robert.hirsh@arentfox.com) and Jordana L. Renert, Esq. (jordana.renert@arentfox.com) and Bayard LLP, 600 N. King Street, Suite 400, Wilmington DE 19801 Attn: Justin R. Alberto, Esq. (JAlberto@bayardlaw.com); (5) counsel to

the Purchaser, Goodwin Procter LLP, 3 Embarcadero Center, 28th Floor, San Francisco, CA 94111 Attn: Lawrence M. Chu, Esq. (lawchu@goodwinlaw.com), Alessandra L. Simons, Esq. (asimons@goodwinlaw.com) and Gregory Fox, Esq. (gfox@goodwinlaw.com) and Womble Bond Dickinson (US) LP, 222 Delaware Avenue Suite 1501, Wilmington, DE 19801 Attn: Matthew P. Ward, Esq. (Matthew.Ward@wbd-us.com); (6) proposed counsel to the Committee, Cooley LLP, 1114 Avenue of the Americas, 46th Floor, New York, NY 10036, Attn: Seth Van Aalten, Esq. (svanaalten@cooley.com) and Michael Klein, Esq. (mklein@cooley.com), and Whiteford, Taylor & Preston LLC, The Renaissance Centre, Suite 500, 405 North King Street, Wilmington, DE 19801, Attn: Christopher S. Samis, Esq. (csamis@wtplaw.com) and L. Katherine Good, Esq. (kgood@wtplaw.com); and (7) the Office of the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn: David Buchbinder, Esq. (David.L.Buchbinder@usdoj.gov) (collectively, the "Objection Notice Parties").

13.     Failure to file a Sale Objection on or before the Sale Objection Deadline shall be deemed to be consent for purposes of section 363(f) of the Bankruptcy Code.

## The Auction

14.     If the Debtors, in consultation with the DIP Lender and the Committee, determine that they received one or more Qualified Bids in addition to the bid made by the Purchaser pursuant to the Asset Purchase Agreement, the Debtors shall conduct an auction (the "Auction") with respect to the Purchased Assets. The Auction shall take place on **July 13, 2018 at 10:00 a.m. (prevailing Eastern Time)** at the offices of Cole Schotz P.C., 500 Delaware Avenue, Suite 1410, Wilmington, DE, or such other place as the Debtors shall identify in a notice filed with the Bankruptcy Court at least 24 hours before the Auction, and served on all Qualified Bidders, the Purchaser and its counsel, the DIP Lender and its counsel, the U.S. Trustee, and any creditors

who provide notice in accordance with paragraph 15 below. The Debtors are authorized, subject to the terms of this Order, to take actions reasonably necessary, in the discretion of the Debtors to conduct and implement the Auction.

15. Only the Debtors, the DIP Lender, the Committee, the Purchaser and any other Qualified Bidder, the U.S. Trustee, along with their representatives and counsel, and such other parties as the Debtors shall determine, shall attend the Auction (such attendance to be in person); provided, however, that any creditor may attend (but not participate in) the Auction if they provide the Debtors written notice of their intention to attend the Auction on or before two business days prior to the Auction. Such written notice must be sent to counsel for the Debtors via electronic mail to Irv Walker, Esq. at iwalker@coleschotz.com, G. David Dean, Esq. at ddean@coleschotz.com and Patrick Reilley, Esq. at preilley@coleschotz.com, with copies to (i) counsel for the DIP Lender to Robert Hirsh at Robert.hirsh@arentfox.com and Jordana Renert at jordana.renert@arentfox.com counsel for the Committee to Seth Van Aalten, Esq. at svanaalten@cooley.com and Michael Klein, Esq. at mklein@cooley.com.

16. In addition, only the Purchaser and such other Qualified Bidders will be entitled to make any bids at the Auction. The Debtors and their professionals shall direct and preside over the Auction in consultation with the DIP Lender and the Committee, and the Auction shall be transcribed. The Purchaser (in its capacity as a Qualified Bidder), and each Qualified Bidder participating in the Auction must confirm that it (a) has not engaged in any collusion with respect to the bidding or sale of any of the assets described herein and (b) has reviewed, understands and accepts the Bidding Procedures.

