**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Case No. 18-11120 (BLS) |
| Videology, Inc., *et al.*, | ) | (Jointly Administered) |
| | ) | |
| | ) | Hearing: 07/17/18 @ 11:00 a.m. |
| | ) | Objection Deadline: 07/02/18 |
| Debtors. | ) | Re: Docket No. 39, 164, 183 |

**OBJECTION OF CIGNA LIFE INSURANCE COMPANY OF
EUROPE S.A.–N.V. TO DEBTORS' MOTION FOR ORDERS (I) (A) APPROVING
BIDDING PROCEDURES FOR SALE OF SUBSTANTIALLY ALL OF THE
DEBTORS' ASSETS, (B) APPROVING STALKING HORSE AGREEMENT AND
BID PROTECTIONS, (C) SCHEDULING AUCTION FOR, AND HEARING TO
APPROVE, SALE OF SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS,
(D) APPROVING FORM AND MANNTER OF NOTICES OF SALE, AUCTION
AND SALE HEARING, (E) APPROVING ASSUMPTION AND ASSIGNMENT
PROCEDURES AND (F) GRANTING RELATED RELIEF; AND (II)(A) APPROVING
SALE OF DEBTORS' ASSETS FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS
AND ENCUMBRANCES, (B) AUTHORIZING ASSUMPTION AND ASSIGNMENT
OF UNEXPIRED LEASES AND EXECUTORY CONTRACTS,
<u>AND (C) GRANTING RELATED RELIEF</u>**

Cigna Life Insurance Company of Europe S.A.–N.V. ("Cigna"), by and through its undersigned counsel, hereby objects to the *Debtors' Motion for Orders (I) (A) Approving Bidding Procedures for Sale of Substantially All the Debtors' Assets, (B) Approving Stalking Horse Agreement and Bid Protections, (C) Scheduling Auction for, and Hearing to Approve, Sale of Substantially All of the Debtors' Assets, (D) Approving Form and Manner of Notices of Sale, Auction and Sale Hearing, (E) Approving Assumption and Assignment Procedures and (F) Granting Related Relief; and (II)(A) Approving Sale of Debtors' Assets Free and Clear of All Liens, Claims, Interests and Encumbrances, (B) Authorizing Assumption and Assignment of Unexpired Leases and Executory Contracts, and (C) Granting Related Relief* [D.I. 39] ("Sale Motion"). In support of its Objection, Cigna states as follows:

**BACKGROUND**

1.  Cigna and debtor Videology Ltd. are parties to a DentaCare Plan Agreement ("Cigna Policy") pursuant to which Cigna provides ongoing dental insurance and administrative services for Videology Ltd.'s employee benefits program.

2.  On May 14, 2018, the above-captioned debtors ("Debtors"), filed the Sale Motion seeking this Court's approval of the sale of substantially all of their assets ("Sale") pursuant to an Asset Purchase Agreement ("APA") attached to the Sale Motion. The APA sets July 19, 2018 as the deadline for closing on the Sale, but this deadline may be amended by the Stalking Horse Bidder,[1] or under a new APA submitted by another Successful Bidder.

3.  As part of the proposed Sale, the Debtors seek authority to assume and assign certain executory contracts on the effective date of the Sale.

4.  On June 5, 2018, the Court entered the *Order (A) Approving "Stalking Horse" Asset Purchase Agreement; (B) Approving Procedures in Connection With the Sale of All or Substantially All of the Debtors' Assets; (C) Scheduling the Related Auction and Hearing to Consider Approval of Sale; (D) Approving Procedures Related to the Assumption of Certain Executory Contracts and Unexpired Leases; (E) Approving the Form and Manner of Notice Thereof; (F) Approving Breakup Fee and Expense Reimbursement; and (G) Granting Related Relief* [D.I. 164] ("Sale Procedures Order"). The Sale Procedures Order sets the Auction for July 12, 2018, and a hearing on the Sale Motion for July 17, 2018 ("Sale Hearing").

5.  On June 8, 2018, the Debtors filed the *Notice to Counterparties to Executory Contracts and Unexpired Leases of the Debtors that May be Assumed and Assigned* [D.I. 183] ("Cure Notice"). The Cure Notice contains no reference to Cigna or the Cigna Policy. However, the APA permits the Stalking Horse Bidder or any Successful Bidder ("Buyer") to amend the list

---

[1] Capitalized terms not defined herein have the meaning defined in the Sale Motion.

of executory contracts to be assumed and assigned as part of the Sale ("Assumed Contracts"). *See*, APA, § 2.6(a). Further, the Sale Procedures appear to permit the Buyer to add and remove executory contracts from the list of Assumed Contracts up until the closing of the Sale ("Closing"). Sale Procedures Order, ¶ 22, 30, 31. Finally, the Sale Procedures appear to provide for the retroactive rejection[2] of executory contracts that are ultimately excluded ("Excluded Contracts") from the list of Assumed Contracts, effective "as of the start of the Auction." Sale Procedures Order, ¶ 31.

## OBJECTION

6. Cigna objects to any proposed assumption and assignment of the Cigna Policy to the extent that Cigna is not timely provided with sufficient adequate assurance information and to the extent that the proposed cure is inadequate. Additionally, Cigna objects to any proposed retroactive rejection of the Cigna Policy because the Sale Motion fails to provide adequate notice to Cigna (or to Videology Ltd. employees covered under the Cigna Policy) relating to any such proposed rejection.

