## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | **Chapter 11** |
|  | ) |  |
|  | ) | **Case No. 18-11120 (BLS)** |
|  | ) |  |
| **VIDEOLOGY, INC., et al.,** | ) | **Jointly Administered** |
|  | ) |  |
| Debtors. | ) | Hearing Date: July 17, 2018 at 11:00 AM |
|  | ) | Sale and Assumption Objection Date: July 2, 2018 |
|  | ) | Amended Contract Notice Objection: July 12, 2018 |
|  | ) | Docket Nos. 39, 164, 173, 183 & 265 |

**ORACLE'S LIMITED OBJECTION TO AND RESERVATION OF RIGHTS REGARDING (1) DEBTORS' MOTION FOR ENTRY OF ORDERS (I)(A) APPROVING BIDDING PROCEDURES FOR SALE OF SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS, (B) APPROVING STALKING HORSE AGREEMENT AND BID PROTECTIONS, (C) SCHEDULING AUCTION FOR, AND HEARING TO APPROVE, SALE OF SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS, (D) APPROVING FORM AND MANNER OF NOTICES OF SALE, AUCTION AND SALE HEARING, (E) APPROVING ASSUMPTION AND ASSIGNMENT PROCEDURES AND (F) GRANTING RELATED RELIEF; AND (II)(A) APPROVING SALE OF DEBTORS' ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, INTERESTS AND ENCUMBRANCES, (B) APPROVING ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES AND (C) GRANTING RELATED RELIEF ("SALE MOTION"); AND (2) NOTICE TO COUNTERPARTIES TO EXECUTORY CONTRACTS AND UNEXPIRED LEASES OF THE DEBTORS THAT MAY BE ASSUMED AND ASSIGNED ("ASSUMPTION NOTICE") AND (3) AMENDED NOTICE TO COUNTERPARTIES TO EXECUTORY CONTRACTS AND UNEXPIRED LEASES OF THE DEBTORS THAT MAY BE ASSUMED AND ASSIGNED ("AMENDED NOTICE")**

Oracle America, Inc., on behalf of itself and as successor-in-interest to Netsuite, Inc, Moat, Inc., TimesTen, Inc., AddThis, LLC, Bluekai, Inc., Dynamic Network Services, Inc. and Datalogix, (collectively, "Oracle"), a creditor and contract counter-party in the above-captioned jointly administered Chapter 11 cases, submits this Limited Objection and Reservation of Rights ("Rights Reservation") regarding the Sale Motion, along with the Assumption Notice and Amended Notice (collectively, the "Contract Notices") filed by Videology, Inc., *et al.* ("Debtors").

## I. INTRODUCTION

1. By the Sale Motion and the Contract Notices, the Debtors seek Bankruptcy Court authority to, among other things, assume and assign certain executory contracts between the Debtors and Oracle.

2. Oracle objects to the proposed assumption and assignment as follows:

(a) First, the targeted Oracle agreements are, or pertain to, one or more licenses of intellectual property which are not assignable absent Oracle's consent, pursuant to both the underlying license agreements and applicable law.

(b) Second, the Contract Notices do not provide a complete description of the contracts the Debtors seek to assume and assign, making it difficult for Oracle to accurately assess whether the agreements at issue are executory, supported or expired, all of which may affect assignability.

(c) Third, based on the limited information provided by the Contract Notices, Oracle is unable to determine the accuracy of the Debtors' proposed cure amount.

(d) Finally, the Sale Motion does not provide Oracle with sufficient information to determine whether the purchaser/assignee is capable of performing under the terms of the contracts the Debtors seek to assume and assign.

3. Accordingly, Oracle requests that the Court deny the Sale Motion solely to the extent it seeks authority for the Debtors to assume and assign any Oracle agreements in the absence of Oracle's consent.

## II. FACTUAL BACKGROUND

4. Prior to the commencement of the above-captioned cases, the Debtors and Oracle are parties to integrated executory contracts, relating to the non-exclusive use of Oracle's patented, licensed software and related products, along with provisions for technical support, maintenance, educational materials, and programs, as well as cloud-based services, which Oracle often customizes to meet the Debtors' specific business needs.

5. The above-captioned case was filed on May 10, 2018 ("Petition Date"), and an order directing joint administration was entered on May 11, 2018.

6. On May 14, 2018, the Debtors filed their Sale Motion seeking Court authority to sell substantially all of their assets.

