**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>VIDEOLOGY, INC., et. al.[1]<br><br>Debtors. | ) Chapter 11<br>)<br>) Case No. 18-11120 (BLS)<br>)<br>) (Jointly Administered)<br>)<br>) **Related D.I. 39, 183 & 265** |

**LIMITED OBJECTION AND RESERVATION OF RIGHTS OF
SALESFORCE.COM, INC. TO THE POSSIBLE ASSUMPTION AND
ASSIGNMENT OF EXECUTORY CONTRACTS**

salesforce.com, Inc. ("Salesforce"), by and through its undersigned counsel, hereby files its limited objection and reservation of rights (the "Limited Objection") to the proposed assumption and assignment by Videology, Inc. and the affiliated above-captioned Debtors (collectively, the "Debtors") of the Salesforce Contract (as hereinafter defined) pursuant to a motion (the "Sale Motion") seeking entry of an order that, among other things, sets a date for the Auction[2] of certain assets, approves the sale of such assets to the prevailing bidder at the Auction (the "Sale"), and approves the assumption and assignment of certain executory contracts and unexpired leases.[3]

---

[1] The Debtors in these cases, along with the last four digits of each Debtors' federal tax identification number, are: Videology, Inc. (2191), Collider Media, Inc. (8602), Videology Media Technologies, LLC (6243), LucidMedia Networks, Inc. (8566), and Videology, Ltd., a company organized under the laws of England and Wales. The address of the Debtors' corporate headquarters is 1500 Whetstone Way, Suite 500, Baltimore, MD 21230.

[2] Capitalized terms used in this Limited Objection, but which are not defined herein, shall have the meanings ascribed to them in the Ramirez Declaration filed concurrently herewith unless otherwise specifically stated herein.

[3] *See Motion for Orders (I)(A) Approving Bidding Procedures for Sale of Substantially All of the Debtors' Assets, (B) Approving Stalking Horse Agreement and Bid Protections, (C) Scheduling Auction for, and Hearing to Approve, Sale of Substantially All of the Debtors' Assets, (D) Approving Form and Manner of Notices of Sale, Auction and Sale Hearing, (E) Approving Assumption and Assignment Procedures and (F) Granting Related Relief and (II)(A) Approving Sale of Debtors' Assets Free and Clear of Liens, Claims, Interests and Encumbrances, (B) Authorizing Assumption and Assignment of Unexpired Leases and Executory Contracts, and (C) Granting Related Relief* [ECF 39].

{01339749;v1 }

**SUMMARY OF RELIEF SOUGHT**

Salesforce seeks the entry of an order (the "Assumption Order") that includes the following relief and protections of Salesforce's interests:

      A.    Sets forth findings of fact and conclusions of law that state: (1) the *Master Subscription Agreement*, dated December 28, 2012 (the "MSA") is the same agreement as the *Master Services Agreement* identified on the *Cure Notice*[4] and *Amended Cure Notice*[5] as one of the executory contracts and unexpired leases (individually, an "Assumed Contract" and, collectively, the "Assumed Contracts") that may be assumed and assigned pursuant to the Sale Motion; (2) the MSA and certain service orders (the "Orders" and, together with the MSA, the "Salesforce Contract")[6] constitute a single integrated executory contract for purposes of assumption and assignment pursuant to 11 U.S.C. §365; (3) the Services (as hereinafter identified) are provided by Salesforce to the Debtors pursuant to the Salesforce Contract; (4) the aggregate monetary default that has accrued, and remains due and owing but unpaid as of this date, with respect to the Services provided by Salesforce pursuant to the Salesforce Contract is not less than US$83,152.50, and additional amounts will accrue from this date through the date the Assumption Order becomes effective (the "Salesforce Cure Amount");[7] and (5) from and after this date through the expiration of the Salesforce Contract, the additional amount of not less than US$78,055.50 (the "Future Revenues") will come due and owing with respect to Services.[8]

---

[4] *See Notice to Counterparties to Executory Contracts and Unexpired Leases of the Debtors that May be Assumed and Assigned* [ECF 183].

[5] *See Amended Notice to Counterparties to Executory Contracts and Unexpired Leases of the Debtors that May be Assumed and Assigned* [ECF 265].

