IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| VIDEOLOGY, INC., et. al.[1] | ) Case No. 18-11120 (BLS) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) **Related D.I. 39, 183 & 265** |

**LIMITED OBJECTION AND RESERVATION OF RIGHTS OF OATH INC.
AND OATH HOLDINGS INC. TO THE POSSIBLE ASSUMPTION AND
ASSIGNMENT OF EXECUTORY CONTRACTS**

Oath Holdings Inc. ("Oath Holdings") and Oath Inc. ("Oath Inc." and, together with Oath Holdings, hereinafter, collectively referred to as "OATH"), by and through its undersigned counsel, hereby files its limited objection and reservation of rights (the "Limited Objection") to the proposed assumption and assignment by Videology, Inc. and the affiliated above-captioned Debtors (collectively, the "Debtors") of the OATH Contracts (as hereinafter defined) pursuant to a motion (the "Sale Motion") seeking entry of an order that, among other things, sets a date for the Auction[2] of certain assets, approves the sale of such assets to the prevailing bidder at the Auction (the "Sale"), and approves the assumption and assignment of certain executory contracts and unexpired leases.[3]

---

[1] The Debtors in these cases, along with the last four digits of each Debtors' federal tax identification number, are: Videology, Inc. (2191), Collider Media, Inc. (8602), Videology Media Technologies, LLC (6243), LucidMedia Networks, Inc. (8566), and Videology, Ltd., a company organized under the laws of England and Wales.

[2] Capitalized terms used in this Limited Objection, but which are not defined herein, shall have the meanings ascribed to them in the *Declaration of Jerry Jacek In Support of Limited Objection and Reservation Of Rights Of OATH.Com, Inc. to the Possible Assumption and Assignment of Executory Contracts* (the "Jacek Declaration") at ¶¶ 8-14 filed concurrently herewith unless otherwise specifically stated herein.

[3] *See Motion for Orders (I)(A) Approving Bidding Procedures for Sale of Substantially All of the Debtors' Assets, (B) Approving Stalking Horse Agreement and Bid Protections, (C) Scheduling Auction for, and Hearing to Approve, Sale of Substantially All of the Debtors' Assets, (D) Approving Form and Manner of Notices of Sale, Auction and Sale Hearing, (E) Approving Assumption and Assignment Procedures and (F) Granting Related Relief and (II)(A) Approving Sale of Debtors' Assets Free and Clear of Liens, Claims, Interests and Encumbrances, (B) Authorizing Assumption and Assignment of Unexpired Leases and Executory Contracts, and (C) Granting Related Relief* [ECF 39].

**SUMMARY OF RELIEF SOUGHT**

OATH does not object, *per se,* to the assumption of the OATH Contracts (as identified hereinafter) *provided* that the OATH Cure Amount (as identified below) is satisfied in full and certain other protections of its interests are included in the order (the "Assumption Order") approving assumption of the OATH Contracts.

More specifically, OATH requests that the Assumption Order include the following relief and protections of its interests:

      A.    Set forth findings of fact and conclusions of law that state: (1) the Adap.tv Agreement, the MM Agreement, the Brightroll Agreement, and the Yahoo Agreement (collectively, the "Oath Inc. Contracts") and (2) the AOL UK Limited Agreement (the Oath Holdings Contracts" and, together with the Oath Inc. Contracts, the "OATH Contracts")[4] are the same agreements identified on the *Cure Notice*[5] and *Amended Cure Notice*[6] as among the executory contracts and unexpired leases (individually, an "Assumed Contract" and, collectively, the "Assumed Contracts") that may be assumed and assigned pursuant to the Sale Motion; (2) each of the OATH Contracts constitute a single integrated executory contract for purposes of assumption and assignment pursuant to 11 U.S.C. §365; (3) the Services (as hereinafter identified) are provided by OATH to the Debtors pursuant to the specific OATH Contracts; (4) subject to the Parties' agreed upon reconciliation, the aggregate monetary defaults that have accrued, and remain due and owing but unpaid (as of this date) with respect to the Services provided pursuant to the OATH Contracts, are not less than (a) **US$ 1,723,451.38** with respect to the Oath Inc. Contracts and (b) **GBP 252,000.75** with respect to the Oath Holding Contracts, plus such additional amounts as accrue prior to the Assumption Order becoming effective (collectively, the

---

[4] For a complete description of the OATH Contracts, *see* Jacek Declaration at ¶¶ 8-14.

