**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | : Chapter 11 |
| | : |
| VIDEOLOGY, INC., *et al.*,[1] | : Case No. 18-11120-KG |
| | : (Jointly Administered) |
| | : |
| Debtors. | : **Related to Docket Nos. 39, 183, & 265** |

**AD.NET, INC.'S LIMITED OBJECTION AND RESERVATION OF
RIGHTS TO DEBTORS' CURE NOTICE**

Ad.net, Inc. ("**Ad.net**"), a creditor and party in interest, through its undersigned counsel, submits this *Limited Objection and Reservation of Rights to Debtors' Cure Notice* ("**Limited Objection**") in response to the above-captioned debtors' (collectively, the "**Debtors**") *Amended Notice to Counterparties to Executory Contracts and Unexpired Leases of the Debtors That May Be Assumed and Assigned* (the "**Cure Notice**") [Docket No. 265], and respectfully states as follows:

**RELEVANT BACKGROUND**

1.  Ad.net is a counterparty to that certain Global Master Services Agreement dated September 29, 2016 (inclusive of all addendums, the "**Services Agreement**"), with Debtor Video Media Technologies, LLC ("**VMT**") and other foreign non-debtor entities. The Services Agreement is an executory contract under which Ad.net provides, among other things, ongoing advertising technology and platform services to VMT.

2.  The Services Agreement provides in part that VMT shall make payments to Ad.net on a monthly basis, no later than the 90th day after the end of the month in which Ad.net

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Videology, Inc. (2191), Collider Media, Inc. (8602), Videology Media Technologies, LLC (6243), LucidMedia Networks, Inc. (8566) and Videology Ltd. The address of the Debtors' corporate headquarters is 1500 Whetstone Way, Suite 500, Baltimore, MD 21230.

earned revenue. Services Agreement, ¶ 4.3. VMT is in default of the Services Agreement for, among other things, failing to pay Ad.net all amounts due and owing (as addressed below).

3. VMT and the other Debtors seek to sell substantially all of their assets through a sale governed in part by certain bidding procedures ("**Bidding Procedures**"), approved by this Court on June 5, 2018 [Docket No. 164]. As part of the Bidding Procedures, the Debtors have established procedures, pursuant to 11 U.S.C. § 365, for the assumption and assignment of certain executory contracts and unexpired leases to the successful purchaser of assets.

4. Pursuant to the Bidding Procedures, the Debtors filed the Cure Notice and have designated the Services Agreement for potential assumption and assignment. The Cure Notice provides a cure amount of $189,011.11 as to the Services Agreement ("**Proposed Cure Amount**" or "**Pre-Petition Balance**"); however, this amount does not account for post-petition amounts due and owing to Ad.net.

5. As of June 14, 2018, the amount due and owing to Ad.net by VMT is no less than $212,234.99 ("**Outstanding Balance**"), broken down as follows:

        Pre-Petition Balance:  $189,011.11
        May 10 – 31:          $ 21,923.67
        <u>June 1 - 14:           $   1,300.21</u>
        Total:                 $ 212,234.99

6. Attached as <u>Exhibit A</u> to this Limited Objection are invoices supporting the above breakdown, as well as an email confirming the Pre-Petition Balance accounting summary in support of the amounts presently due and owing to Ad.net. The difference between the Proposed Cure Amount and the Outstanding Balance is $23,223.88, which represents the amount owed from the Petition Date to June 14, 2018 ("**Post-Petition Balance**").

7. Through agreement with the Debtors, Ad.net has until July 12, 2018 to object to the Cure Notice.

**LIMITED OBJECTION AND RESERVATION OF RIGHTS**

8.Although Ad.net does not object to the Debtors' proposed asset sale, it does object to the assumption and assignment of the Services Agreement and the Cure Notice without payment in full of all amounts due and owing to Ad.net.  The Proposed Cure Amount fails to include the Post-Petition Balance or any additional amounts that become due and owing to Ad.net from June 14, 2018 until the date on which the Services Agreement is assumed and assigned ("**Assumption Date**").

9.As shown in the accounting summary in Exhibit A, as of June 14, 2018, VMT owes Ad.net no less than the Outstanding Balance.  Furthermore, Ad.net continues to provide services under the Services Agreement and additional amounts may become due and owing under the Services Agreement before the Assumption Date.

10.Under section 365(b)(1) of the Bankruptcy Code, VMT and the Debtors may not assume and assign the Services Agreement without (i) curing all payment defaults, (ii) compensating Ad.net for pecuniary losses resulting from such defaults, and (iii) providing adequate assurances of future performance under the Services Agreement.   11 U.S.C. § 365(b)(1) and (f)(2).

11.Here, the Proposed Cure Amount is less than the Outstanding Balance, which is or may become owed to Ad.net before the Assumption Date. Payment of the full Outstanding Balance and any additional amounts owed to Ad.net between June 14, 2018 and the Assumption Date are necessary to cure VMT's payment defaults under the Services Agreement.  Accordingly, VMT has not satisfied the statutory requirements to permit it to assume and assign the Services Agreement.

12. Moreover, additional amounts due from VMT may arise in the ordinary course of business between the submission of this Limited Objection and the Assumption Date. Ad.net thus additionally objects to the Cure Notice to the extent that the Proposed Cure Amount does not include the payment of additional amounts that may become due under the Services Agreement (including any compensation of pecuniary losses). Ad.net will provide information of additional post-petition amounts to be paid in connection with the Cure Notice to Debtors' counsel upon request.

13. Ad.net reserves its rights to supplement this Limited Objection to add additional sums that may become due and owing under the Services Agreement after the submission of this Limited Objection. Ad.net further reserves its rights to supplement, amend, or modify this Limited Objection based on the outcome of any auction or negotiated sale terms, as well as any final terms of any transaction presented to this Court at any sale hearing.

WHEREFORE, Ad.net respectfully requests that the Court sustain its limited objection and reservation of rights with respect the assumption and assignment of the Services Agreement, and grant it such other relief as the Court deems just and proper.

Respectfully Submitted,

Dated:  July 6, 2018
       Wilmington, Delaware

**McCARTER & ENGLISH, LLP**

By: */s/* Shannon D. Humiston
    Kate R. Buck (No. 5140)
    Shannon D. Humiston (No. 5740)
    Renaissance Centre
    405 N. King Street, 8th Floor
    Wilmington, Delaware  19801
    (302) 984-6313
    (302) 984-2496 (facsimile)
    kbuck@mccarter.com
    shumiston@mccarter.com

*Counsel for Ad.net, Inc.*