IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---

In re:

VIDEOLOGY, INC., *et al.*,[1]

    Debtors.

Chapter 11

Case No. 18-11120 (BLS)

(Jointly Administered)

**RE: D.I. 183, 265**

---

### RESPONSE AND RESERVATION OF RIGHTS OF AT&T ADWORKS, LLC AND DIRECTV, LLC TO NOTICE OF POTENTIAL ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES IN CONNECTION WITH THE SALE OF SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS

AT&T AdWorks, LLC ("AT&T AdWorks") and DIRECTV, LLC ("DIRECTV," together with AT&T AdWorks, the "AT&T Parties"), creditors and parties-in-interest in these cases, hereby file this response and reservation of rights (the "Response") with respect to the *Notice to Counterparties to Executory Contracts and Unexpired Leases of the Debtors That May Be Assumed and Assigned* [D.I. 183] and the *Amended Notice to Counterparties to Executory Contracts and Unexpired Leases of the Debtors That May Be Assumed and Assigned* [D.I. 265] (collectively, the "Cure Notice") prepared by the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") with respect to the AT&T Parties pursuant to this Court's *Order (A) Approving "Stalking Horse" Asset Purchase Agreement; (B) Approving Procedures in Connection with the Sale of Substantially All*

---

[1] The Debtors in these cases, along with the last four digits of their federal tax identification numbers in parentheses, are (i) Videology, Inc. (2191), Collider Media, Inc. (8602), Videology Media Technologies, LLC (6243), LucidMedia Networks, Inc. (8566), and Videology, Ltd., a company organized under the laws of England and Wales. The address of the Debtors' corporate headquarters is 1500 Whetstone Way, Suite 500, Baltimore, MD 21230.

*of the Debtors' Assets; (C) Scheduling the Related Auction and Hearing to Consider Approval of the Sale; (D) Approving Procedures Related to the Assumption of Certain Executory Contracts and Unexpired Leases; (E) Approving the Form and Manner of Notice Thereof; (F) Approving Breakup Fee and Expense Reimbursement; and (G) Granting Related Relief* [D.I. 164] (the "Bidding Procedures Order"),[2] and respectfully state as follows:

## BACKGROUND

1. On May 10, 2018 (the "Petition Date"), the Debtors commenced these jointly administered cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

2. Prior to the Petition Date, Debtor Videology Media Technologies, LLC ("VMT") and DIRECTV were parties to that certain Master Services Agreement, dated as of October 23, 2014 (the "MSA"). Pursuant to the MSA, VMT agreed to provide DIRECTV with a license and right to use the ad approval tool in its platform, through which DIRECTV provides and manages its ad inventory on its digital media.

3. Prior to the Petition Date, Debtor Videology Inc. ("Videology") and AT&T AdWorks were parties to that certain Service Agreement, dated as of April 1, 2015 (as amended, the "Service Agreement," and together with the MSA, the "Agreements"). Pursuant to the Service Agreement, Videology agreed to develop, deliver, and support an automated self-service programmatic portal for AT&T AdWorks.

4. On June 5, 2018, this Court entered the Bidding Procedures Order. The Bidding Procedures Order sets forth the procedures for the sale of substantially all of the Debtors' assets, including procedures for: (i) the assumption and assignment of contracts

---

[2] Capitalized terms not defined herein shall have the meanings given to them in the Bidding Procedures Order.

proposed to be assumed and assigned to the Successful Bidder; and (ii) the delivery of a cure notice to non-debtor counterparties for each contract proposed to be assumed and assigned, setting forth the Cure Amount.

5. The AT&T Parties understand that the Debtors served the Cure Notice pursuant to the Bidding Procedures Order.  The Cure Notice contains "Exhibit A: Amended Cure Amounts" listing the following contracts and Cure Amounts for the AT&T Parties:

| Debtor | Counter Party | Contract Type | Contract Title | Cure Amount |
|---|---|---|---|---|
| VMT LLC | DIRECTV LLC | Inventory | Master Services Agreement | $508,866.05 |
| Videology Inc. | AT&T AdWorks, LLC | Platform | Service Agreement | $0.00 |

6. On July 3, 2018, the AT&T Parties filed the *Motion of AT&T AdWorks, LLC and DIRECTV, LLC for Relief from Automatic Stay to Terminate Certain Agreements* [D.I. 291] (the "Lift-Stay Motion") in which the AT&T Parties request relief from the stay to terminate the Agreements, according to their respective terms.

### RESPONSE

7. Although the AT&T Parties filed the Lift-Stay Motion with respect to the Agreements, the AT&T Parties also file this Response out of an abundance of caution and request adjudication of the Lift-Stay Motion prior to any assumption and assignment of the Agreements.[3]

8. As set forth in the Lift Stay Motion, the AT&T Parties intend to terminate the Agreements pursuant to the terms thereof.  Both Agreements permit an AT&T Party to terminate, without cause, by providing notice.  But for the automatic stay imposed on the Petition

---

[3] The AT&T Parties reserve their rights to dispute the Cure Amounts with respect to the Agreements.  To the extent the Court does not grant the relief requested in the Lift-Stay Motion, the AT&T Parties will work with the Debtors and any other parties in interest, as necessary, regarding the applicable Cure Amounts.

3

Date, the AT&T Parties would be providing such notice. If the Court grants the relief requested in the Lift-Stay Motion, the Agreements will be terminated by the AT&T Parties, and the Agreements will not be assumable or assignable post-termination. Therefore, the AT&T Parties request adjudication of the Lift-Stay Motion prior to any assumption and assignment of the Agreements.

9. All Potential Bidders and the Purchaser are on notice that the AT&T Parties intend to terminate the Agreements pursuant to the Lift-Stay Motion filed with the Court. Thus, the AT&T Parties maintain that no party in interest is prejudiced by the filing of this Response.

**RESERVATION OF RIGHTS**

10. The AT&T Parties reserve all rights to amend and/or supplement this Response, file a reply to any response to this Response, or incorporate other objections to the Cure Notice filed by other parties in interest in a subsequent joinder filed with this Court or at any hearing related to the proposed sale. This Response does not constitute an admission by the AT&T Parties that the Agreements are executory contracts or unexpired leases.

[*Remainder of Page Intentionally Left Blank*]

WHEREFORE, the AT&T Parties respectfully request that this Court deny the relief requested by the Debtors in the Cure Notice and grant such other and further relief as is just and appropriate.

Dated: July 6, 2018
       Wilmington, Delaware

                                    MORRIS, NICHOLS, ARSHT & TUNNELL LLP

                                    */s/ Tamara K. Mann*
                                    Derek C. Abbott (Bar No. 3376)
                                    Tamara K. Mann (No. 5643)
                                    1201 North Market Street
                                    Wilmington, Delaware 19899-1347
                                    Telephone:  (302) 658-9200
                                    Facsimile:  (302) 658-3989
                                    Email: dabbott@mnat.com
                                                tmann@mnat.com

                                    - and -

                                  ARNOLD & PORTER KAYE SCHOLER LLP

                                  Brian J. Lohan (*pro hac vice* pending)
                                  Ginger Clements (*pro hac vice* pending)
                                  70 West Madison Street
                                  Chicago, Illinois 60602-4231
                                  Telephone:  (312) 583-2300
                                  Facsimile:  (312) 583-2360
                                  Email: brian.lohan@arnoldporter.com

                                  *Counsel to AT&T Parties*