# EXHIBIT A

## Proposed Order

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | :    Chapter 11 |
| | : |
| VIDEOLOGY, INC., *et al.*,[1] | :    Case No. 18-11120 (BLS) |
| | : |
|                Debtors. | :    Jointly Administered |
| | : |
| | :    **Re: Docket No. __** |

### ORDER (I) AUTHORIZING THE EMPLOYMENT AND RETENTION OF PRICEWATERHOUSECOOPERS LLP TO PROVIDE TAX COMPLIANCE AND CONSULTING SERVICES *NUNC PRO TUNC* TO JULY 10, 2018, (II) WAIVING CERTAIN TIME-KEEPING REQUIREMENTS OF LOCAL RULE 2016-2 AND (III) GRANTING RELATED RELIEF

Upon the application (the "Application")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for an order (a) authorizing the Debtors to employ and retain PricewaterhouseCoopers LLP ("PwC") to provide tax compliance and consulting services to the Debtors *nunc pro tunc* to July 10, 2018, (b) waiving certain time-keeping requirements pursuant to Local Rule 2016-2(h), and (c) granting related relief, all as more fully set forth in the Application; and upon the Lefevre Declaration; and the Court being satisfied based on the representations made in the Application and in the Lefevre Declaration that PwC represents no interest adverse to the Debtors' estates with respect to the matters upon which they are to be engaged, that they are disinterested persons as that term is defined under section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, and that their employment is necessary and in the best interests of the Debtors' estates; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing*

---

[1]    The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Videology, Inc. (2191), Collider Media, Inc. (8602), Videology Media Technologies, LLC (6243), LucidMedia Networks, Inc. (8566) and Videology Ltd. The address of the Debtors' corporate headquarters is 1500 Whetstone Way, Suite 500, Baltimore, MD 21230.

[2]    Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Application.

*Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Application in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Application is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Application and opportunity for a hearing on the Application were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Application and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Application and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Application is GRANTED as set forth herein.

2.      The Debtors are authorized pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Rule 2014-1 to employ and retain PwC to provide tax compliance and consulting services to the Debtors *nunc pro tunc* to July 10, 2018, in accordance with the terms and conditions set forth in the Application and the Engagement Letter, as modified by this Order.

3.      The Engagement Letter, dated December 18, 2017, annexed as **Exhibit 1** hereto (the "Engagement Letter"), and all compensation set forth therein, are approved pursuant to sections 327(a) and 328(a) of the Bankruptcy Code.   PwC will be compensated and

-2-

57731/0003-16165750v1

reimbursed in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules and Local Rules, this Order, the applicable guidelines established by the Office of the United States Trustee, and any order of this Court establishing procedures for compensation and reimbursement of expenses for retained professionals, *provided, however*, that the requirements of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the U.S. Trustee Guidelines, are hereby modified such that PwC's professionals shall only be required to maintain summary records in half-hour increments describing each professional's tasks on a daily basis in support of each fee application, including reasonably detailed descriptions of those services and the individuals who provided those services, and will present such records to the Court.

4.    Notwithstanding the preceding paragraphs, the U.S. Trustee shall retain the right to object to the compensation and fees and expenses to be paid to PwC pursuant to the Application and the Engagement Letter based on the reasonableness standard provided for in section 330 of the Bankruptcy Code, and the Court shall consider any such objection by the U.S. Trustee under section 330 of the Bankruptcy Code; *provided that* reasonableness for this purpose shall include, among other things, an evaluation by comparing the fees payable in these Chapter 11 Cases to the fees paid to other auditing and accounting firms for comparable services in other chapter 11 cases and outside of chapter 11 cases, and shall not be evaluated primarily on the basis of time committed or the length of these Chapter 11 Cases.

5.    To the extent the Debtors and PwC enter into any addendum(s) to the Engagement Letter or any additional statement(s) of work, the Debtors will file such addendum(s) or statement(s) of work with the Court and serve the same upon (i) the U.S. Trustee; (ii) the Committee; (iii) the Debtors' post-petition lenders; and (iv) all persons and entities that have filed a request for service of filings in these Chapter 11 Cases pursuant to

57731/0003-16165750v1

Bankruptcy Rule 2002 (collectively, the "Notice Parties"), who each shall have fourteen (14) days from service to object. To the extent any such parties timely object to the additional services to be provided by PwC, the Debtors will promptly schedule a hearing before the Court within fourteen (14) days of such objection. All additional services will be subject to the provisions of this Order.

