## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| VIDEOLOGY, INC., *et al.*,[1] | Case No. 18-11120 (BLS) |
| Debtors. | Jointly Administered<br>**Related to Docket No. 397** and 418 |

## ORDER GRANTING DEBTORS' MOTION FOR
## ORDER (I) FIXING BAR DATE FOR FILING CERTAIN POST-PETITION
## ADMINISTRATIVE EXPENSE CLAIMS AND (II)
## APPROVING FORM AND MANNER OF NOTICE THEREOF

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (the "Debtors") for entry of an order pursuant to sections 105(a), 501, 502, 503 and 1111(a) of the Bankruptcy Code, Bankruptcy Rules 2002 and 3003(c)(3), and Local Rules 1009-2 and 2002-1(e) for entry of an order (i) establishing deadlines for filing claims against the Debtors in the Chapter 11 Cases and (ii) approving the form and manner of notice thereof; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012; and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having reviewed the Motion and all other documents that have been filed in connection with the Motion; and the order being necessary or appropriate to carry out 11 U.S.C. § 331 and the other provisions of the Bankruptcy Code; and it appearing that proper

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Videology, Inc. (2191), Collider Media, Inc. (8602), Videology Media Technologies, LLC (6243), LucidMedia Networks, Inc. (8566) and Videology Ltd. The address of the Debtors' corporate headquarters is 1500 Whetstone Way, Suite 500, Baltimore, MD 21230.

[2] Any and all terms not defined herein shall have the meaning ascribed to them in the Motion.

and adequate notice of the Motion has been given and that no other or further notice is necessary;
and upon the record herein; and after due deliberation thereon; and good and sufficient cause
appearing therefore, it is HEREBY ORDERED THAT:

1.     The Motion is GRANTED as set forth herein.

2.     **October 9, 2018 at 5:00 p.m**. (prevailing Eastern Time) is hereby fixed as the
deadline for filing an Administrative Claim (the "Administrative Expense Claims Bar Date").

### Procedures for Filing Administrative Expense Proofs of Claims

3.     The Administrative Expense Claim Bar Date Notice substantially in the form
attached to this Order as **Exhibit 1** is hereby approved.

4.     The Administrative Expense Proof of Claim form substantially in the form
attached to this Order as **Exhibit 2** is hereby approved.

5.     The Debtors are authorized to make nonsubstantive changes to the Administrative
Expense Claim Bar Date Notice, the Administrative Expense Proof of Claim form and related
documents without further Order of the Court, including, without limitation, changes to correct
typographical and grammatical errors and to make conforming changes among the documents.

6.     Each person or entity (including, without limitation, each individual, partnership,
joint venture, limited liability company, corporation, estate, trust or governmental unit) asserting
a potential Administrative Claim is required to file an Administrative Expense Proof of Claim on
or before the Administrative Expense Claims Bar Date.

7.     Administrative Expense Proofs of Claim will be deemed filed only if actually
received on or before the Administrative Expense Claims Bar Date by Omni Management Group
(the "Claims Agent"). Administrative Expense Proof of Claim forms may be sent by first class
mail, overnight delivery or via hand delivery, and must be sent/delivered to the following
address:

57731/0003-16210979v2

**Videology, Inc., et al. Claims Processing**
**c/o Omni Management Group**
**5955 DeSoto Ave., Suite 100**
**Woodland Hills, CA 91367**

Creditors may also file claims electronically with Omni Management Group at the following website:  http://omnimgt.com/videology/poc.  **Administrative Expense Claim forms will be deemed timely filed only if <u>actually received</u> by Omni on or before the Administrative Expense Claims Bar Date.**

8.      The Debtors shall not be required to accept Administrative Expense Proofs of Claim sent by facsimile, telecom, or electronic mail transmission.  For any claim to be properly and validly filed, an original of the completed Administrative Expense Proof of Claim, signed by the claimant or an authorized agent of the claimant, accompanied by any supporting documentation required by Bankruptcy Rules 3001(c) and (d), must be delivered on or before the Administrative Expense Claims Bar Date to the Claims Agent.  Administrative Expense Proofs of Claim must be in the English language and denominated in lawful United States currency.  Any person or entity that files an Administrative Expense Proof of Claim and wishes to receive a time-stamped copy by return mail must include an additional copy of the Administrative Expense Proof of Claim with a self-addressed envelope, postage pre-paid.

9.      The filing of an Administrative Expense Proof of Claim form shall be deemed to satisfy the procedural requirements for the assertion of administrative priority claims under section 503(b) of the Bankruptcy Code.

