# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: : | Chapter 11 |
| VIDEOLOGY, INC., *et al.*,[1] : | Case No. 18-11120 (BLS) |
| Debtors. : | Jointly Administered |
| : | **Re: Docket No. 398** and 419 |

### ORDER (I) AUTHORIZING THE EMPLOYMENT AND RETENTION OF PRICEWATERHOUSECOOPERS LLP TO PROVIDE TAX COMPLIANCE AND CONSULTING SERVICES *NUNC PRO TUNC* TO JULY 10, 2018, (II) WAIVING CERTAIN TIME-KEEPING REQUIREMENTS OF LOCAL RULE 2016-2 AND (III) GRANTING RELATED RELIEF

Upon the application (the "Application")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for an order (a) authorizing the Debtors to employ and retain PricewaterhouseCoopers LLP ("PwC") to provide tax compliance and consulting services to the Debtors *nunc pro tunc* to July 10, 2018, (b) waiving certain time-keeping requirements pursuant to Local Rule 2016-2(h), and (c) granting related relief, all as more fully set forth in the Application; and upon the Lefevre Declaration; and the Court being satisfied based on the representations made in the Application and in the Lefevre Declaration that PwC represents no interest adverse to the Debtors' estates with respect to the matters upon which they are to be engaged, that they are disinterested persons as that term is defined under section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, and that their employment is necessary and in the best interests of the Debtors' estates; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing*

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Videology, Inc. (2191), Collider Media, Inc. (8602), Videology Media Technologies, LLC (6243), LucidMedia Networks, Inc. (8566) and Videology Ltd. The address of the Debtors' corporate headquarters is 1500 Whetstone Way, Suite 500, Baltimore, MD 21230.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Application.

57731/0003-16165750v1

*Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Application in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Application is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Application and opportunity for a hearing on the Application were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Application and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Application and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.  The Application is GRANTED as set forth herein.

2.  The Debtors are authorized pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Rule 2014-1 to employ and retain PwC to provide tax compliance and consulting services to the Debtors *nunc pro tunc* to July 10, 2018, in accordance with the terms and conditions set forth in the Application and the Engagement Letter, as modified by this Order.

3.  The Engagement Letter, dated December 18, 2017, annexed as **Exhibit 1** hereto (the "Engagement Letter"), and all compensation set forth therein, are approved pursuant to sections 327(a) and 328(a) of the Bankruptcy Code. PwC will be compensated and

reimbursed in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules and Local Rules, this Order, the applicable guidelines established by the Office of the United States Trustee, and any order of this Court establishing procedures for compensation and reimbursement of expenses for retained professionals, *provided, however*, that the requirements of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the U.S. Trustee Guidelines, are hereby modified such that PwC's professionals shall only be required to maintain summary records in half-hour increments describing each professional's tasks on a daily basis in support of each fee application, including reasonably detailed descriptions of those services and the individuals who provided those services, and will present such records to the Court, *provided further, however*, that time records for Out of Scope Tax Services billed at PwC's professionals' hourly rates will be kept in 0.1 hour increments (i.e., six-minute increments).

4.      Notwithstanding the preceding paragraphs, the U.S. Trustee shall retain the right to object to the compensation and fees and expenses to be paid to PwC pursuant to the Application and the Engagement Letter based on the reasonableness standard provided for in section 330 of the Bankruptcy Code, and the Court shall consider any such objection by the U.S. Trustee under section 330 of the Bankruptcy Code; *provided that* reasonableness for this purpose shall include, among other things, an evaluation by comparing the fees payable in these Chapter 11 Cases to the fees paid to other auditing and accounting firms for comparable services in other chapter 11 cases and outside of chapter 11 cases.

