# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>VG Liquidation, Inc., *et al.*[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 18-11120 (BLS)<br>Jointly Administered<br>**Re: D.I. 863 and 949** |

## ORDER GRANTING JOINT MOTION TO APPROVE SETTLEMENT AND COMPROMISE OF CONTROVERSY WITH CERTAIN FORMER DIRECTORS AND OFFICERS OF THE DEBTORS

THIS MATTER came before the Court for a hearing on May 15, 2019 ("Hearing") upon the *Joint Motion to Approve Settlement and Compromise of Controversy with Certain Former Directors and Officers of the Debtors* [D.I. 863] ("Motion"),[2] filed by the Debtors and the Committee. The Motion seeks approval of the Settlement Agreement with the D&Os, including the entry of a bar order in favor of the D&Os; the Court having reviewed the Motion and the record, and being otherwise fully apprised on the premises, the Court pursuant to Bankruptcy Rule 7052, made applicable to this matter pursuant to Bankruptcy Rule 9014,

FINDS and CONCLUDES as follows:[3]

A. The Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334, 11 U.S.C. § 105(a), Bankruptcy Rule 9019 and other applicable rules of procedure.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: VG Liquidation, Inc. (f/k/a Videology, Inc.) (2191), Collider Media, Inc. (8602), VG MT Liquidation LLC (f/k/a Videology Media Technologies, LLC) (6243), LucidMedia Networks, Inc. (8566), and VG Liquidation Ltd. (f/k/a Videology Ltd.), a company organized under the laws of England and Wales. The address of the Debtors' corporate headquarters is 145 West Ostend Street, Suite 623, Baltimore, MD 21230.

[2] All capitalized terms not defined herein shall have the meanings ascribed to them in the Motion.

[3] To the extent and of the following findings of fact constitute conclusions of law, or conclusions of law constitute findings of fact, they are adopted as such.

B.  The Settlement Agreement was negotiated, proposed, and entered into by the parties at arm's length, without fraud or collusion, and in good faith.

C.  The relief requested in the Motion and granted in this Order is fair and equitable and in the best interests of the Debtors' bankruptcy estates, their creditors, and all other parties in interest.

D.  The legal and factual bases set forth in the Motion establish just cause for the relief requested in the Motion.

E.  Proper, timely, adequate, and sufficient notice of the Motion and the Hearing, and of the proposed relief was given, and such notice was reasonable and appropriate under the circumstances and comports in all regards with the requirements of due process, 11 U.S.C. § 102(1), and Bankruptcy Rule 2002.

Therefore, it is –

ORDERED and ADJUDGED as follows:

1.  The Motion is GRANTED.

2.  The Settlement Agreement, including all terms and conditions therein, are APPROVED in all respects.

3.  The Debtors and the Committee are AUTHORIZED and DIRECTED to perform all obligations under the Settlement Agreement.

4.  The D&Os shall cause the Insurer to pay the Settlement Payment to VG Liquidation, Inc., f/k/a Videology, Inc. ("Inc."), for the benefit of the Debtors' bankruptcy estates, within thirty (30) business days of this Order becoming a Final Order (as defined in the Settlement Agreement).  Modification of the automatic stay, to the extent applicable, is granted to allow the foregoing payments from the proceeds of the Policy.  The Insurer's payment of the

Settlement Payment and any Defense Costs (as defined in the Policy) is deemed to have exhausted the limits of the Policy. Moreover, upon the Debtors' receipt of the Settlement Payment in cleared funds, the Policy is immediately DISCHARGED and CANCELLED, and the Insurer is immediately RELEASED from any and all obligations under the Policy.