17. Subject to the rights of parties in interest to (i) challenge the Sale or the sale process, (ii) challenge the Debtors' decisions with respect to the sale process, (iii) argue that such

decisions are not governed by the "business judgment" standard, or (iv) enforce such other rights as such parties may have under applicable law, the Debtors may, in consultation with the DIP Lender and the Committee, (I) select, in their business judgment, pursuant to the Bidding Procedures, the highest or otherwise best offer(s) and the Successful Bidder or Bidders, and (II) reject any bid that, in the Debtors' business judgment, is (a) inadequate or insufficient, (b) not in conformity with the requirements of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules or the Bidding Procedures or (c) contrary to the best interests of the Debtors and their estates, creditors, interest holders or parties-in-interest.

18. The Debtors shall file notice of the identity of the Successful Bidder and Back-up Bidder, and the amount of their bids, with the Court by no later than **July 14, 2018 at 5:00 p.m. (prevailing Eastern Time)**. The same day the Debtors shall serve such notice by fax or email to all contract and lease counterparties and to all creditors who have requested the same in writing and provided their fax number or email address, as applicable, to Debtors' counsel on or before that date and time.

19. Notwithstanding anything to the contrary herein, and for the avoidance of doubt, for all purposes under the Bidding Procedures, the Purchaser shall be considered a Qualified Bidder.

20. The failure to specifically include or reference any particular provision, section or article of the Bidding Procedures in this Order shall not diminish or impair the effectiveness of such procedures, it being the intent of this Court that the Bidding Procedures be authorized and approved in their entirety.

### Assumption and Assignment Procedures

21. The Assumption and Assignment Procedures are APPROVED as set forth herein.

22. The Debtors shall serve by first-class mail, postage prepaid on each non-Debtor counterparty to an executory contract and unexpired lease, including without limitation, an Assumed Contract, a cure notice substantially in the form attached hereto as **Exhibit 4** (the "**Counterparties Cure Notice**") that shall (i) state the cure amount that the Debtors believe is necessary to assume each executory contract or unexpired lease, including, without limitation, the Assumed Contracts, pursuant to section 365 of the Bankruptcy Code (the "**Cure Amount**"); (ii) notify the non-Debtor party that such party's contract or lease may be assumed and assigned to a purchaser of the Purchased Assets at the conclusion of the Auction; (iii) state the applicable deadline by which the non-Debtor party must file an objection to the Cure Amount (a "**Cure Amount Objection**"),(iv) notify the non-Debtor party of the deadline by which the non-Debtor party must file an objection to the assumption and assignment of an Assumed Contract to the Purchaser on grounds other than the Cure Amount (a "**Purchaser Assumption Objection**"), (v) notify the non-Debtor party of the deadline by which the non-Debtor party must file an objection to the assumption and assignment of an Assumed Contract to the Successful Bidder (other than the Purchaser) on grounds other than the Cure Amount (a "**Successful Bidder Assumption Objection**" and together with Purchaser Assumption Objections, "**Assumption Objections**") (vi) notify the non-Debtor party that the deadline to file a Sale Objection is the Sale Objection Deadline; and (vii) state the date of the Sale Hearing and that Cure Amount Objections, Assumption Objections, and Sale Objections will be heard at the Sale Hearing, or at a later hearing if so determined by the Debtors in consultation with the Purchaser or the Successful Bidder (as applicable); **provided, however**, that the inclusion of a contract, lease or agreement on the Counterparties Cure Notice shall not constitute an admission that such contract, lease or agreement is an executory contract or unexpired lease or that such contract, lease or agreement

9

will be assumed and assigned to the Purchaser or the Successful Bidder (as applicable). The estates reserve all of their rights, claims and causes of action with respect to the contracts, leases and agreements listed on the Counterparties Cure Notice.