A.   <u>Adequate Assurance</u>.

7. Section 365(b)(1)(C) of the Bankruptcy Code requires the Debtors to provide adequate assurance of any proposed assignee's future performance ("Adequate Assurance Information") prior to the assumption and assignment of executory contracts. Absent a fair, adequate and timely demonstration of adequate assurance, the Cigna Policy cannot be assumed and assigned.

8. Adequate Assurance Information must be carefully reviewed and evaluated by Cigna in the context of, and consistent with, the terms and functions of the Cigna Policy. Both

---

[2] Neither the title of nor the headings within the Sale Motion suggest that it is a motion seeking retroactive rejection of contracts.

3

Cigna and its counsel will need adequate time prior to any assumption/assignment hearing to complete this review and evaluation.  Additionally, to the extent that any Adequate Assurance Information provided is incomplete or otherwise insufficient, Cigna will need an opportunity to request supplemental information.  Accordingly, unless Cigna and its undersigned counsel are provided with Adequate Assurance Information for the Buyer/proposed assignee at least seven (7) days prior to the Sale Hearing, assumption and assignment of the Cigna Policy to that proposed assignee should not be considered or approved at the Sale Hearing absent Cigna's consent.  Further, to the extent that any Buyer fails to demonstrate adequate assurance of future performance under the Cigna Policy, Cigna objects.

B.      <u>Cure</u>.

9.      If the Debtors seek to assume and assign the Cigna Policy, the Debtors must pay the full cure amount based upon the actual amounts that are due on the date that the Cigna Policy is assumed and assigned by the Debtor.  *See* 11 U.S.C. § 365(b)(1).  As of May 1, 2018, approximately $19,000 was due and owing to Cigna under the Cigna Policy.  Further, amounts due under the Cigna Policy are subject to reconciliation and adjustment based upon, among other things, the continued billing and payment of premiums and eligibility reports submitted by the Debtors.  The Cure amount must be the amount due on the effective date of any assignment.

C.      <u>No Shared Coverage</u>.

10.     Cigna objects to any proposed disposition of the Cigna Policy that would require Cigna to simultaneously provide administrative, insurance or other services under the Cigna Policy to eligible employees of both Videology Ltd. and any Buyer.  Thus, to the extent that the Debtors and any Buyer propose to maintain employee benefits under the Cigna Policy for employees of both Videology Ltd. and a Buyer, Cigna objects.

D.   Retroactive Rejection of Employee Benefits Without Notice.

11.   The Cigna Policy provides ongoing employee benefits to Videology Ltd. employees. These benefits are provided on an ongoing basis from day to day. Presumably, Videology Ltd. employees are aware of that coverage, and believe that such coverage will continue until reasonable, advance notice of coverage termination is provided.

12.   Through the Sale Motion, the Debtors propose that the Cigna Policy (and any other executory contracts) be retroactively rejected to the date of the Auction, with no further notice to Cigna, *if* the Cigna Policy is not added to the list of Assumed Contracts at or before Closing.

13.   The Sale Procedures permit the Buyer to send a Previously Omitted Contract Notice to a party who (like Cigna) was not served within a Counterparties Cure Notice. There is no apparent deadline by which a Previously Omitted Contract can be added to the list of Assumed Contracts. Sale Procedures Order, ¶ 30. Further, even if the Cigna Policy is added to the list of Assumed Contracts, the Sale Procedures permit the Buyer to subsequently "exclude" that contract so that it becomes an Excluded Contract, at any time prior to the Auction. Sale Procedures Order, ¶ 31. Regardless, an Excluded Contract may be added to the Assumed Contracts list by the Debtor upon the Buyer's written request to Debtors' counsel made no later than the Closing. *Id*. No notice of such addition is required.

14.   The result of this mercurial process is that no one will know for sure whether the Cigna Policy is to be assumed and assigned until Closing – whenever that may be. Further, no matter the length of time between the Auction and the Closing, the Debtors propose that the Cigna Policy could be retroactively rejected to the date of the Auction if, as of Closing, it is not deemed an Assumed Contract. Of course, Cigna will have provided employee benefits to

Videology Ltd. employees under the Cigna Policy between the Auction and Closing. This will make retroactive rejection impossible, and will be severely prejudicial to both Cigna and the Videology Ltd. employees who are covered under the Cigna Policy.

WHEREFORE, Cigna respectfully requests that this Court enter an order that: (i) denies any retroactive rejection of the Cigna Policy; (ii) denies any proposed assumption, or assignment of the Cigna Policy, except as consistent with the foregoing; and (ii) grants Cigna such additional relief to Cigna as this Court deems just and equitable.

Dated: June 28, 2018

CONNOLLY GALLAGHER LLP

/s/ Jeffrey C. Wisler
Jeffrey C. Wisler (#2795)
1000 West Street, Suite 1400
Wilmington, DE 19081
Telephone: (302) 757-7300
Facsimile: (302) 658-0380
jwisler@connollygallagher.com

#05398152

Counsel for Cigna Life Insurance Company of Europe S.A.-N.V.