7. The stalking horse bidder is Amobee, Inc. ("Amobee").

8. On June 8, 2018, the Debtors filed the Assumption Notice and on June 28, 2018, the Debtors filed the Amended Notice.

9. Exhibit "A" to the Assumption Notice identifies six agreements between Oracle and the Debtors[1].

10. The six Oracle agreements in the Amended Notice are described as follows:

| Debtor | Counterparty | Contract Type | Contract Title | Cure Amount |
|---|---|---|---|---|
| Videology, Inc. | AddThis (Oracle) | Data | Date Licensing Agreement | $3,814.79 |
| Videology, Inc. | BlueKai, Inc. (Oracle) | Data | Data Use Agreement | $240,030.14 |
| Videology, Inc. | DataLogix (Oracle) | License | Channel Partner Agreement | $0.00 |
| Videology, Inc. | Dynamic Network Services (DYN) | Other | | $0.00 |
| Videology, Inc. | Netsuite | Platform | Subscription Services Agreement | $0.00 |
| Videology, Inc. | Oracle | | | $41,250.00 |

The contracts referenced above in the Amended Notice are referred to herein as the "Oracle Agreements."

### III. ARGUMENT

**A. The Debtors May Not Assume And Assign The Oracle Agreements Absent Oracle's Consent Because They Pertain To One Or More Licenses Of Intellectual Property.**

11. Section 365(c) of the Bankruptcy Code provides, in relevant part:

> The trustee may not assume or assign any executory contract ... of the debtor ... if (1)(A) applicable law excuses a party, other than the debtor, to such contract or lease from accepting performance from or rendering performance to an entity other than the debtor ..., whether or not such contract or lease prohibits or restricts assignment of rights or delegation of duties; and (B) such party

---

[1] The original Assumption Notice had listed seven agreements as between Debtors and Oracle, but the Amended Notice corrected one of the listed agreements. Specifically, the Assumption Notice had originally listed one of the Agreements as "Exelate, Inc. (Oracle)" and the Amended Notice correctly lists "Exelate, Inc. (Neilsen)."

3

does not consent to such assumption or assignment.

12. Federal law makes non-exclusive intellectual property licenses non-assignable absent consent of the licensor. *See In re Catapult Entertainment, Inc.*, 165 F.3d 747 (9th Cir. 1999), *cert. dismissed*, 528 U.S. 924 (1999) (patent law renders non-exclusive patent licenses personal and non-assignable under Bankruptcy Code § 365(c)(1)); *see also In re Trump Entm't Resorts, Inc.*, 526 B.R. 116, 126 (Bankr. D. Del. 2015) ("Non-exclusive patent and copyright licenses create only personal and not property rights in the licensed intellectual property and so are not assignable.").

13. The Oracle Agreements referenced in the Contract Notices are, or pertain to, non-exclusive licenses of copyrighted software.

14. Therefore, pursuant to Bankruptcy Code section 365, the Debtors may not assume and assign the Oracle Agreements without Oracle's consent.

15. For the reasons discussed herein, Oracle does not, at this time, consent to the Debtors' proposed assumption and assignment.

16. In addition, the Proposed Sale Order submitted with the Sale Motion requests a blanket determination by the Court that any anti-assignment provision in contracts to be assumed and assigned are void and of no force and effect.

17. Specifically, Paragraph 20 of the Proposed Sale Order states:

> "Any provision in any Purchased Contract that prohibits or conditions the assignment of such Purchased Contract … constitute unenforceable anti-assignment provisions that are void and of no force and effect pursuant to Section 365 (f) of the Bankruptcy Code."

18. Oracle objects to the Debtors' requested blanket finding because, as discussed above, the Oracle Agreements involve non-exclusive licenses of copyrighted software, which are non-assignable absent Oracle's consent.

19. Because Bankruptcy Code section 365 and applicable law expressly preserve Oracle's right to consent to any assignment of its license agreements, the Debtors may not unilaterally nullify the anti-assignment provisions of the Oracle Agreements.

20. Accordingly, Oracle requests that the Debtors be denied this blanket authorization, solely to the extent it would allow them unilaterally to assume and assign, or transfer, the Oracle Agreements.

### B. The Debtors Have Not Adequately Identified The Oracle Agreements To Be Assumed and Assigned.

21. The Oracle contract descriptions provided in the Contract Notices are incomplete, and only generally describe the contracts at issue.

22. Without more specific information, Oracle is unable to determine which agreements the Debtors seek to assume and assign.

23. In addition, no underlying support agreements are identified. It is impermissible for the Debtors to segregate the underlying Oracle license agreement from the corresponding support and any payment agreement for purposes of assumption and assignment, if that is the Debtors' intention. *See, e.g., In re Interstate Bakeries Corporation*, 751 F.3d 955, 963 (8th Cir. 2014); *In re Buffets Holdings*, 387 B.R. 115 (Bankr. D. Del. 2008).