[6] For a description of the specific agreements and orders being assumed, *see* ¶¶7 and 8 of the *Declaration of Kevin Ramirez In Support of The Limited Objection and Reservation of Rights of Salesforce.Com, Inc. Related to The Proposed Assumption of Certain Executory Contracts* filed concurrently herewith.

[7] *See* Ramirez Declaration at ¶13.

[8] *See* Ramirez Declaration at ¶14.

{01339749;v1 }

B. Orders the Debtors to pay to Salesforce, in satisfaction of the Salesforce Cure Amount, not less than US$ **83,152.50** to cure the monetary default that has accrued, and remains due and owing but unpaid as of this date, plus such additional amounts as accrue prior to Assumption Order becoming effective;

C. Approves the assignment of the Salesforce Contract only upon (1) the Debtors' payment, in full, of the Salesforce Cure Amount, and (2) the submission of admissible evidence by the prospective assignee of the Salesforce Contract that provides adequate assurance that this specific assignee is capable and willing to fully perform all terms and conditions of the Salesforce Contract including, without limitation, the ability to pay all Future Revenues that will come due and owing pursuant to such contract after its assumption and assignment;

D. Approves the Reservation of Rights (as hereinafter defined) with respect to Salesforce's rights, title, interests, claims, counterclaims, rights of setoff and recoupment and/or defenses of Salesforce pertaining to any Excluded Contract (as hereinafter defined); and,

E. Grants such other relief as may be just and proper. The Limited Objection is based on the matters set forth herein, the *Declaration of Kevin Ramirez In Support of Limited Objection and Reservation Of Rights Of Salesforce.Com, Inc. to the Possible Assumption and Assignment Of Executory Contracts* (the "Ramirez Declaration") filed in support hereof, the files and the records in this case, and such other and further evidence as may be submitted at or before the trial on this matter.

Salesforce requests that the Court take judicial notice of the pleadings filed in this case and the facts set forth in the Court's orders, findings of fact and conclusions of law pursuant to Rule 201 of the Federal Rules of Evidence (as incorporated by Rule 9017 of the Federal Rules of Bankruptcy Procedure).

**BACKGROUND**

1. Salesforce is a Delaware corporation and, among other activities, it provides on-demand customer relationship management and software application services (collectively, the "Salesforce Services") to Salesforce's business customers. (individually, a "Salesforce Customer" and, collectively, "Salesforce Customers"). *See* Ramirez Declaration at ¶2.

2. On December 30, 2015, Videology, Inc. entered into those certain Order Forms listed below (the "Orders") whereby (a) the Videology, Inc. ordered Services from Salesforce and became obligated to pay the aggregate full contract amount for the Services, and Salesforce became obligated to provide the Services. *See* Ramirez Declaration at ¶7.

| Order No. | Order Date | Term |
|---|---|---|
| Q-01540983 | 1/2/2018 | 1/2/18 to 12/31/18 |
| Q-00393232 | 12/30/15 (yearly auto-renew) | 1/1/18 to 12/31/18 |
| Q-01002630 | 1/31/2017 | 1/31/17 to 1/30/20 |

3. The terms and conditions applicable to the Services that are subject to the Salesforce Orders are set forth in the MSA. A copy of the Salesforce Contract (including the MSA) is not attached to the Ramirez Declaration due to the confidentiality provisions contained within the Salesforce Contract. However, a copy may be made available to the Debtors and the Committee in the event any response is filed to this Limited Objection. *See* Ramirez Declaration at ¶8.

4. On May 10, 2018 (the "Petition Date"), Videology, Inc., and each of the above-captioned debtors (collectively, the "Debtors") filed their individual, voluntary petitions in the above-captioned Court seeking relief under Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

5. On May 14, 2018, the Debtors filed the Sale Motion seeking, among other things, sale of certain assets and the assumption of certain executory contracts and unexpired

leases.