[5] *See Notice to Counterparties to Executory Contracts and Unexpired Leases of the Debtors that May be Assumed and Assigned* [ECF 183].

[6] *See Amended Notice to Counterparties to Executory Contracts and Unexpired Leases of the Debtors that May be Assumed and Assigned* [ECF 265].

"OATH Cure Amount");[7] and (5) from and after the assignment of any of the OATH Contracts becomes effective, additional amounts will come due and owing for Services provided pursuant to such contracts (the "Future Obligations");

B. The Debtors, as a condition of authorizing the assumption pursuant to 11 U.S.C. §365(b)(1)(A) of any Assumed Contract to which Oath Holdings and/or Oath Inc. is a counterparty, are ordered (A)(1) to confirm the OATH Contracts are all included within the Assumed Contracts listed on the *Amended Cure Amount* and (2) to attach a schedule to the Assumption Order including the OATH Contracts on the list of Assumed Contracts (or, if appropriate, to amend its Cure Notice accordingly), (B) to cooperate with OATH to reconcile the Cure Amount due and owing with such contracts, and (C) to pay the Cure Amount approved by the Court (or in the amount the Parties agree upon pursuant to the Parties' reconciliation);

C. Approves the assignment of the OATH Contracts only upon (1) the Debtors' payment of the OATH Cure Amount in full and (2) the submission of admissible evidence by the prospective assignee of the OATH Contracts on such factors as (i) the exact name of the assignee, (ii) the date and jurisdiction in which it was organized, (iii) its capitalization (if it is newly formed for this transaction), (iv) its annual revenues and (v) if it is a subsidiary of the New Purchaser, the willingness of the New Purchaser to guaranty payment of all Future Obligations that come due and owing pursuant to the OATH Contracts and/or incurred in connection with the Services;

D. Approves the Reservation of Rights (as hereinafter defined) with respect to OATH's rights, title, interests, claims, counterclaims, rights of setoff and recoupment and/or defenses of OATH pertaining to any Excluded Contract (as hereinafter defined); and

E. Grants such other relief as may be just and proper.

---

[7] *See* Jacek Declaration at ¶19.

The Limited Objection is based on the matters set forth herein, the *Declaration of Jerry Jacek In Support of Limited Objection and Reservation Of Rights Of OATH.Com, Inc. to the Possible Assumption and Assignment Of Executory Contracts* (the "Jacek Declaration") filed in support hereof, the files and the records in this case, and such other and further evidence as may be submitted at or before the trial on this matter.

OATH requests that the Court take judicial notice of the pleadings filed in this case and the facts set forth in the Court's orders, findings of fact and conclusions of law pursuant to Rule 201 of the Federal Rules of Evidence (as incorporated by Rule 9017 of the Federal Rules of Bankruptcy Procedure).

## BACKGROUND

1.  Oath Holdings is a Delaware corporation with offices located at 701 First Avenue, Sunnyvale, California, 94089. Oath Inc. is a Delaware corporation with offices located at 701 First Avenue, Sunnyvale, California, 94089. *See* Jacek Declaration at ¶1.

2.  In May 2015, Verizon Communications Inc. ("Verizon") made a tender offer to acquire the outstanding shares of common stock of AOL (f/k/a AOL Inc. and f/k/a American Online). In June 2015, a wholly owned subsidiary of Verizon accepted payment for all validly tendered shares and merged with AOL, with AOL being the surviving entity and becoming a wholly owned subsidiary of Verizon. In June 2017, Yahoo! Inc.'s operating business was transferred to Yahoo Holdings, Inc., a wholly owned subsidiary of Verizon. Following these transactions with AOL and Yahoo! Inc. (the "Acquisitions"), the resulting entities were organized as various direct and indirect subsidiaries of Verizon as follows:

    A.  Oath Holdings Inc. Oath Holdings Inc. (f/k/a Yahoo Holdings, Inc. f/k/a Yahoo! Inc.) is a wholly-owned subsidiary of Verizon, and it is the parent of Oath (UK) Limited (formerly, AOL (UK) Ltd.) ("Oath UK") (collectively, the "Oath Holdings Companies"); and

B.  <u>Oath Inc</u>.  Oath Inc. is wholly-owned subsidiary of Verizon, and (a) it is the corporate parent of Oath (Americas) Inc., a Maryland corporation ("<u>Oath (Americas)</u>"), and (b) Adap.tv, Inc., a Delaware corporation ("<u>Adap.tv</u>").  Oath (Americas) is the parent of (i) Millennial Media LLC, the successor in interest of Nexage, LLC f/k/a Nexage Inc., a Delaware entity and an indirect subsidiary of Oath Inc., ("<u>Millennial Media</u>"), and (ii) Brightroll, Inc., a Delaware corporation and an indirect subsidiary of Oath Inc. ("<u>Brightroll</u>").  Oath Inc., Oath (Americas), Adap.tv, Millennial Media and Brightroll, collectively, constitute the "Oath Inc. Companies".  *See* Jacek Declaration at ¶¶3 – 3.2.

INTEGRATED CREDIT AND COLLECTION OPERATIONS

3.  From and after the Acquisitions, all credit and collection functions for the Oath Holdings Companies and Oath Inc. Companies have been integrated and, accordingly, OATH is responsible for the credit and collection activities hereinafter described.  *See* Jacek Declaration at ¶4.

4.  OATH maintains permanent records of the transactions (individually, a "<u>Transaction</u>" and, collectively, the "<u>Transactions</u>") involving the Oath Holdings Companies and Oath Inc. Companies with their respective customers, and all Transactions are maintained in a computerized accounting system.  All amounts due and owing to any of the Oath Holdings Companies and the Oath Inc. Companies with respect to any Transaction with their respective Customers (collectively, the "<u>Customers</u>") including, but not limited to, payments related to services provided by the Oath Holding Companies and/or the Oath Inc. Companies (collectively, the "<u>Services</u>"), taxes, interest owed with respect to any Services or agreement, fees, and other charges (individually, an "<u>Obligation</u>" and, collectively, the "<u>Obligations</u>"), are entered in this accounting system.  Likewise, all payments made by a Customer with respect to any Obligation or Transaction, and all other credits and debits related to any Obligation or Transaction, are entered in this accounting system.  *See* Jacek Declaration at ¶5.

5. OATH maintains records of its written contracts, statements of work, schedules and any other documents related to such contracts, and all amendments to any contract, statement of work, schedule, and/or any other document (individually, a "OATH Agreement" and, collectively, the "OATH Agreements") with any of the Customers. As a regular part of its business, OATH maintains permanent records of the OATH Agreements and these records are compiled at the time, or near the time, that an OATH Agreement is received or processed. *See* Jacek Declaration at ¶6.

6. From and after the Acquisition, OATH (a) has issued invoices for OATH Agreements to which Oath Holding Companies and/or the Oath Inc. Companies are parties, (b) is the holder of the claims and rights arising from, in connection with, and/or related to OATH Agreements, and (c) it handles collection of the amounts due and owing as evidenced by the OATH Invoices for (I) the Oath Holding Companies (including, without limitation, AOL UK) and (II) the Oath Inc. Companies (including, without limitation, Oath Americas, Millennial Media and Brightroll). *See* Jacek Declaration at ¶7.

## OATH CONTRACTS

7. Prior to the Petition Date (as defined below), the Debtors entered into the following agreements (as described in more detail, below): (a) the Adap.tv Agreement, the MM Agreement, the Brightroll Agreement, and the Yahoo Agreement (*ie.*, the Oath Inc. Contracts) and (b) the AOL UK Limited Agreement (*ie.*, the OATH Holding Contracts). *See* Jacek Declaration at ¶14.

8. On March 18, 2014, Adap.tv and Videology, Inc. entered into that certain *Adap.tv Marketplace and Real-time Bidding Agreement for Advertisers*, as amended, (the "Adap.tv Agreement") whereby (a) Videology, Inc. ordered Services from Adap.tv and became obligated to pay for the Services, and (b) Adap.tv became obligated to provide the Services. *See* Jacek Declaration at ¶9.