6.    Notwithstanding anything in the Engagement Letter to the contrary, the indemnification provision in the Engagement Letter is approved, but only subject to the following modifications:

(a)    PwC and its Beneficiaries (as defined in the Engagement Letter) shall not be entitled to indemnification, contribution, or reimbursement pursuant to the Engagement Letter for services other than the services described in the Application, unless such services and indemnification therefor are approved by the Court;

(b)    The Debtors will have no obligation to indemnify PwC and its Beneficiaries, or provide contribution or reimbursement to PwC and its Beneficiaries, for any claim or expense that is either: (i) judicially determined (the determination having become final) to have arisen from PwC's bad faith, self-dealing, breach of fiduciary duty (if any such duty exists), gross negligence, willful misconduct, or fraud; (ii) for a contractual dispute in which the Debtors allege the breach of PwC's contractual obligations unless the Court determines that indemnification, contribution, or reimbursement would be permissible pursuant to *In re United Artists Theatre Co.*, 315 F.3d 217 (2d Cir. 2003); or (iii) settled prior to a judicial determination as to the exclusions set forth in clauses (i) and (ii) above, but determined by the Court, after notice and a hearing to be a claim or expense for which PwC and its Beneficiaries should not receive indemnity, contribution, or reimbursement; and

(c)    If, before the earlier of: (i) the entry of an order confirming a chapter 11 plan in these Chapter 11 Cases (that order having become a final and non-appealable order); and (ii) the entry of an order closing these Chapter 11 Cases, PwC or its Beneficiaries believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations under the Engagement Letter (as modified by the Order), including without limitation the advancement of defense costs, PwC or its Beneficiaries must file an application therefor in this Court, and the Debtors may not pay any

such amounts to PwC or its Beneficiaries before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by PwC or its Beneficiaries for indemnification, contribution, or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify PwC and its Beneficiaries. All parties in interest shall retain the right to object to any demand by PwC or its Beneficiaries for indemnification, contribution, or reimbursement.

7.   Notwithstanding anything contained in the Engagement Letter, PwC's liability thereunder shall not be limited to the fees received in connection with the Chapter 11 Cases.

8.   Notwithstanding anything to the contrary in the Engagement Letter, the Application or the Lefevre Declaration, to the extent that PwC uses the services of independent contractors or subcontractors (collectively, the "Contractors") in these cases, PwC shall (i) pass through the cost of such Contractors to the Debtors at the same rate that PwC pays the Contractors; (ii) seek reimbursement for actual costs only; (iii) ensure that the Contractors are subject to the same conflicts checks as required for PwC; and (iv) file with this Court such disclosures required by Bankruptcy Rule 2014 with respect to such Contractors.

9.   The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Application.

10.   To the extent that there may be any inconsistency between the terms of the Application, the Engagement Letter, the Lefevre Declaration, and this Order, the terms of this Order will govern.

11.   Notice of the Application as provided therein is deemed good and sufficient notice of such Application, and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

57731/0003-16165750v1

12.     Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

13.     Notwithstanding anything in the Engagement Letter to the contrary, during the pendency of these Chapter 11 Cases, this Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order and the Engagement Letter, and all provisions of the Engagement Letter related to alternative dispute resolution or alternative forums shall not apply during the pendency of these Chapter 11 Cases.

Dated: _____, 2018
      Wilmington, Delaware

                      _____
                      HONORABLE BRENDAN L. SHANNON
                      UNITED STATES BANKRUPTCY JUDGE

-6-

**Exhibit 1**

**Engagement Letter**



**pwc**

Mr. Brian Rosati
Senior Director of Finance
Videology, Inc.
1500 Whestone Way, Suite 500
Baltimore, Maryland 21230

December 18, 2017

**Subject: Videology Tax Compliance Services for the years ended December 31, 2017 and 2018**

Dear Mr. Rosati:

This engagement letter confirms that Videology, Inc. and Subsidiaries ("you" or "Client" or "Videology") has engaged PricewaterhouseCoopers LLP ("we" or "us" or "PwC") to provide the services described below. Videology may procure services under this engagement letter for itself and for those of its consolidated subsidiaries or affiliates that Videology binds to this engagement letter by its signature or which separately agree to the provisions of this engagement letter (collectively, the "Subsidiaries").

**Scope of Our Services**

You have requested that PwC perform the following services (the "Services"):

(a)   2017 and 2018 Tax Compliance Services

PwC will prepare and sign as preparer the U.S. Corporation Income Tax Return, Form 1120, for Videology for the tax year beginning January 1 through December 31, 2017 and 2018. We will also prepare and sign as preparer the required state corporate income tax returns for the period above, as requested by Client for itself and certain entities, as listed in Exhibit I. Videology and PwC may mutually agree in writing (including e-mail) to revise the listing of entities included in Exhibit I and make a related adjustment to our fees. Entities listed in Exhibit I are considered Subsidiaries (as defined above) and are also bound to the terms of this engagement letter. Specific detail, responsibilities and scope regarding the nature of exact deliverables agreed to and or impacting the Services are also included in Exhibit I.

We will complete Schedule UTP, if applicable, based on information you provide to us during the course of the engagement. We may gather such information by providing you with a checklist or information request during the course of the engagement. To the extent you require additional assistance to gather and analyze information for purposes of the Schedule UTP reporting, such services will be the subject of a separate engagement letter.

Unless otherwise agreed with PwC, Videology will be responsible for preparation and filing of all other tax or information returns required to be filed with the authorities including, for example, city and county income or gross receipts filings, payroll tax filings, sales and use tax filings, information reporting filings, etc.



Videology is responsible for understanding and agreeing with the amounts, computations, and statements made in all of the tax returns before they are filed with the taxing authorities. Most of the tax returns that we will prepare require signatures, under the penalties of perjury, of an officer of Client affirming that the tax returns and the accompanying schedules and statements are true, correct, and complete to the best of his or her knowledge.