**<u>Effect of Failure to File an Administrative Expense Proof of Claim</u>**

10.     Any holder of a potential Administrative Claim that fails to file an Administrative Expense Proof of Claim in compliance with the procedures set forth in this Order by the Administrative Expense Claims Bar Date: (i) shall be forever barred, estopped and enjoined from

3

asserting such claim against the Debtors, their estates or their property and (ii) shall not receive or be entitled to receive any payment or distribution of property from the Debtors or their successors or assigns with respect to such claim, absent further order of the Court.

### Excluded Claims

11.     Holders of the following administrative expense claims will not be required to file an Administrative Expense Proof of Claim form (each such claim, an "Excluded Claim"):

a.      Claims by Draper Lending, LLC;

b.      Claims by a Debtor in these Chapter 11 Cases against another Debtor;

c.      Claims for fees payable to the Clerk of Court;

d.      Claims of professionals retained pursuant to sections 327, 328 and 1103 of the Bankruptcy Code and professionals retained by the Debtors in the ordinary course pursuant to an order of this Court approving the employment of ordinary course of business professionals;

e.      United States Trustee fees payable and unpaid under 28 U.S.C. § 1930;

f.      Claims by a governmental unit for a tax or penalty described in section 503(b)(1)(B) and (C) of the Bankruptcy Code, as provided for in section 503(b)(1)(D) of the Bankruptcy Code;

g.      Administrative expense claims that have otherwise been allowed by an order of the Court;

h.      Administrative expense claims held by a person or entity that have been paid in full or otherwise satisfied pursuant to the Bankruptcy Code or in accordance with an order of the Court;

i.      Administrative expense claims based on liabilities incurred postpetition and paid by the Debtors, in the ordinary course of business; and

j.      Administrative expense claims held by a person or entity that has filed a motion or claim requesting allowance of such administrative expense

### Notice Procedures

12.     Pursuant to Bankruptcy Rule 2002(a)(7), the Debtors shall serve copies of the Administrative Expense Claims Bar Date Notice and the Administrative Expense Proof of Claim

4

form by first class United States mail, postage prepaid, on or before three (3) business days after the entry of this Order on:

a. The Office of the United States Trustee for the District of Delaware;

b. Counsel to the Committee;

c. All parties known to the Debtors as having potential administrative expense claims against the Debtors as of the Administrative Expense Claims Bar Date, and their counsel (if known);

d. All known counterparties to the Debtors' executory contracts and unexpired leases;

e. All parties who have requested notice pursuant to Bankruptcy Rule 2002;

f. The Internal Revenue Service and the United States Attorney's Office for the District of Delaware;

g. All other taxing authorities and other governmental units for the jurisdictions in which the Debtors maintain or conduct business;

h. The Securities and Exchange Commission; and

i. To the extent not already included in the above, all parties set forth on the creditor matrix filed by the Debtors (the "Matrix").

13. The Debtors will send the Administrative Expense Claims Bar Date Notice and Administrative Expense Proof of Claim form to: (a) the address reflected in the applicable party's most recent request for notice pursuant to Bankruptcy Rule 2002 or, if no such request for notice has been filed, in the most recent proof of claim filed by the applicable party; or (b) if no such request for notice or proof of claim has been filed by such creditor, such creditor's address as reflected in the Matrix or, if such creditor is not listed in either the Matrix, the last known address of such party as reflected in the Debtors' books and records.

14. The Debtors are directed to also cause the Administrative Expense Claims Bar Date Notice to be posted on the Debtors' restructuring website at www.omnimgt.com/videology.

57731/0003-16210979v2

15. Service of the Administrative Expense Claims Bar Date Notice pursuant to the terms of this Order shall constitute good, sufficient and due notice to all creditors and other entities that may have potential Administrative Claims of the Administrative Expense Claims Bar Date and the need to file an Administrative Expense Proof of Claim by the Administrative Expense Claims Bar Date in order to preserve rights and obligations in connection with such Administrative Claim.

16. The Debtors and the Claims Agent are authorized and empowered to take such actions as may be necessary and appropriate to implement the terms of this Order.

17. Nothing in this Order shall impair, prejudice, waive or otherwise affect the rights of the Debtors (or their successors) to dispute, or assert offsets or other defenses to any Administrative Claim or to object to any Administrative Claim on any basis, including as to amount, liability or characterization.

18. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: August 27 2018
Wilmington, Delaware

THE HONORABLE BRENDAN L. SHANNON
UNITED STATES BANKRUPTCY JUDGE

57731/0003-16210979v2