5.      To the extent the Debtors and PwC enter into any addendum(s) to the Engagement Letter or any additional statement(s) of work, the Debtors will file such addendum(s) or statement(s) of work with the Court and serve the same upon (i) the U.S. Trustee; (ii) the Committee; (iii) the Debtors' post-petition lenders; and (iv) all persons and

57731/0003-16165750v1

entities that have filed a request for service of filings in these Chapter 11 Cases pursuant to Bankruptcy Rule 2002 (collectively, the "Notice Parties"), who each shall have fourteen (14) days from service to object. To the extent any such parties timely object to the additional services to be provided by PwC, the Debtors will promptly schedule a hearing before the Court within fourteen (14) days of such objection. All additional services will be subject to the provisions of this Order.

6. Notwithstanding anything in the Engagement Letter to the contrary, the indemnification provision in the Engagement Letter is approved, but only subject to the following modifications:

    (a)    PwC and its Beneficiaries (as defined in the Engagement Letter) shall not be entitled to indemnification, contribution, or reimbursement pursuant to the Engagement Letter for services other than the services described in the Application, unless such services and indemnification therefor are approved by the Court;

    (b)    The Debtors will have no obligation to indemnify PwC and its Beneficiaries, or provide contribution or reimbursement to PwC and its Beneficiaries, for any claim or expense that is either: (i) judicially determined (the determination having become final) to have arisen from PwC's bad faith, self-dealing, breach of fiduciary duty (if any such duty exists), gross negligence, willful misconduct, or fraud; (ii) for a contractual dispute in which the Debtors allege the breach of PwC's contractual obligations unless the Court determines that indemnification, contribution, or reimbursement would be permissible pursuant to *In re United Artists Theatre Co.*, 315 F.3d 217 (2d Cir. 2003); or (iii) settled prior to a judicial determination as to the exclusions set forth in clauses (i) and (ii) above, but determined by the Court, after notice and a hearing to be a claim or expense for which PwC and its Beneficiaries should not receive indemnity, contribution, or reimbursement; and

    (c)    If, before the earlier of: (i) the entry of an order confirming a chapter 11 plan in these Chapter 11 Cases (that order having become a final and non-appealable order); and (ii) the entry of an order closing these Chapter 11 Cases, PwC or its Beneficiaries believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations under the Engagement Letter (as modified by the Order), including without

-4-

limitation the advancement of defense costs, PwC or its Beneficiaries must file an application therefor in this Court, and the Debtors may not pay any such amounts to PwC or its Beneficiaries before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by PwC or its Beneficiaries for indemnification, contribution, or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify PwC and its Beneficiaries. All parties in interest shall retain the right to object to any demand by PwC or its Beneficiaries for indemnification, contribution, or reimbursement.

7. Notwithstanding anything contained in the Engagement Letter, PwC's liability thereunder shall not be limited to the fees received in connection with the Chapter 11 Cases.

8. Notwithstanding anything to the contrary in the Engagement Letter, the Application or the Lefevre Declaration, to the extent that PwC uses the services of independent contractors or subcontractors (collectively, the "Contractors") in these cases, PwC shall (i) pass through the cost of such Contractors to the Debtors at the same rate that PwC pays the Contractors; (ii) seek reimbursement for actual costs only; (iii) ensure that the Contractors are subject to the same conflicts checks as required for PwC; and (iv) file with this Court such disclosures required by Bankruptcy Rule 2014 with respect to such Contractors.

9. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Application.

10. To the extent that there may be any inconsistency between the terms of the Application, the Engagement Letter, the Lefevre Declaration, and this Order, the terms of this Order will govern.

11. Notice of the Application as provided therein is deemed good and sufficient notice of such Application, and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

57731/0003-16165750v1

12. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

13. Notwithstanding anything in the Engagement Letter to the contrary, during the pendency of these Chapter 11 Cases, this Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order and the Engagement Letter, and all provisions of the Engagement Letter related to alternative dispute resolution or alternative forums shall not apply during the pendency of these Chapter 11 Cases.

Dated: August 27, 2018
Wilmington, Delaware

HONORABLE BRENDAN L. SHANNON
UNITED STATES BANKRUPTCY JUDGE

-6-
57731/0003-16165750v1