5. The Debtors' bankruptcy estates shall seek the entry of a Bar Order (subject to the right of any voting creditor to opt-out in their ballot) in any plan which contains the following language:

> **Except as expressly otherwise permitted by the Settlement Agreement, all Barred Persons (as defined below) are permanently barred, enjoined, and restrained from commencing, prosecuting continuing or asserting against the D&O Releasees (as defined in the Settlement Agreement), either derivatively or on behalf of themselves, in any court, arbitration proceeding, administrative agency, or other forum, any and all suits, actions, causes of action, cross-claims, counterclaims, third party claims or other demands (including any of the Claims being released in the Settlement Agreement) in any federal or state court or any other judicial or non-judicial proceeding (including, without limitation, any proceeding in any judicial, arbitral, mediation, administrative, or other forum) against or affecting any of the D&O Releasees, which is based in whole or part on any allegation, claim, demand, cause of action, matter or fact directly or indirectly relating in any way to or arising in connection with the Policy, and/or the facts and circumstances underlying the Demand Letter and the Claims, whether or not asserted therein (collectively, the "Barred Claims"). For purposes of the Bar Order, "Barred Persons" shall mean any person or entity that has held, holds, may hold, or purports to hold a claim or other debt or liability or an interest, or other right against, in, arising out of, or in any way related to the Debtors, whether that person or entity filed a Proof of Claim or otherwise.**

6. In the event the Bar Order is not entered by August 31, 2019 the Debtors' bankruptcy estates shall return the Settlement Payment to the D&Os or the Insurer, as applicable; provided, however, that this deadline may be extended by agreement of the D&Os; provided further, that in the event the Bar Order is not entered and the bankruptcy estates return the

Settlement Payment to the D&Os or the Insurer, as applicable, then (i) the Parties shall be returned, as of such date, to the *status quo ante* prior to their entry into this Settlement Agreement, (ii) the Parties agree that any statute of limitations in respect of the Claims shall be and shall have been tolled through the date of the Reversal Order, and (iii) this Settlement Agreement shall terminate and, except for the tolling agreement in the preceding clause, shall be deemed null and void without any continuing force or effect whatsoever.

7. The lack of any specific description or inclusion of any particular provision of the Settlement Agreement in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of this Court that the Settlement Agreement be approved in its entirety.

8. In the event of any discrepancy between the Settlement Agreement and this Order, the terms of this Order shall govern.

9. Notwithstanding any provision in the Bankruptcy Rules to the contrary, (i) the settlement is not subject to any stay in the implementation, enforcement, or realization of the relief granted in this Order, unless otherwise provided herein or in the Settlement Agreement, and (ii) the Debtors, the Committee, and the D&Os, in their discretion, and without further delay, may take any action and perform any act authorized under this Order.

10. Nothing in this Order or the Settlement Agreement shall release, bar, enjoin, or restrain the Debtors, their estates, or the Committee from bringing any of the claims or causes of action set forth in the draft Complaint attached as Exhibit B to the *Motion of Official Committee of Unsecured Creditors for Entry of an Order Granting Derivative Standing and Authority to Prosecute and Settle Claims on Behalf of the Debtors' Estates* [Docket No. 725], nor shall any of the defendants named in the Complaint be released from any claims or causes of action in their

capacity as holders of Convertible Promissory Notes issued pursuant to that certain Convertible Note Purchase Agreement dated August 23, 2017, as amended by that certain Amended and Restated Convertible Note Purchase Agreement, dated October 19, 2017. In addition, nothing in the Settlement Agreement or this Order constitute a waiver or release of any claims held by the D&Os against the Debtors' bankruptcy estates, and all objections to and litigation concerning any such claims are expressly preserved; *provided*, however, nothing in this paragraph limits in any way the discharge and cancellation of the Policy or the release of the Insurer from any and all obligations under the Policy.

11. Nothing in this Order or the Settlement Agreement shall be construed as a determination of the allocation of proceeds of the Settlement Payment between or among the Debtors' respective estates. Any determination of the allocation of the proceeds of the Settlement Payment shall be made by separate Order of the Court.

12. Notwithstanding anything in this Order or the Settlement Agreement, in the event the Settlement Payment is returned to the Insurer, the provisions of this Order and the Settlement Agreement are null and void. Without limiting the foregoing, if the Settlement Payment is returned to the Insurer, the discharge and cancellation of the Policy and the releases of the Insurer and the D&Os in paragraph 5 of the Settlement Agreement shall be deemed revoked, and the Policy and coverage thereunder shall be reinstated.

13. This Court retains jurisdiction with respect to all matters arising from or related to the implementation and interpretation of this Order.

Dated: May 13, 2019  
Wilmington, Delaware

_____  
The Honorable Brendan L. Shannon  
United States Bankruptcy Judge