23. Any objection to the Cure Amount must be filed with the Court and served **so as to be received on or before July 2, 2018 at 4:00 p.m. (Prevailing Eastern Time)** (the "Cure Amount Objection Deadline") by the following parties: (1) the Debtors, 1500 Whetstone Way, Suite 500, Baltimore, MD 21230 (Attn: Daniel J. Smith), dsmith@videologygroup.com; (2) counsel for the Debtors, Cole Schotz P.C., 300 E. Lombard Street, Suite 1450, Baltimore, Maryland 21202 (Attn: Irving E. Walker, Esq.), iwalker@coleschotz.com and 500 Delaware Avenue, Suite 1410, Wilmington, Delaware 19801 (Attn: Patrick J. Reilley, Esq.), preilley@coleschotz.com; (3) counsel to the Purchaser, Goodwin Procter LLP, 3 Embarcadero Center, 28th Floor, San Francisco, CA 94111 Attn: Lawrence M. Chu, Esq. (lawchu@goodwinlaw.com),Alessandra L. Simons, Esq. (asimons@goodwinlaw.com) and Gregory Fox, Esq. (gfox@goodwinlaw.com) and Womble Bond Dickinson (US) LP, 222 Delaware Avenue Suite 1501, Wilmington, DE 19801 Attn: Matthew P. Ward, Esq. (Matthew.Ward@wbd-us.com); (4) counsel to the DIP Lender, Arent Fox LLP, 1675 Broadway, New York, New York 10019 Attn: Robert M. Hirsh, Esq. (robert.hirsh@arentfox.com) and Jordana L. Renert, Esq. (jordana.renert@arentfox.com) and Bayard LLP, 600 N. King Street, Suite 400, Wilmington DE 19801 Attn: Justin R. Alberto, Esq. (JAlberto@bayardlaw.com) (5) proposed counsel to the Committee, Cooley LLP, 1114 Avenue of the Americas, 46th Floor, New York, NY 10036, Attn: Seth Van Aalten, Esq. (svanaalten@cooley.com) and Michael Klein, Esq. (mklein@cooley.com), and Whiteford, Taylor & Preston LLC, The Renaissance Centre, Suite 500, 405 North King Street, Wilmington, DE 19801, Attn: Christopher S. Samis,

10

57731/0003-15915158v6

Esq. (csamis@wtplaw.com) and L. Katherine Good, Esq. (kgood@wtplaw.com); and (5) the Office of the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801 Attn: David Buchbinder, Esq. (David.L.Buchbinder@usdoj.gov) (the "<u>Cure Amount Notice Parties</u>"). Any such objection must also (i) state the basis for such objection and (ii) state with specificity what cure amount the party to the Assumed Contract believes is required (in all cases with appropriate documentation in support thereof).

24. Unless a non-Debtor party to any executory contract or unexpired lease, including an unexpired real property lease, files a Cure Amount Objection by the Cure Amount Objection Deadline, then the Cure Amount set forth in the Counterparties Cure Notice shall be binding upon the non-Debtor counterparty to such agreement for all purposes and will constitute a final determination of the Cure Amount required to be paid in connection with the assumption and assignment of such agreement. In addition, all counterparties to the Assumed Contracts who fail to file an objection shall be (i) forever barred from objecting to the Cure Amount and from asserting any additional cure or other amounts with respect to such Assumed Contract, and the Debtors, the Purchaser or the Successful Bidder, as the case may be, shall be entitled to rely solely upon the Cure Amount set forth in the Counterparties Cure Notice, and (b) be forever barred and estopped from asserting or claiming against the Debtors, the Purchaser or the Successful Bidder, as the case may be, or any other assignee of the Assumed Contract that any additional amounts in excess of the amounts set forth in the Cure Notice, are due or defaults exist, or conditions to assumption and assignment must be satisfied with respect to such Assumed Contract.

25. The Debtors may resolve any disputed Cure Amount only with the express written consent of the Purchaser or the Successful Bidder, as the case may be. In the event that the Debtor and the non-Debtor party cannot resolve the Cure Amount, the Debtor shall segregate any disputed Cure Amounts ("**Disputed Cure Amounts**") pending the resolution of any such disputes by the Court or mutual agreement of the parties, with the express consent of the Purchaser or the Successful Bidder, as applicable. In the event that a dispute regarding the Cure Amount with respect to an Assumed Contract (such contract, a "**Disputed Contract**") is determined by an order (the "**Disputed Contract Order**") of the Bankruptcy Court after closing of the sale, the Purchaser or Successful Bidder, as applicable, shall have the option to designated the Disputed Contract as an Excluded Contract (defined below); **provided, however,** that if Purchaser does not designate such Disputed Contract as an Excluded Contract (defined below) within thirty (30) days after the date of the Disputed Contract Order, such Disputed Contract shall automatically be deemed to be an Assumed Contract. For the avoidance of doubt, the Asset Purchase Agreement requires the estate to pay the first $1.4 million of allowed cure claims, with the purchaser paying any amount of such allowed cure claims over $1.4 million.