24. Furthermore, there are other agreements with

25. To clarify which Oracle contracts the Debtors seek to assume and assign, Oracle requests that, with respect to each such agreement, the Debtors specify the contract (a) name; (b) identification number; (c) any associated support or support renewals; and (d) the governing license agreement.

26. This information will enable Oracle to evaluate whether the Oracle Agreements proposed for assumption and assignment are assignable, whether they are supported, expired or in default, and, if in payment default, the appropriate cure amount.

27. Additionally, this information will allow Oracle to assess whether Oracle may accept performance from an entity other than the Debtors.

28. Oracle reserves its right to be heard on this issue until after the Oracle contracts the Debtors seek to assume and assign are identified with greater specificity.

**C.  The Debtors May Not Have Provided The Correct Cure Amount.**

29. Before assuming and assigning any executory contract, the Debtors must cure (or provide adequate assurance of a prompt cure of) any default under the subject contracts. 11 U.S.C. § 365(b)(1).

30. Although the Debtors have stated a cure amount, which according to Oracle's records is incorrect. Oracle submits that, at a minimum, the Debtors owe a cure of, at least, $374,134.90.

31. Further, the discrepancy may arise due to the fact that the Debtors have failed to adequately describe the Oracle Agreements they seek to assume and assign with sufficient particularity for Oracle to identify which agreements are at issue, and thereby confirm the corresponding cure amount.

32. As discussed above, Oracle needs more information about which Oracle agreement(s) may be assumed and assigned, in order to confirm the correct cure amount.

33. Therefore, Oracle reserves its right to be heard further regarding the cure amount until the contracts the Debtors seek to assume and assign are identified with enough specificity to allow Oracle to determine the correct cure.

**D.  The Debtors Have Not Provided Adequate Assurance of Future Performance By the Assignee.**

34. Before assuming and assigning any executory contract, the Debtors must provide adequate assurance of future performance. 11 U.S.C. § 365(b)(1).

35. The stalking horse bidder is Amobee. However, an auction is scheduled for July 13, 2018, <u>after</u> objections to the Sale Motion and Contract Notices are due.[2]

36. To satisfy 11 U.S.C. § 365(b), Oracle requests that the Debtors provide the following information about the purchaser or the ultimate assignee: (a) financial bona fides; (b) confirmation that the purchaser is not an Oracle competitor; and (c) confirmation that the ultimate assignee will (i) execute an Oracle Assignment Agreement and related documentation which identifies with specificity the Oracle executory contract(s) to be assigned; and, if appropriate, (ii) enter into an Oracle Master License Agreement.

37. Absent these assurances, Oracle cannot determine the proposed assignee's creditworthiness, its suitability as an Oracle customer, or its ability to adequately perform the terms of the Oracle Agreements.

38. Until the information described above is provided, the Debtors have not complied with the requirements of section 365(b)(1)(C) and the Sale Motion and Assumption Notice must be denied, solely to the extent they seek to authorize the Debtors to assume and assign the Oracle Agreements.

## IV. **CONCLUSION**

39. For the reasons set forth above, Oracle respectfully requests that the Court deny approval of the Sale Motion and the Assumption Notice, solely to the extent that they seek to authorize the Debtors to assume and assign the Oracle Agreements.

40. Oracle reserves its right to be heard on all issues set forth herein.

---

[2] Oracle is aware that pursuant to the Contract Notices, contract counterparties may object to adequate assurance at the sale hearing if the purchaser is someone other than Amobee. However, in order to save duplicate filings, Oracle incorporates its objection to adequate assurance here and reserves its rights to be heard on this point.

Dated: July 2, 2018
      Wilmington, Delaware

**MARGOLIS EDELSTEIN**

By:    /s/ James E. Huggett
      James E. Huggett, Esq. (#3956)
300 Delaware Avenue, Suite 800
Wilmington, Delaware 19801
Telephone:   (302) 888-1112

Amish R. Doshi, Esq.
**DOSHI LEGAL GROUP, P.C.**
1979 Marcus Avenue, Suite 210E
Lake Success, NY 11042
Tel: (516) 622-2335

Deborah Miller, Esq.
Benjamin Wheeler, Esq.
**ORACLE AMERICA, INC.**
500 Oracle Parkway
Redwood City, California 94065
Telephone: (650) 506-5200

**Attorneys for Oracle America, Inc.**