6.      On June 5, 2018, the Court entered its order approving certain procedures governing, among other things, the assumption and assignment of executory contracts and unexpired leases and determining the amounts that must be cured with respect to each executory contract or unexpired lease to be assumed (the "Sale Procedure Order").[9]

7.      On June 8, 2018, the Debtors filed their initial Cure Notice identifying (i) the Assumed Contracts that it may assume and assign in conjunction with the pending Sale and (ii) the monetary defaults (the "Cure Amounts") with respect to such contracts and leases that it contends must be cured as a condition of assuming a specific Assumed Contract. On June 28, 2018, the Debtors filed their *Amended Cure Notice* identifying (i) certain revisions in the identification of specific Assumed Contracts, and/or the exclusion or inclusion of certain Assumed Contracts, from the potentially assumable and assignable contracts and (ii) the Cure Amounts that it asserts must be paid with respect to some of the Assumed Contracts. With respect to Salesforce, both the Cure Notice and the Amended Cure Notice identifies the following Assumed Contract and related Cure Amount:

| Debtor | Counterparty | Contract Type | Description/Title | Cure Amount |
|---|---|---|---|---|
| Videology, Inc. | salesforce.com, inc.. | Platform | Master Service Agreement | 0.00 |

9.      Based on Salesforce's review of its books and records pertinent to the Debtors' account, it asserts that (a) the Debtors (including, without limitation, Videology, Inc.) have failed to pay all Fees due and owing pursuant to the Salesforce Contract, and (b) more specifically, as of this date, not less than US$ 83,152.50, *ie*, the Salesforce Cure Amount, is due and owing to Salesforce pursuant to the Salesforce Contract. *See* Ramirez Declaration at ¶13. Additionally, $78,055.50, will become due and owing for services to be

---

[9] *See Order (A) Approving Bidding Procedures for Sale of Substantially All of the Debtors' Assets, (B) Approving Stalking Horse Agreement and Bid Protections, (C) Scheduling Auction for, and Hearing to Approve, Sale of Substantially All of the Debtors' Assets, (D) Approving Form and Manner of Notices of Sale, Auction and Sale Hearing, (E) Approving Assumption and Assignment Procedures and (F) Granting Related Relief* [ECF 164]
{01339749;v1 }

provided through the end of the term of the contract. *Id.* at ¶14. A summary of the Salesforce Cure Amount is set forth below.

| Invoice No. | Date | Service Period | Balance | Pre-petition | Post-petition (Accrued) | Remaining Exposure |
|---|---|---|---|---|---|---|
| 12034438 | 1/2/2018 | 1/2/18 to 3/31/18 | $ 297.00 | $ 297.00 | | |
| 12359948 | 3/2/2018 | 4/1/18 to 6/30/18 | $ 4,800.00 | $ 2,057.14 | $ 2,742.86 | |
| 12817752 | 6/1/2018 | 7/1/18 to 9/30/18 | $ 4,800.00 | | $ 4,800.00 | |
| 12027484 | 1/1/2018 | 1/31/18 to 1/30/19 | $ 73,255.50 | $ 19,869.30 | $ 53,386.20 | |
| | | **Salesforce Cure Amount:** | **$ 83,152.50** | **$ 22,223.44** | **$ 60,929.06** | **$ -** |
| 12911788 | 6/22/2018 | 10/1/18 to 12/31/18 | $ 4,800.00 | | | $ 4,800.00 |
| 12911811 | 6/22/2018 | 1/31/19 to 1/30/20 | $ 73,255.50 | | | $ 73,255.50 |
| | | **Remaining Payments:** | **$ 78,055.50** | **$ -** | **$ -** | **$ 78,055.50** |

Copies of the Invoices are not attached hereto due to the confidentiality provisions contained within the Salesforce Contract. However, subject to entry of a protective order if appropriate, copies of the Invoices will be made available to the Debtors (and such other persons as the Court may designate) upon request.

## GROUNDS FOR THE RELIEF REQUESTED

### All Defaults Under An Assumed Contract Must Be Cured

10.     Pursuant to the U.S. Bankruptcy Code, a debtor in possession (or trustee) is prohibited from assuming an executory contract or unexpired leases unless it cures all monetary defaults in full – including all monetary defaults that arise both pre-petition and post-petition. *See* 11 U.S.C. §365(b)(1)(A); *In re Kiwi Intern. Air Lines, Inc.*, 344 F.3d 311, 318 (3rd Cir. 2003) ("Once an assumption order is entered, the creditor must perform in accordance with the terms of the assumed agreements. . . In other words, the debtor must cure all defaults, assure future performance, and make the other contracting party whole before it may be permitted to assume the agreement."); *In re Columbia Gas System Inc.,* 50 F.3d 233, 238–39 (3d Cir.1995) ("the Bankruptcy Code provides that the cost of performing the debtor's obligations is an administrative expense of the estate. . . ."); *accord, Stoltz v.*