9. On March 13, 2014, AOL (UK) Limited and Videology, Limited entered into

that certain *Advertising Services Agreement* (the "AOL UK Agreement") whereby (a) Videology Limited ordered Services from AOL (UK) Limited and became obligated to pay for the Services, and (b) AOL (UK) Limited became obligated to provide the Services. *See* Jacek Declaration at ¶10.

10. On September 26, 2014, Millennial Media and Videology Media Technologies, LLC and certain related entities entered into that certain *Nexage Real Time Exchange Buyer Agreement* (the "MM Agreement") whereby (a) Videology Media Technologies LLC ordered Services from Millennial Media and became obligated to pay for the Services, and (b) Millennial Media became obligated to provide the Services. *See* Jacek Declaration at ¶11.

11. On July 23, 2013, Brightroll and Videology, Inc. entered into that certain *Brightroll Advertising Buyer Agreement* (the "Brightroll Agreement") whereby (a) Videology, Inc. ordered Services from Brightroll and became obligated to pay for the Services, and (b) Brightroll became obligated to provide the Services. *See* Jacek Declaration at ¶12.

12. On November 3, 2015, Oath Holdings Inc. (f/k/a Yahoo Holdings, Inc. f/k/a Yahoo! Inc. and Videology, Inc. entered into that certain Insertion Order No. O-384816 (the "Yahoo Agreement") whereby (a) Videology, Inc. ordered Services from Yahoo Holdings, Inc. and became obligated to pay for the Services, and (b) Yahoo Holdings, Inc. became obligated to provide the Services. *See* Jacek Declaration at ¶13.

BANKRUPTCY CASE

13. On May 10, 2018 (the "Petition Date"), the Debtors filed their individual, voluntary petitions in the above-captioned Court seeking relief under Chapter 11 of title 11 of the United States Code.

14. On May 14, 2018, the Debtors filed the Sale Motion seeking, among other

things, sale of certain assets and the assumption of certain executory contracts and unexpired leases.

15. On June 5, 2018, the Court entered its order approving certain procedures governing, among other things, the assumption and assignment of executory contracts and unexpired leases and determining the amounts that must be cured with respect to each executory contract or unexpired lease to be assumed (the "Sale Procedure Order").[8]

DEBTORS' CURE NOTICES

16. On June 8, 2018, the Debtors filed their *Cure Notice* that identifies (i) the Assumed Contracts that it may assume and assign in conjunction with the pending Sale and (ii) the Cure Amounts with respect to specific Assumed Contracts. On June 28, 2018, the Debtors filed their *Amended Cure Notice* that identified certain Assumed Contracts more specifically and, in some instances, different Cure Amounts for certain Assumed Contracts. The Amended Cure Notice identifies the following Assumed Contracts and related Cure Amounts.

| Debtor | Counterparty (Oath) | Contract Type | Contract Title | Original Cure Notice [ECF 183] - Amount | Amended Cure Notice [ECF 265] - Amount |
|---|---|---|---|---|---|
| VMT LLC | AOL ADVERTISING INC | Inventory | Advertising Services Agreement | | $294,296.96 |
| VIDEOLOGY INC | ADAPTV | Publisher | Adap.tv Marketplace & Real Time Bidding for Advertisers | $1,521,781.53 | $1,521,781.53 |
| VIDEOLOGY INC | BRIGHTROLL | Publisher | | $ - | $58,160.47 |
| VIDEOLOGY INC | BRIGHTROLL/YAHOO INC. | Publisher | | $ - | $ - |
| VIDEOLOGY INC | YAHOO | Publisher | | $ 294,296.96 | |
| VIDEOLOGY INC | YAHOO Japan Corporation | Platform | Master License and Services Agreement & related agreements side letters | | $ - |
| VIDEOLOGY INC | YAHOO Japan Corporation | Publisher | | | $273,942.38 |

---

[8] *See Order (A) Approving Bidding Procedures for Sale of Substantially All of the Debtors' Assets, (B) Approving Stalking Horse Agreement and Bid Protections, (C) Scheduling Auction for, and Hearing to Approve, Sale of Substantially All of the Debtors' Assets, (D) Approving Form and Manner of Notices of Sale, Auction and Sale Hearing, (E) Approving Assumption and Assignment Procedures and (F) Granting Related Relief* [ECF 164]