It is our understanding that you will file the returns as prepared by PwC unless you inform us otherwise. For those returns that PwC agrees to be the Electronic Return Originator (see Electronic Filing below), PwC will file those returns electronically after you have reviewed and approved the returns for filing.

Videology is required to maintain and retain adequate documentation to support the tax returns as filed as penalties can be imposed by taxing authorities for the failure to produce adequate documentation supporting the items included in a tax return.

We will complete the preparation of the tax returns so they can be timely filed by the extended due date for the federal income tax return. We will endeavour to provide you with draft income tax returns for your review no later than one month prior to the extended due date. In the event the agreed timetable requires that Videology provide us with needed information or assistance within a specified period of time, the failure to timely provide this assistance may require adjustment to our completion date. In addition, in the event unforeseen circumstances occur that impact our ability to meet the final completion date, we will contact Client to discuss an acceptable revised completion date.

The rules for outbound transfers of stock (and certain asset transfers treated as indirect transfers of stock) under Internal Revenue Code Section 367(a) and associated regulations are complex. You are responsible for identifying transactions for which gain recognition agreements (GRAs) are required to qualify for an exception from gain recognition under Internal Revenue Code Section 367, and if so, the adequacy of any disclosure. The Services set forth herein do not include preparing or reviewing such GRAs and related disclosures. To the extent that you subsequently request us to provide such additional services, the mutually agreed services and fees will be set forth in a Statement of Work.

(b)  2019 Tax Compliance Services

For tax compliance and related planning purposes, it is common to provide services for the 2019 year. Such services relating to recurring and non-recurring tax work such as the preparation of year end estimates, [estimated tax payments], allocations, compliance coordination and related tax consulting will be covered under the terms and conditions of this engagement letter with mutually agreed upon adjustments for fees.

(c)  Recurring Tax Consulting Services

From time to time, Videology may request PwC to provide services outside the scope of these tax return preparation services that may not be significant enough to require a separate engagement



letter or Statement of Work.  Subject to our acceptance, PwC will provide such services necessary to respond to matters presented to PwC by Videology, or matters PwC brings to the attention of Videology for which Videology agrees PwC should provide assistance.  The following illustrates the nature of the services intended to be covered by this engagement letter:

- We will provide advice, answers to questions on federal, state and local, and international tax matters, including research, discussions, preparation of memoranda, and attendance at meetings relating to such matters, as mutually determined to be necessary.
- We will provide advice and/or assistance with respect to matters involving the Internal Revenue Service ("IRS") or other tax authorities on an as-needed or as-requested basis.

These examples are not meant to limit the services we may provide to Videology under the terms of this engagement letter.  All services and deliverables provided hereunder are subject to your review and approval.  We will keep you fully apprised of the nature of any services we are providing under this section.  All related periodic billings (see discussion below) will describe the services rendered during the period.

(d)  <u>Other Tax Services</u>

PwC may also perform other tax compliance and consulting services as agreed to with Videology.  Such services will be performed when one or more statements of work are issued under this engagement letter, a form of which is attached as Exhibit A ("Statement of Work").  Each Statement of Work will describe the Services to be performed, the expected schedule for performance, the amounts that Videology will pay for those Services, and any other relevant information.  This engagement letter does not obligate either party to enter into any Statements of Work.  If there is a conflict between the terms contained in the main body of this engagement letter, any Exhibit and/or a Statement of Work, the following order of precedence shall apply: (i) the Statement of Work, (ii) the applicable Exhibit and then, (iii) the main body of this engagement letter.


**FinCEN Form 114 (FBAR)**

Federal law requires that certain individuals and entities report financial interests in, and signatory authority or certain other authority over, foreign financial accounts with more than $10,000 in aggregate value in a calendar year on FinCEN Form 114, Report of Foreign Bank and Financial Accounts.  This form is not filed with a tax return.  Instead this form must be filed electronically with the U.S. Department of the Treasury through the Financial Crimes Enforcement Network's (FinCEN's) BSA E-filing System by April 15 (June 30 for the 2015 calendar year FinCEN Form 114) of the year following the calendar year in which aggregate amounts held in the foreign financial accounts meet the threshold.  The definition of financial accounts is broadly defined and includes certain interests held indirectly.  Failure to comply with these laws could result in significant civil and criminal penalties.  Unless otherwise specifically agreed in writing, PwC will not prepare, file, or provide assistance with respect to the FinCEN Form 114.



### Electronic Filing

The Internal Revenue Service and some states offer or require electronic filing for certain tax returns. As part of the services covered by this engagement letter, PwC will be the Electronic Return Originator (ERO) with respect to the returns indicated with an asterisk on Exhibit I. Your designation of PwC as the ERO allows the taxing authorities to disclose to us the following: 1) any acknowledgement that return(s) have been accepted, 2) the reason(s) for any delay in processing a return or refund, and 3) information regarding any refund offset. If a particular return is ineligible or unable to be processed electronically after making reasonable efforts to do so pursuant to the procedures established by the appropriate tax authority, PwC will provide you with a paper return that must be filed in accordance with the terms noted in this engagement letter.