26. The Debtors shall (a) within 48 hours of receipt of a Qualified Bid from a Bidder (other than the Purchaser) and (b) with respect to the Purchaser, by no later than **June 22, 2018** (the later of (a) and (b), the "**Adequate Assurance Deadline**"), provide the necessary financial information to demonstrate that the Qualified Bidder or Purchaser, as applicable, can provide adequate assurance of future performance under Section 365 of the Bankruptcy Code (the "**Adequate Assurance Information**") to those counterparties to the Assumed Contracts (or their counsel) who have (x) submitted a written request (by e-mail to Debtors' counsel is acceptable) for Adequate Assurance Information and (y) confirmed in writing to the Debtors' counsel (by e-

mail is acceptable) their agreement to keep such Adequate Assurance Information strictly confidential and use it solely for the purpose of evaluating whether a Qualified Bidder or the Purchaser has provided adequate assurance of future performance under the applicable Assumed Contract; **provided, however**, that the Purchaser or Qualified Bidder, as applicable, may require the counterparties to the applicable Assumed Contract to execute confidentiality agreements prior to the remittance of any confidential, non-public information to such counterparty.

27. Any Purchaser Assumption Objections to the provision of adequate assurance of future performance or the assumption and assignment to the Purchaser of an executory contract or unexpired lease, including, without limitation, an Assumed Contract must be filed with the Court and served on the Cure Amount Notice Parties **so as to be received on or before July 2, 2018 at 4:00 p.m. (Prevailing Eastern Time)** (the "Purchaser Assumption Objection Deadline").

28. Successful Bidder Assumption Objections (except cure, which shall be filed by July 2, 2018) regarding the Successful Bidder (other than the Purchaser) of an executory contract or unexpired lease must be filed with the Court and served on the Cure Amount Notice Parties **so as to be received on or before July 16, 2018 at 4:00 p.m. (prevailing Eastern Time)** (the "Successful Bidder Assumption Deadline").

29. Any Assumption Objections must also state the basis therefor. If a non-Debtor party to any executory contract or unexpired lease fails to object to the assumption or assignment and provision of adequate assurance of future performance by the Purchaser Assumption Objection Deadline or the Successful Bidder Assumption Deadline, as applicable, or at the Sale Hearing, as the case may be, such counterparty shall be forever barred from raising any such objection. Assumption Objections may be resolved by the Court at the Sale Hearing, or at a

separate hearing either before the Sale Hearing or after the Sale Hearing. Any counterparty to an executory contract or unexpired lease, including, without limitation, an Assumed Contract, that fails to timely file and serve an Assumption Objection shall be forever barred from disputing the assumption and assignment of such Assumed Contract to the Purchaser or to the Successful Bidder or seeking adequate assurance of future performance.

30. To the extent that a non-Debtor counterparty to an executory contract or unexpired lease, including, without limitation, an Assumed Contract was not provided with a Counterparties Cure Notice (any such contract or lease a "Previously Omitted Contract"), the Debtors will notify the Successful Bidder within three (3) Business Days after the Debtors become aware of the omission. The Debtors shall serve a notice (the "Previously Omitted Contract Notice") to the counterparties to the Previously Omitted Contract indicating the Debtors' intent to assume and assign the Previously Omitted Contract. The counterparties will have fourteen (14) days to object to the Cure Amount or the assumption. If the parties cannot agree on a resolution, the Debtors will seek an expedited hearing before the Court to determine the Cure Amount and approve the assumption. If there is no objection, then the counterparties will be deemed to have consented to the assumption and assignment and the Cure Amount, and such assumption and assignment and the Cure Amount shall be deemed approved by the Sale Order without further order of this Court.

31. Notwithstanding anything to the contrary herein, at any time before the Auction, the Purchaser or any Qualified Bidder who becomes the Successful Bidder, as the case may be, shall have the right to exclude any of the Assumed Contracts from the Purchased Assets (an "Excluded Contract"), and any such Excluded Contract shall constitute an Excluded Asset (as defined in the Asset Purchase Agreement) and shall not constitute, for any purpose whatsoever, a

57731/0003-15915158v6

Purchased Asset; **provided, however,** that any Excluded Contract nevertheless may be assumed and assigned, at the Successful Bidder's (including Purchaser's) written request to Debtors' counsel made no later than the Closing (as defined in the Asset Purchase Agreement) (the "**Subsequently Added Contract**") unless alternative mutual arrangements are made between the Debtors and the Successful Bidder (including Purchaser); and **provided** that any Excluded Contract that does not become a Subsequently Added Contract shall be deemed rejected pursuant to section 365(a) of the Bankruptcy Code effective as of the start of the Auction. Neither the Purchaser nor the Successful Bidder, as applicable, shall incur any liability, obligation, or debt in connection with or related to any such Excluded Contract that constitutes an Excluded Asset.