{01339749;v1 }

*Brattleboro Housing Authority,* 315 F.3d 80, 94 (2nd Cir. 2002). "The other party to the contract or lease that the [debtor in possession or] trustee proposes to assume is entitled to insist that any defaults, whenever they may have occurred, be cured, that appropriate compensation be provided, and that, a past default having occurred, adequate assurance of future performance is available." 3 COLLIERS ON BANKRUPTCY § 365.05[2] (Alan N. Resnick & Henry J. Sommer eds., 15th ed. rev. 2008). These conditions "protect[t] the creditor's pecuniary interests before requiring a creditor to continue a contractual relationship with a debtor." *Stoltz, supra.*

11.     The Debtors' unsupported contention here simply is that no monetary default exists – that is, the Cure Amount is $0.00. In contrast, evidence submitted by Salesforce establishes that, as of this date, not less than US$ 83,152.50 (*i.e.*, the Salesforce Cure Amount) is due and owing, but unpaid, pursuant to the Salesforce Contract. *See* Ramirez Declaration at ¶13. Accordingly, based on the evidence before the Court, the Debtors are obligated to cure this monetary default in full – that is, not less than US$ 83,152.50 -- as a condition of assumption of the Salesforce Contract pursuant to 11 U.S.C. §365(b)(1)(A).

## Assignment of the Executory Contract And Unexpired Lease

12.     The Bankruptcy Code permits assignment of an unexpired executory contract or unexpired lease only if (A) the debtor in possession or trustee assumes the contract or lease in accordance with 11 U.S.C. §365(b)(1), and (B) the assignee provides adequate assurance of future performance of such contract or lease, whether or not there has been a default in such contract or lease. *See* 11 U.S.C. §365(f)(1), (2)(A) and (B); *In re Fleming Companies, Inc.*, 499 F.3d 300, 305 (3d Cir. 2007) (assignment denied where the prospective assignee cannot perform a material and significant term of the agreement). *Accord, In re Kiwi Int'l Air Lines, Inc.,* 344 F.3d 311, 318 (3rd Cir. 2003); *Cinicola v. Scharffenberger*, 248 F.3d 110, 120 (3d Cir. 2001); *In re Joshua Slocum Limited*, 922 F.2d 1081, 1091 (3rd Cir.

1990).

13. Determining whether an assignee has provided adequate assurance of its ability to perform the contract in the future "must be determined by consideration of the facts of the proposed assumption." *In re Fleming Companies, Inc.*, 499 F.3d at 307 *quoting Cinicola,* 248 F.3d at 120 n. 10. "Adequate assurance of future performance' are not words of art; the legislative history of the [Bankruptcy] Code shows that they were intended to be given a practical, pragmatic construction...." *Id.*

14. Adequate assurance of future performance has to be provided before an assignment may be authorized even if the executory contract at issue is not in default (*e.g.*, a monetary default has been cured as a condition of assumption pursuant to 11 U.S.C. §365(b)(1)).  *See In re Fleming Companies, Inc*., 499 F.3d at 305); In *re Joshua Slocum Limited*, 922 F.2d at 1091.

15. Additionally, the non-debtor counterparty to the executory contract that may be assumed and assigned is entitled to notice of the identity of the actual assignee and to demand adequate assurance of future performance by that specific assignee. *In re Golden Books Family Entertainment, Inc.*, 269 B.R. 300 (Bankr. D. Del. 2001).

16. Here, Salesforce does not object to assignment of the Salesforce Contract to the Stalking Horse Bidder.  However, if the Court approves the Sale to another bidder (the "New Purchaser") and the Debtors propose to assume the Salesforce Contract and assign it to the New Purchaser, Salesforce submits that the Court must require the proposed -- and actual -- assignee to present admissible evidence providing adequate assurance of its ability to fully perform all terms and conditions of the Salesforce Contract including, without limitation, the ability to pay the Future Revenues pursuant according to the terms and conditions of that contract.