## CURE AMOUNT

17. Based upon OATH'S books and records, (a) the Debtors (including, without limitation, Videology, Inc.) have failed to pay all amounts due and owing for Services provided to the Debtors pursuant to the OATH Contracts, and (b) more specifically, as of this date, not less than (A) **US$ 1,723,451.38** is due and owing, but unpaid, pursuant to the Oath Inc. Contracts and (B) **GBP 252,000.75** is due and owing, but unpaid pursuant to the Oath Holding Contracts (collectively, the "Oath Cure Amount").  *See* Jacek Declaration at ¶19.

## **GROUNDS FOR THE RELIEF REQUESTED**

## **All Defaults Under An Assumed Contract Must Be Cured**

18. Pursuant to the U.S. Bankruptcy Code, a debtor in possession (or trustee) is prohibited from assuming an executory contract or unexpired lease unless it cures all monetary defaults in full – including all monetary defaults that arise both pre-petition and post-petition. *See* 11 U.S.C. §365(b)(1)(A); *In re Kiwi Intern. Air Lines, Inc.*, 344 F.3d 311, 318 (3rd Cir. 2003) ("Once an assumption order is entered, the creditor must perform in accordance with the terms of the assumed agreements. . . In other words, the debtor must cure all defaults, assure future performance, and make the other contracting party whole before it may be permitted to assume the agreement."); *In re Columbia Gas System Inc.,* 50 F.3d 233, 238–39 (3d Cir.1995) ("the Bankruptcy Code provides that the cost of performing the debtor's obligations is an administrative expense of the estate. . . ."); *accord, Stoltz v. Brattleboro Housing Authority,* 315 F.3d 80, 94 (2nd Cir. 2002).  "The other party to the contract or lease that the [debtor in possession or] trustee proposes to assume is entitled to insist that any defaults, whenever they may have occurred, be cured, that appropriate compensation be provided, and that, a past default having occurred, adequate assurance of future performance is available." 3 COLLIERS ON BANKRUPTCY § 365.05[2] (Alan N. Resnick & Henry J. Sommer eds., 15th ed. rev. 2008).   These conditions "protect[t] the creditor's pecuniary interests before requiring a creditor to continue a contractual relationship

with a debtor." *Stoltz, supra.*

19.  Based on the *Amended Cure Notice*, the Debtors appear to admit that the aggregate monetary default of $2,148,181.34 must be cured with respect to the Assumed Contracts to which one of the OATH entities is a counterparty and which may be assumed in conjunction with the Sale.  However, as stated below, because its not certain whether the Assumed Contracts listed on the *Amended Cure Notice* is complete, the accuracy of the Cure Amount is uncertain as of this date.

20.  As of this date, OATH's records for the OATH Contracts (which it assumes are included among the Assumed Contracts on the *Amended Cure Notice*) indicate that the monetary default – as of this date – is not less than (A) US$ 1,723,451.38 with respect to the Oath Inc. Contracts and (B) GBP 252,000.75 with respect to the Oath Holding Contracts.  However, this amount is subject to adjustment depending on such factors as: (a) the appropriate exchange rate for calculating the value of GBP 252,000.75 that is due and owing, (b) confirmation whether all of the OATH Contracts are to be assumed, (c) the status of the Debtors' payment for Services provided from and after the Petition Date with respect to the actual contracts assumed, (d) the application of any monies paid to date, but not applied, with respect to post-Petition Date Services, and (e) the date any assumption of the OATH Contracts is effective.

21.  Even though OATH does not object to assumption of the OATH Contracts, *per se*, clearly these uncertainties mean the actual Cure Amount is still to be resolved.  That being said, the Parties have been cooperating with respect to application of payments made by the Debtors for Services provided after the Petition Date.  Therefore, OATH thinks that the Parties will be able to reconcile the correct Cure Amount that must be paid as a condition of assuming the OATH Contracts once the Debtors confirm the specific OATH Contracts that are to be assumed.