### Use of PwC Technology

Certain internet based PwC Technology may be made available to you during our engagement as a convenience to support PwC's provision of Services to you. PwC Technology that may be provided to you include PwC's proprietary collaboration tools, software, databases, portals and platforms, all related documentation, as well as any modifications, derivatives or enhancements to them (collectively "PwC Technology"). Should you elect to use such PwC Technology, you understand that access to the PwC Technology is provided 'as is' without any express or implied warranties. Videology must inform Videology's PwC team of the names of the Videology personnel whom Videology authorizes to access and use the PwC Technology on Videology's behalf (the "Client Users"). Videology shall not give access to the PwC Technology to any third party, including, without limitation, to any third party consultants, contractors, or other persons who are not active employees of Videology, without specific written authorization from PwC, PwC having been advised by Videology that such persons are not active employees of Videology. Any such third party expressly authorized by PwC in writing shall be deemed a "Client User" for purposes of this engagement letter. You will remain responsible for promptly notifying PwC of any changes to the list of Client Users who are authorized to access the PwC Technology, as well as the access rights relating to your information for each Client User. You shall remain responsible for all use and access of the PwC Technology by Client Users. Any access credentials issued by PwC are unique to each Client User and must not be shared, even between Client Users.

The information available to you on or through the PwC Technology during an engagement shall be information relating to the performance and delivery of the relevant Services and deliverables, and if applicable, information relating to the twelve (12) month period preceding such relevant Services and deliverables. PwC Technology is not designed or intended to form part of your permanent records, and you are responsible for making and separately maintaining copies of any records stored on the PwC Technology that may be needed by you.

PwC Technology and all materials related to it (including the underlying technology, user interface, algorithm, process, functionality etc.), are confidential and proprietary to PwC. As between the parties, PwC is and shall remain the sole owner of all rights, title and interests therein and thereto (but excluding any information or other content you place in the PwC Technology). You (and any permitted Client Users) may only use the PwC Technology to access, share and view certain information in connection with your receipt of Services, and other than the foregoing permission, no express or implied right or license is granted. Your access to the PwC Technology shall end at the conclusion of the applicable



Services. You shall not (and shall not allow any Client User to) misappropriate or infringe any of PwC's rights in PwC Technology, or otherwise do anything that you are not expressly permitted to do under this engagement letter, or which would interfere with PwC's rights to such PwC Technology. PwC reserves the right, at its discretion, to change or discontinue the offerings, content, information, functionality and availability of the PwC Technology.

## Ownership and Use

We are providing these Services and deliverables solely for your use and benefit and pursuant to a client relationship exclusively with you. We disclaim any contractual or other responsibility or duty of care to others based upon these Services or upon any deliverables or advice we provide.
You will own all tangible written material prepared for and delivered to you under this engagement letter, except as follows: we own our working papers, preexisting materials and any general skills, know-how, processes, or other intellectual property (including a non-client specific version of any deliverables) which we may have discovered or created as a result of the Services. You have a nonexclusive, non-transferable license to use such materials included in the deliverables for your own use as part of such deliverables.

In addition to deliverables, we may develop software or electronic materials (including spreadsheets, documents, databases and other tools) to assist us with an engagement. If we make these available to you, they are provided "as is" and your use of these materials is at your own risk.

## Confidentiality

"Confidential Information" means non-public information that Videology marks as "confidential" or "proprietary" or that otherwise should be understood by a reasonable person to be confidential in nature. All terms of this engagement letter, including but not limited to fee and expense structure, are considered Confidential Information. Confidential Information does not include any information which (i) is rightfully known to PwC prior to its disclosure; (ii) is released to any other person or entity (including governmental agencies) without restriction; (iii) is independently developed by PwC without use of or reliance on Confidential Information; or (iv) is or later becomes publicly available without violation of this engagement letter or may be lawfully obtained by PwC from a non-party. PwC will protect the confidentiality of Confidential Information that it receives, except as required by applicable law, statute, rule, regulation or professional standard. If disclosure is required by law, statute, rule or regulation (including any subpoena or other similar form of process), or by professional standards, PwC shall (other than in connection with routine supervisory examinations by regulatory authorities with jurisdiction and without breaching any legal or regulatory requirement) provide Videology with prior prompt written notice thereof and, if practicable under the circumstances, allow Videology to seek a restraining order or other appropriate relief.



**Our Responsibilities**

We will perform the Services in accordance with the Statements on Standards for Tax Services established by the American Institute of Certified Public Accountants. Accordingly, we will not provide an audit or attest opinion or other form of assurance, and we will not verify or audit any information provided to us.

**Your Responsibilities**

To facilitate our work, you will need to provide the following assistance:

You are responsible for all management functions and decisions relating to this engagement, including evaluating and accepting the adequacy of the scope of the Services in addressing your needs. You are also responsible for the results achieved from using any Services or deliverables, and it is your responsibility to establish and maintain your internal controls. You will designate a competent member of your management to oversee the Services.

We expect that you will provide timely, accurate and complete information and reasonable assistance, and we will perform the engagement on that basis.

You confirm that the requirements for audit committee pre-approval under the Sarbanes-Oxley Act of 2002 have been complied with relating to this engagement.