### Approval of Breakup Fee and Expense Reimbursement

32. The Breakup Fee in an amount equal to $1,100,000 and the Expense Reimbursement (as defined in the Asset Purchase Agreement but in the amount as modified by this Order) for the Purchaser's reasonable and documented out-of-pocket costs and expenses up to a cap of $600,000, and the provisions of the Asset Purchase Agreement relating thereto, are hereby approved. The Debtors are required to pay the Breakup Fee and Expense Reimbursement to the Purchaser to the extent due and payable under the Asset Purchase Agreement. For the avoidance of doubt, the Purchase Price includes the Cash Consideration, plus the Assumed Liabilities, and the amount of Assumed Liabilities do not reduce the Cash Consideration under the Asset Purchase Agreement. In addition, the amounts of the Breakup Fee and the Expense Reimbursement set forth in this Order supersede the amounts set forth in the Asset Purchase Agreement.

33. The Purchaser shall be given credit for the amount of the Breakup Fee and Expense Reimbursement at the Auction when determining the highest and best bid. In no event

shall the Debtors provide bid protections (in the form of a breakup fee, expense reimbursement, or otherwise) to any bidder other than the Purchaser.

34. The Debtors' obligations to pay the Breakup Fee and Expense Reimbursement shall survive termination of the Asset Purchase Agreement and constitute a super-priority administrative expense claim that shall be senior to all other administrative expense claims that may be approved in the Debtors' cases, subject only to the super-priority claims granted in favor of the DIP Lender, and shall be secured by a first priority lien on the Successful Bidder's Deposit posted in accordance with the Bidding Procedures. The Expense Reimbursement and the Break-Up Fee shall be paid by wire transfer of immediately available funds promptly (and in any event no later than two (2) business days) upon the closing of an Alternative Transaction, provided that the Break-Up Fee and Expense Reimbursement shall not be paid to the Purchaser in the event that the Asset Purchase Agreement is terminated due to the Purchaser's breach of the agreement, including by its failure to close the Sale. Provided further that, at the conclusion of the Auction, if the Purchaser is not the Successful Bidder, the Purchaser shall promptly deliver to the Office of the United States Trustee evidence of its out-of-pocket expenses (in the format the Purchaser delivered to the Office of the United States Trustee on June 1, 2018). The Office of the United States Trustee shall raise any objections it may have to the payment of the Expense Reimbursement within one week of the Sale Hearing. If the Office of the United States Trustee raises any objection, the Purchaser shall be paid the undisputed portion of the Expense Reimbursement at the closing of an Alternative Transaction, with the disputed portion remaining in the escrow account in which the Successful Bidder's Deposit is held, and, upon resolution of any such objection, the Purchaser shall be paid such amount as resolved by agreement of the parties or by order of the Court within two (2) business days of such resolution

57731/0003-15915158v6

**Related Relief**

35. The dates set forth on the attached **Schedule A** are hereby approved.

36. Any obligations of the Debtors set forth in the Asset Purchase Agreement that are intended to be performed prior to the Sale Hearing and entry of the Sale Order are authorized as set forth herein.

37. The Debtors are hereby authorized and empowered to take such actions as may be reasonably necessary to implement and effect the terms and requirements established this Order.

38. This Order shall constitute findings of fact and conclusions of law and shall take effect immediately upon execution hereof.

39. This Order shall be binding on the Debtors, including any chapter 7 or chapter 11 trustee or other fiduciary appointed for the estates of the Debtors.

40. Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 6006(d), 7052, 9014 or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry and any waiting or stay period is expressly waived.

41. Notwithstanding anything to the contrary in the Asset Purchase Agreement, this Court shall retain sole, exclusive jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order, including, but not limited to, any matter, claim or dispute arising from or relating to the Asset Purchase Agreement, the Bidding Procedures and the implementation of this Order.

Dated: Wilmington, Delaware
June 5, 2018

THE HONORABLE BRENDAN L. SHANNON
CHIEF UNITED STATES BANKRUPTCY JUDGE