**RESERVATION OF RIGHTS**

17.     Salesforce does not object to assumption of the Salesforce Contract provided the Assumption Order requires payment of the Salesforce Cure Amount (plus all amounts that accrue from this date through the effective date of the Assumption Order) in full and includes the other relief requested by this Limited Objection.

18.     However, with respect to any and all other executory contracts and/or unexpired leases to which it is a counterparty (individually, an "Excluded Contract") and, collectively, the "Excluded Contracts") other than the Salesforce Contract, Salesforce hereby expressly reserves (the "Reservation of Rights") all rights, interests, claims, counterclaims, rights of setoff and recoupment and/or defenses pertaining to any or all Excluded Contracts including, without limitation, (a) the right to object to the assumption and/or assignment by the Debtors of any such Excluded Contract, (b) the right to payment of all monetary defaults that exist with respect to each such Excluded Contract, and/or (c) the right to have the assignment of any such Excluded Contract specifically conditioned on the Court finding, based on competent evidence, that the actual, proposed assignee of such contract is capable of performing all terms and conditions of such Excluded Contract including, without limitation, payment of all amounts that will come due and owing subsequent to any such assignment.

WHEREFORE, if the Court determines to approve assumption of the Salesforce Contract, Salesforce requests that the Assumption Order include the following relief and protections of Salesforce's interests:

A.     Sets forth findings of fact and conclusions of law that state: (1) the *Master Subscription Agreement*, dated December 28, 2012 is the same agreement as the "*Master Services Agreement*" identified on the *Cure Notice* and *Amended Cure Notice* as one of the Assumed Contracts that may be assumed and assigned pursuant to the Sale Motion; (2) the Salesforce Contract constitutes a single integrated executory contract for purposes of

assumption and assignment pursuant to 11 U.S.C. §365; (3) the Services are provided by Salesforce to the Debtors pursuant to the Salesforce Contract; (4) the Salesforce Cure Amount that has accrued, and remains due and owing pursuant to the Salesforce Contract is not less than US$83,152.50, plus all additional amounts that accrue from the entry of the Assumption Order through the date such order becomes effective; and (5) from and after this date through the expiration of the Salesforce Contract, the Future Revenues of not less than $78,055.50 will be due and owing with respect to Services pursuant to the such contract;

  B. Orders the Debtors to pay to Salesforce, in satisfaction of the Salesforce Cure Amount, not less than US$ **83,152.50** to cure the monetary default that has accrued, and remains due and owing but unpaid to date, plus such additional amounts as accrue prior to Assumption Order becoming effective;

  C. Approves the assignment of the Salesforce Contract only upon (1) the Debtors payment of the Salesforce Cure Amount in full and (2) the submission of admissible evidence by the prospective assignee of the Salesforce Contract that provides adequate assurance that this specific assignee is capable and willing to fully perform all terms and conditions of the Salesforce Contract including, without limitation, the ability to pay all <u>Future Revenues</u> that will come due and owing pursuant to such contract after its assumption and assignment;

  D. Approves the Reservation at it pertains to any Excluded Contract; and

  E. Grants such other relief as may be just and proper.

| | |
|---|---|
| Dated: July 2, 2018 | ASHBY & GEDDES, P.A. |
| | */s/ Ricardo Palacio* |
| | Ricardo Palacio (#3765) |
| | 500 Delaware Avenue, 8th Floor |
| | P.O. Box 1150 |
| | Wilmington, DE 19899 |
| | Telephone: (302) 654-1888 |
| | Facsimile: (302) 654-2067 |
| | E-mail: rpalacio@ashby-geddes.com |
| | |
| | -and- |
| | |
| | BIALSON, BERGEN & SCHWAB, |
| | A Professional Corporation |
| | |
| | Thomas M. Gaa, Esq. |
| | 2600 El Camino Real, Suite 300 |
| | Palo Alto, CA 94306 |
| | Telephone: (650) 857-9500 |
| | Fax: (650) 494-2738 |
| | E-mail: Tgaa@bbslaw.com |
| | |
| | *Attorneys for Creditor Salesforce.com, Inc.* |