22.  Accordingly, as a condition of authorizing the Debtors to assume any

Assumed Contract to which Oath Holdings and/or Oath Inc. is a counterparty pursuant to 11 U.S.C. §365(b)(1)(A), OATH hereby requests that the Court require the Debtors (A) to confirm the OATH Contracts are all included within the Assumed Contracts listed on the *Amended Cure Amount,* (B) to cooperate with OATH to reconcile the Cure Amount due and owing with such contracts and (C) to pay the Cure Amount approved by the Court.

### Assignment of the Executory Contract and Unexpired Lease

23.     The Bankruptcy Code permits assignment of an unexpired executory contract or unexpired lease only if (A) the debtor in possession or trustee assumes the contract or lease in accordance with 11 U.S.C. §365(b)(1) and (B) the assignee provides adequate assurance of future performance of such contract or lease, whether or not there has been a default in such contract or lease. *See* 11 U.S.C. §365(f)(1), (2)(A) and (B); *In re Fleming Companies, Inc*., 499 F.3d 300, 305 (3d Cir. 2007) (assignment denied where the prospective assignee cannot perform a material and significant term of the agreement).

24.     Determining whether an assignee has provided adequate assurance of its ability to perform the contract in the future "must be determined by consideration of the facts of the proposed assumption." *In re Fleming Companies, Inc.*, 499 F.3d at 307 *quoting Cinicola,* 248 F.3d at 120 n. 10. "Adequate assurance of future performance' are not words of art; the legislative history of the [Bankruptcy] Code shows that they were intended to be given a practical, pragmatic construction...." *Id.*

25.     Adequate assurance of future performance has to be provided even if the executory contract at issue is not in default (*e.g.*, a monetary default has been cured as a condition of assumption pursuant to 11 U.S.C. §365(b)(1)).   *See In re Fleming Companies, Inc*., 499 F.3d at 305); In *re Joshua Slocum Limited*, 922 F.2d at 1091.

26.     Additionally, the non-debtor counterparty to the executory contract that may be assumed and assigned is entitled to notice of the identity of the actual assignee and to demand adequate assurance of future performance by that specific assignee. *In re Golden*

*Books Family Entertainment, Inc.*, 269 B.R. 300 (Bankr. D. Del. 2001).

27. Here, OATH does not object to assignment of the OATH Contract to the Stalking Horse Bidder. However, if the Court approves the Sale to another bidder (the "New Purchaser") and the Debtors decide to assume the OATH Contracts and assign them to the New Purchaser, OATH does request that the Court approve any assignment of the OATH Contracts only upon finding, based on admissible evidence, that the New Purchaser will be able to perform all terms and conditions of the OATH Contracts. In reaching this determination, OATH submits that the actual assignee should be required to submit admissible evidence on such factors as: (i) the exact name of the assignee; (ii) the date and jurisdiction in which it was organized; (iii) its capitalization (if it is newly formed for this transaction); (iv) its annual revenues; and (v) if it is a subsidiary of the New Purchaser, the willingness of the New Purchaser to guaranty payment of all Future Obligations that come due and owing pursuant to the OATH Contracts and/or incurred in connection with the Services.

## RESERVATION OF RIGHTS

28. OATH does not object to assumption of the OATH Contracts provided the Assumption Order requires payment of the OATH Cure Amount (plus all amounts that accrue from this date through the effective date of the Assumption Order) in full and includes the other relief requested by this Limited Objection.

29. However, with respect to any and all other executory contracts and/or unexpired leases to which it is a counterparty (individually, an "Excluded Contract") and, collectively, the "Excluded Contracts") other than the OATH Contracts identified herein, OATH hereby expressly reserves (the "Reservation of Rights") all rights, interests, claims, counterclaims, rights of setoff and recoupment and/or defenses pertaining to any or all Excluded Contracts including, without limitation, (a) the right to object to the assumption and/or assignment by the Debtors of any such Excluded Contract, (b) the right to payment of all monetary defaults that

exist with respect to each such Excluded Contract, (c) the right to require cure of all non-monetary defaults with reach to each such Excluded Contract, and/or (d) the right to have the assignment of any such Excluded Contract specifically conditioned on the Court finding, based on competent evidence, that the actual assignee of such contract is capable of performing all terms and conditions of such Excluded Contract including, without limitation, payment of all amounts that will come due and owing subsequent to any such assignment.