**Fees and Expenses**

The fee for services relative to this project as described in the Scope of Our Services section incorporates all PwC Subcontractor (defined below) fees and is as follows:

| Tax Year End | December-17 | December-18 |
|---|---|---|
| Total Fees for Calendar Year Ended: | $45,000 | $50,000 |

We also will bill Videology for our reasonable out-of-pocket expenses, any applicable sales, use or value added tax, and PwC's internal per ticket charges for booking travel.

The amount of our fee is based on the assumption that we will receive the information and assistance as detailed throughout this engagement letter. In the event we believe an additional fee is required as the result of the failure of Videology to meet any of these requests or for any other reason, we will inform you promptly.



For additional consulting work, we have included a sample hourly rate card:

| Partner/Principal | $635 - $685 |
|---|---|
| Director | $485 - $500 |
| Manager | $385 - $410 |
| Senior Associate | $295 - $320 |
| Associate and other staff | $215 - $240 |

## Payment Schedule

Unless otherwise provided in a Statement of Work, our standard practice is to render our invoices on a monthly basis. Payment of our invoices is due on presentation and expected to be received within 15 days of the invoice date.

## Termination and Dispute Resolution

This engagement letter has a term of one year. Either party may terminate the Services by giving notice to that effect. Unless otherwise agreed by the parties, any Statement(s) of Work executed prior to the effective date of such termination or expiration of this engagement letter shall remain in full force and effect in accordance with its terms, including the terms and conditions of this engagement letter, which are incorporated therein by reference. Any provisions of this engagement letter which expressly or by implication are intended to survive its termination or expiration will survive and continue to bind the parties.

Any unresolved dispute relating in any way to the Services or this engagement letter shall be resolved by arbitration. The arbitration will be conducted in accordance with the Rules for Non-Administered Arbitration of the International Institute for Conflict Prevention and Resolution ("Rules") then in effect. The arbitration will be conducted before a panel of three arbitrators selected using the screened process provided in the Rules. The arbitration panel, and not any federal, state or local court or agency, shall have exclusive authority to resolve any dispute relating to the interpretation, applicability, enforceability or formation of this engagement letter. The arbitration panel shall have no power to award non-monetary or equitable relief of any sort. It shall also have no power to award damages inconsistent with the Limitations on Liability provisions below or any other terms in this engagement letter. Judgment on any arbitration award may be entered in any court having jurisdiction. All aspects of the arbitration shall be treated as confidential. You accept and acknowledge that any demand for arbitration arising from or in connection with the Services must be issued within one year from the date you became aware or should reasonably have become aware of the facts that give rise to our alleged liability and, in any event, no later than two years after the cause of action accrued.

This engagement letter and any dispute relating to the Services will be governed by and construed, interpreted and enforced in accordance with the laws of the State of New York, without giving effect to any provisions relating to conflict of laws that would require the laws of another jurisdiction to apply.



**Limitations on Liability**

Except to the extent finally determined to have resulted from our gross negligence or intentional misconduct, our aggregate liability for all claims, losses, liabilities or damages in connection with this engagement letter or the Services, whether as a result of breach of contract, tort (including negligence) or otherwise, regardless of the theory of liability asserted, is limited to no more than the total amount of annual fees paid to us for the particular Service giving rise to the liability under this engagement letter or, if applicable, the relevant Statement of Work. In addition, we will not be liable in any event for lost profits, consequential, indirect, punitive, exemplary or special damages. Also, we shall have no liability arising from or relating to any third party hardware, software, information or materials selected or supplied by you.

**Indemnification**

You agree to indemnify and hold PwC and the Beneficiaries (defined below) harmless from and against any and all third party claims, losses, liabilities and damages arising from or relating to the Services or deliverables under this engagement letter, except to the extent finally determined to have resulted from PwC's gross negligence or intentional misconduct relating to such Services and/or deliverables.

**Other PricewaterhouseCoopers Firms and Subcontractors**

PwC is the U.S. firm of the global network of separate and independent PricewaterhouseCoopers firms (exclusive of PwC, the "Other PwC Firms"). PwC may draw on the resources of and/or subcontract to its subsidiaries, the Other PwC Firms and/or third party contractors and subcontractors, in each case within or outside of the United States (each, a "PwC Subcontractor") in connection with the provision of Services and/or for internal, administrative and/or regulatory compliance purposes. Client agrees that PwC may provide information PwC receives in connection with this engagement letter to the PwC Subcontractors for such purposes. PwC will be solely responsible for the provision of the Services (including those performed by the PwC Subcontractors) and for the protection of the information provided to the PwC Subcontractors. The PwC Subcontractors and theirs and PwC's respective partners, principals or employees (collectively, the "Beneficiaries") shall have no liability or obligations arising out of this engagement letter. Videology agrees to: (a) bring any claim or other legal proceeding of any nature arising from the Services against PwC and not against the Beneficiaries; and (b) ensure or procure that the Subsidiaries do not assert any such claim or other legal proceeding against PwC or the Beneficiaries. If any of the Subsidiaries receive Services under this engagement letter, Videology agrees to provide a copy of this engagement letter to such Subsidiaries, and Videology will notify them that although the Beneficiaries may interact with them, the delivery of the Services is governed by the terms of this engagement letter (including the liability limitations herein), and Videology's Subsidiaries should notify Videology of any disputes or potential claims arising from the Services. PwC disclaims any contractual or other responsibility or duty of care to any other subsidiaries or affiliates. While PwC is entering into this engagement letter on its own behalf, this section also is intended for the benefit of the Beneficiaries.