WHEREFORE, if the Court determines to approve assumption of the OATH Contracts, OATH requests that the Assumption Order include the following relief and protections of OATH's interests:

A.  Sets forth findings of fact and conclusions of law that state: (1) the Adap.tv Agreement, the MM Agreement, the Brightroll Agreement, and the Yahoo Agreement and (2) the AOL UK Limited Agreement (*i.e.*, collectively, the OATH Contracts) are the same agreements identified on the *Amended Cure Notice* as among the Assumed Contracts that may be assumed and assigned pursuant to the Sale Motion; (2) each of the OATH Contracts constitute a single integrated executory contract for purposes of assumption and assignment pursuant to 11 U.S.C. §365; (3) the Services are provided by OATH to the Debtors pursuant to the specific OATH Contracts; (4) subject to the Parties agreed upon reconciliation, the aggregate monetary defaults that have accrued, and remain due and owing but unpaid (as of this date) with respect to the Services provided pursuant to the OATH Contracts, are not less than (a) **US$ 1,723,451.38** with respect to the Oath Inc. Contracts and (b) **GBP 252,000.75**, plus such additional amounts as accrue prior to Assumption Order becoming effective (*i.e.*, collectively, the OATH Cure Amount); and (5) from and after the assignment of any of the OATH Contracts becomes effective, additional amounts will come due and owing for Services provided pursuant to such contracts (*i.e.*, the Future Obligations);

B.  Orders the Debtors, as a condition of authorizing the assumption pursuant to 11 U.S.C. §365(b)(1)(A) of any Assumed Contract to which Oath Holdings and/or Oath Inc.

is a counterparty, (A)(1) to confirm the OATH Contracts are all included within the Assumed Contracts listed on the *Amended Cure Amount* and (2) to attach a schedule to the Assumption Order including the OATH Contracts on the list of Assumed Contracts (or, if appropriate, to amend its Cure Notice accordingly), (B) to cooperate with OATH to reconcile the Cure Amount due and owing with such contracts and (C) to pay the Cure Amount approved by the Court (or in the amount the Parties agree upon pursuant to the their reconciliation);

C.  Approves the assignment of the OATH Contract only upon (1) the Debtors' payment of the OATH Cure Amount in full and (2) the submission of admissible evidence by the prospective assignee of the OATH Contracts on such factors as (i) the exact name of the assignee, (ii) the date and jurisdiction in which it was organized, (iii) its capitalization (if it is newly formed for this transaction), (iv) its annual revenues and (v) if it is a subsidiary of the New Purchaser, the willingness of the New Purchaser to guaranty payment of all Future Obligations that come due and owing pursuant to the OATH Contracts and/or incurred in connection with the Services;

D.  Approves the Reservation of Rights (as hereinafter defined) with respect to OATH's rights, title, interests, claims, counterclaims, rights of setoff and recoupment and/or defenses of OATH pertaining to any Excluded Contract (as hereinafter defined); and

E.  Grants such other relief as may be just and proper.

<pre>
Dated:  July 2, 2018                    ASHBY & GEDDES, P.A.

                                        */s/ Ricardo Palacio*
                                        Ricardo Palacio (#3765)
                                        500 Delaware Avenue, 8th Floor
                                        P.O. Box 1150
                                        Wilmington, DE 19899
                                        Telephone: (302) 654-1888
                                        Facsimile: (302) 654-2067
                                        E-mail: rpalacio@ashbygeddes.com


                                        -and-

                                        BIALSON, BERGEN & SCHWAB,
                                        A Professional Corporation

                                        Thomas M. Gaa, Esq.
                                        2600 El Camino Real, Suite 300
                                        Palo Alto, CA 94306
                                        Telephone: (650) 857-9500
                                        Fax: (650) 494-2738
                                        E-mail: Tgaa@bbslaw.com

                                        *Attorneys for Oath Holdings Inc. and Oath Inc.*
</pre>

<pre>
{01339778;v1 }                          - 15 -    Cure Objection and Reservation of Rights of OATH Re
                                                  Assumption of Executory Contracts
</pre>
<pre>
</pre>