**Consents to Disclose Client Information**

Notwithstanding anything to the contrary in this engagement letter, Videology agrees that PwC may disclose Videology's current and/or prior years' tax return information to PwC Subcontractors within or outside the United States for the purposes described above. Videology authorizes PwC to participate in discussions with and to disclose your information, including your tax return information, to your agents, representatives, administrators or professional advisors (including accountants, attorneys, financial and other professional advisors), their respective officers, directors or employees, and other parties as you may direct. The foregoing consents are valid until further notice by Videology. Videology may request in writing a more limited disclosure than the foregoing.

**Regulatory Matters**

Notwithstanding anything to the contrary in this engagement letter, you have no obligation of confidentiality with respect to any portion of any materials, advice or deliverables to the extent they concern the tax structure or tax treatment of any transaction. If Videology makes a disclosure pursuant to this paragraph, Videology will only disclose information directly related to the tax structure or tax treatment of the transaction and Videology will (a) provide PwC with the name of the person to whom the disclosure was made and a description of the information and materials disclosed; (b) notify such person that they may not rely upon such information and that PwC has no obligation, duty, liability or responsibility to such person; and (c) use commercially reasonable efforts to obtain an executed third party access letter from such person, as determined by PwC, other than Client's professional advisors. For purposes of this paragraph, professional advisors do not include any advisors that are providing or may provide insurance, financing, capital in any form, a fairness opinion, or selling or underwriting securities, or who may obtain a financial interest in Client in connection with any advice related to the Services.

**Codification of Economic Substance**

Federal law (IRC Section 6662(b)) subjects taxpayers to a strict liability penalty equal to 40% (or 20% if adequately disclosed in a tax return) of any underpayment of tax attributable to that portion of a transaction which is determined to lack economic substance under IRC Section 7701(o) or fails to satisfy any other similar rule of law. The higher penalty will be due if a transaction that is determined to lack economic substance is not "adequately disclosed" in the taxpayer's return. Penalties can also be imposed by states to the extent that state laws have adopted similar provisions.

You are responsible for identifying transactions to which the economic substance doctrine applies and determining whether disclosure should be made, and if so, the adequacy of any disclosure. Any additional PwC time spent preparing such disclosures is outside the scope of the Services set forth in this engagement letter. There is no guidance on the substantive aspects of the codified economic substance doctrine. To the extent that we prepare disclosures and/or provide any advice with respect to Videology's determination of the economic substance of a transaction and any related penalties that might be imposed, such disclosures prepared and/or advice rendered as part of our Services will be based on applicable case law, reasonable interpretation of legislation and available guidance.



The strict liability penalty is not affected by whether the position taken on the return meets standards regarding levels of confidence. Moreover, under IRC Section 6664(c), no exceptions (including the reasonable cause exception) to the imposition of such penalties are available and therefore no advice will protect you from any such penalties. Therefore, PwC shall not be liable for any federal or state penalties imposed on you if any portion of a transaction is determined to lack economic substance or fails to satisfy any similar rule of law or if the disclosure of such transaction is determined to be inadequate.

**Written Advice**

The content of the written advice to be provided during the provision of Services is limited to the matters specifically addressed therein, and unless otherwise agreed in a Statement of Work, does not address any other potential tax consequences, including the potential application of tax penalties to any matter. PwC's advice is not binding upon any taxing authority or the courts and there is no assurance that any relevant taxing authority will not successfully assert a contrary position. Videology acknowledges that its ability to use PwC's advice for purposes of demonstrating reasonable cause with respect to any tax penalties is based on a variety of factors, and that there can be no guarantee that PwC's advice alone will provide such protection. Furthermore, all advice, including drafts and oral advice, relating to the subject matter of an engagement provided prior to PwC's final written deliverable is preliminary in nature and is not intended to constitute PwC's final advice regarding the matters or transactions to which the written advice relates.

**Tax Return Disclosure and Tax Advisor Listing Requirements**

Certain federal and state regulations require taxpayers to disclose their participation in certain reportable transactions to the taxing authorities. Videology shall advise PwC if Videology determines that any matter covered by this engagement letter is a reportable transaction that is required to be disclosed. This advice will take the form of your written responses in the Reportable Transaction Compliance Checklist. Your responses will form the basis for Form 8886 disclosures. Any additional PwC time spent: (1) reviewing or assessing related information flows; (2) reviewing or assessing current related policies, procedures or systems; (3) analyzing or identifying reportable transactions; (4) gathering or retaining required documentation; or (5) preparing additional Forms 8886, would be performed outside the scope of the arrangements set forth in this engagement letter and would necessitate an addendum to this engagement letter.

Certain federal and state regulations also require PwC to submit information returns and maintain lists of certain client engagements if PwC is a material advisor to clients that have participated in a reportable transaction. Therefore, if PwC determines, after consultation with Videology, that Client has participated in a transaction causing PwC to have a registration and/or list maintenance obligation, PwC will place Videology's name and other required information on a list. PwC will contact Client if PwC is required to provide Videology's name to the U.S. Internal Revenue Service or any state in connection with any matter under this engagement letter.



### PCAOB Rule 3522

By requesting that PwC perform Services, Videology confirms that no other advisor providing advice or assistance with respect to the subject matter of this engagement letter has imposed any conditions of confidentiality, as defined by Public Company Accounting Oversight Board ("PCAOB") Rule 3522.  In addition, Videology agrees that if, after PwC begins performing Services under this engagement letter, any other advisor imposes conditions of confidentiality with respect thereto, Videology will notify PwC promptly so that PwC can cease work in order to avoid any impairment to independence under PCAOB Rule 3522.

### Federal (Internal Revenue Code Section 6694) and State Preparer Standards

Federal law and certain state laws impose obligations on tax return preparers with respect to a position reported on a tax return or claim for refund that does not meet certain standards regarding levels of confidence.  If during the course of this engagement we identify a position that does not meet these standards, we will advise you about your penalty exposure and whether you can avoid penalty through disclosure. If we are preparing the return or claim for refund and it is concluded that disclosure is required, we will prepare the disclosure and provide it to you.

Our work may require consultation with a PwC subject matter specialist to reach and document the level of technical support for the position. We will discuss with you any additional fees that may be incurred as a result of complying with these requirements.

### Other Matters

No party to this engagement letter may assign or transfer this engagement letter, or any rights, obligations, claims or proceeds from claims arising under it, without the prior written consent of the other party, and any assignment without such consent shall be void and invalid.  If any provision of this engagement letter is found to be unenforceable, the remainder of this engagement letter shall be enforced to the extent permitted by law. This engagement letter, or where applicable, any Statement of Work, is not effective, and the parties understand and agree that PwC is not engaged pursuant to this engagement letter or the applicable Statement of Work, unless and until Client's audit committee (if required) and the responsible PwC audit partner have approved the Services described in this engagement letter or where applicable, the Statement of Work.

Neither party shall be liable to the other for any delay or failure to perform any of the Services or obligations in this engagement letter due to causes beyond its reasonable control.  If PwC is requested or authorized by Videology or required by government regulation, regulatory agency, subpoena, or other legal process to produce PwC's deliverables, working papers or personnel for testimony or interview with respect to services PwC performed for Videology, Videology will reimburse PwC for PwC's and its counsels' expenses and professional time incurred in responding to such a request.

You agree we may use your name in experience citations and recruiting materials.  This engagement letter supersedes any prior understandings, proposals or agreements with respect to the Services, and any changes must be agreed to in writing.



PwC is owned by professionals who hold CPA licenses as well as by professionals who are not licensed CPAs. Depending on the nature of the Services, non-CPA owners may be involved in providing Services under this engagement letter.

\*   \*   \*   \*   \*

We are pleased to have the opportunity to provide services to you. If you have any questions about this engagement letter, please discuss them with Justin Lefevre at 410-659-3533. If the Services and terms outlined in this engagement letter are acceptable, please sign one copy of this engagement letter in the space provided and return it to the undersigned. You may return the signed copy to the undersigned by mail or air courier to 100 East Pratt Street, Suite 1900, Baltimore, MD 21202 or attached as a pdf, jpeg or similar file type to an e-mail to the undersigned at Justin.c.lefevre@us.pwc.com.

Very truly yours,

PricewaterhouseCoopers LLP

By: _____
    Justin C. Lefevre, Tax Principal

Attachment(s):  Exhibit I – Listing of Returns to be Prepared
               Exhibit A – Sample Statement of Work
               Reportable Transaction Compliance Checklist

**ACKNOWLEDGED AND AGREED:**

**Videology, Inc., on behalf of itself and its Subsidiaries**

Signature of client official: _____

Please print name: _____
                                Kenneth Tarpey

Title: _____
                CFO

Date: _____
             1/22/18



Exhibit I

**Videology, Inc. and Subsidiaries**
**Detail Listing of Returns to be Prepared**

| Entity Name | Jurisdiction (Federal/State) | Return Form | Foreign Entity Forms | Filing Method (Separate/ Combined) | Return Type (Income/ Franchise/Etc.) |
|---|---|---|---|---|---|
| Videology, Inc. and Subsidiaries | Federal | 1120* | See below | Consolidated | Income |
| | Federal | 8453-C* | N/A | Consolidated | E-File Authorization |
| | California | Form 100* | N/A | Combined | Income |
| | Connecticut | CT-1120CU* | N/A | Combined | Income |
| | District of Columbia | D-20 | N/A | Combined | Franchise |
| | Florida | F-1120* | N/A | Combined | Income |
| | Idaho | 41 | N/A | Combined | Income |
| | Illinois | IL-1120* | N/A | Combined | Income |
| | Michigan | 4897* | N/A | Combined | Income |
| | New York | CT-3-A* | N/A | Combined | Income / Franchise |
| | New York | TR-579-CT* | N/A | Combined | E-File Authorization |
| | Texas | 05-158 | N/A | Combined | Gross Receipts |
| | Virginia | 500* | N/A | Combined | Income |
| | Virginia | VA-8453-C* | N/A | Combined | E-File Authorization |
| | | | | | |
| Videology, Inc. | Colorado | 112* | N/A | Separate | Income |
| | Maryland | 500* | N/A | Separate | Income |
| | Maryland | EL101B* | N/A | Separate | E-File Authorization |
| | North Carolina | CD-405* | N/A | Separate | Income/Franchise |
| | Pennsylvania | RCT-101* | N/A | Separate | Income/Franchise |
| | Pennsylvania | PA-8879-C* | N/A | Separate | E-File Authorization |
| | Tennessee | FAE170* | N/A | Separate | Income / Franchise |
| | Texas | 05-102 | N/A | Separate | Information |
| | | | | | |
| Collider, Inc. | Texas | 05-102 | N/A | Separate | Information |
| | | | | | |
| Videology Canada, Inc. | Foreign – Canada | Part of Form 1120 | 5471 | Separate | Information |
| | | | | | |
| Videology Asia PTE, Ltd. | Foreign - Singapore | Part of Form 1120 | 5471 | Separate | Information |



|  | | Part of Form 1120 | 5471 | Separate | Information |
|---|---|---|---|---|---|
| Videology, Ltd. | Foreign - UK | Part of Form 1120 | 5471 | Separate | Information |
| VDGY Holding, BV | Foreign - Netherlands | Part of Form 1120 | 5471 | Separate | Information |
| Videology Japan KK | Foreign – Japan | Part of Form 1120 | 5471 | Separate | Information |
| Videology Asia PTE, Ltd. | Foreign - Japan | Part of Form 1120 | 8858 | Separate | Information |
| Videology China WFOE | Foreign – China | Part of Form 1120 | 8858 | Separate | Information |
| Videology, Ltd. | Foreign – Spain | Part of Form 1120 | 8858 | Separate | Information |
|  | Foreign – France | Part of Form 1120 | 8858 | Separate | Information |
| Videology Australia | Foreign - Australia | Part of Form 1120 | 8858 | Separate | Information |
| Videology Media Technologies, BV | Foreign - Netherlands | Part of Form 1120 | 8858 | Separate | Information |
| Videology Media Technologies PTE, Ltd. | Foreign - Singapore | Part of Form 1120 | 8858 | Separate | Information |

**Legend:**
**Entity Name -** Legal name of each filing entity
**Jurisdiction** - Name of federal, state, city, or other taxing jurisdiction
**Return Form** - The form that the return will be filed on.  Insert an asterisk (*) next to the return form if PwC will be the Electronic Return Originator (ERO) with respect to the particular form.
**Foreign Entity Forms -** For each filing entity list the number (or name) of foreign entity forms covered by the scope of the engagement and the number of each that will be attached.  You may also list separately the name of the entity and the form associated with the entity.  Engagement teams may also wish to break out this listing by affiliates in the case of consolidated returns.  This column title may be modified and used to identify other attachments, schedules, or elections as agreed upon with the client.
**Return Type -** Type or return and/or report (Income, franchise, net worth, annual report, business)



**Filing Method** - Type of filing (separate, combined, consolidated, unitary).  Details should be provided when the group filing the return differs from the federal return.  (i.e. federal structure less subsidiary C).
If the filing period for the return differs from the federal return, a "**Filing Period**" column should be added.



**EXHIBIT A**

**SAMPLE FORM OF STATEMENT OF WORK**

This Statement of Work ("SOW") is governed by and subject to the provisions of the engagement letter dated December 18, 2017, (the "Engagement Letter"), the terms of which are incorporated herein, between Videology ("you" or "Client") and PricewaterhouseCoopers LLP ("we" or "us" or "PwC"). The term "Client" in the Engagement Letter shall include the entity(ies) signing this SOW.  Any terms used in this SOW and not otherwise defined will have the same meaning as in the Engagement Letter.  If there is a conflict between the Engagement Letter and the SOW, this SOW shall prevail. This SOW is not effective, and the parties understand and agree that PwC is not engaged pursuant to this SOW, unless and until Videology's audit committee (if required) and the responsible PwC audit partner have approved the Services described in this SOW.

I.   PURPOSE AND SCOPE

This SOW covers [describe project generally].  This SOW sets forth the objectives, deliverables, timing, staffing and fees for this project/effort.

II.  PARTIES' RESPONSIBILITIES

**2.1   Services to be provided by PwC:**

**2.2   Additional provisions applicable to the Services:**

**2.3   Deliverables:**

**2.4   Client's Responsibilities:**

Videology confirms that the requirements for audit committee pre-approval under the Sarbanes-Oxley Act of 2002 have been complied with relating to this engagement.

**2.5   Timing**

The timing of the Services is as follows:

| | |
|---|---|
| Project Start Date: | |
| Estimated Project Completion Date: | |

II.  RESOURCES ASSIGNED

The PwC personnel assigned to provide Services and deliverables under this SOW are as follows:



IV.   FEES, EXPENSES AND PAYMENT

    **4.1**  **Professional Fees and Expenses**

    **4.2**  **Payment Terms**

Each of the parties has caused this SOW to be executed on its behalf by its duly authorized representative as of the date first above written.

| **PricewaterhouseCoopers LLP** | **Videology, Inc. and Subsidiaries** |
|---|---|
| By: _____ | By: _____ |
| Name/Title: _____ | Name/Title: _Kenneth Tarpey / CFO_ |
| Date: _____ | Date: _1/22/18_ |

14 of 14