IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| VG LIQUIDATION, INC., *et al.*,[1] | Case No. 18-11120 (BLS) |
| Debtors. | Jointly Administered |
| | **Related to Docket Nos. 804 and 979** |

ORDER (A) APPROVING DISCLOSURE STATEMENT;
(B) SCHEDULING HEARING ON CONFIRMATION OF PLAN; (C) ESTABLISHING DEADLINES AND PROCEDURES FOR (I) FILING OBJECTIONS TO CONFIRMATION OF PLAN, (II) CLAIM OBJECTIONS AND (III) TEMPORARY ALLOWANCE OF CLAIMS FOR VOTING PURPOSES; (D) DETERMINING TREATMENT OF CERTAIN UNLIQUIDATED, CONTINGENT OR DISPUTED CLAIMS FOR NOTICE, VOTING AND DISTRIBUTION PURPOSES; (E) SETTING RECORD DATE; (F) APPROVING (I) SOLICITATION PACKAGES AND PROCEDURES FOR DISTRIBUTION, (II) FORM OF NOTICE OF HEARINGON CONFIRMATION AND RELATED MATTERS AND (III) FORMS OF BALLOTS; (G) ESTABLISHING VOTING DEADLINE AND PROCEDURES
**FOR TABULATION OF VOTES; AND (H) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors") for entry of an order, pursuant to sections 105, 1125, 1126 and 1128 of title 11 of the United States Code, 11 U.S.C. §§101-1532 (the "Bankruptcy Code"), Rules 2002, 3003, 3017, 3018, 3020 and 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3017-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), (a) approving a disclosure statement; (b) scheduling a hearing on

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: VG Liquidation, Inc. (f/k/a Videology, Inc.) (2191), Collider Media, Inc. (8602), VG MT Liquidation LLC (f/k/a Videology Media Technologies, LLC) (6243), LucidMedia Networks, Inc. (8566), and VG Liquidation Ltd. (f/k/a Videology Ltd.), a company organized under the laws of England and Wales. The address of the Debtors' corporate headquarters is 145 West Ostend Street, Suite 623, Baltimore, MD 21230.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion.

57731/0003-17197925v6

confirmation of a plan; (c) establishing deadlines and procedures for (i) filing objections to confirmation of the plan, (ii) claim objections for voting purposes, and (iii) temporary allowance of claims for voting purposes; (d) determining the treatment of certain unliquidated, contingent or disputed claims for notice, voting and distribution purposes; (e) setting a record date; (f) approving (i) solicitation packages and procedures for distribution, (ii) the form of notice of the hearing on confirmation and related matters and (iii) forms of ballots; (g) establishing a voting deadline and procedures for tabulation of votes; and (h) granting related relief; and Debtors VG Liquidation, Inc., VG Liquidation Ltd. and VG MT Liquidation LLC (collectively, the "Plan Debtors") filed the Amended Joint Chapter 11 Plan of Liquidation of the Plan Debtors (as the same may be further amended, modified or supplemented from time to time, the "Plan") and the Amended Disclosure Statement for the Amended Joint Chapter 11 Plan of Liquidation of the Plan Debtors (as the same may further be amended, modified or supplemented from time to time, the "Disclosure Statement"); and this Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. § 1334; and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided; and it appearing that no other or further notice need be provided; and all objections to the Disclosure Statement having been withdrawn or overruled for reasons stated on the record at the hearing to consider approval of the Disclosure Statement and on the Motion; and the Court having determined that the relief sought in the Motion is in the best interests of the Debtors, their creditors and all other parties in interest; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon

57731/0003-17197925v6

the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED AND DECREED THAT:**

1. The Motion is GRANTED.

2. The Disclosure Statement is hereby APPROVED in all respects pursuant to 11 U.S.C. § 1125 and Fed. R. Bankr. P. 3017(b).

3. <u>Confirmation Hearing Date.</u> The hearing (the "<u>Confirmation Hearing</u>") to consider confirmation of the Plan shall commence on **July 31, 2019 at 10:00 a.m. (prevailing Eastern Time)** (the "<u>Confirmation Hearing Date</u>").[3] The Confirmation Hearing may be continued from time to time by way of announcement of such continuance in open court or otherwise, without further notice to parties in interest.

4. <u>Deadline and Procedures for Filing Objections to Confirmation.</u> The deadline for filing and serving objections to confirmation of the Plan (the "<u>Plan Objection Deadline</u>") shall be **June 28, 2019 at 4:00 p.m. (prevailing Eastern Time).** In order to be considered, objections, if any, to confirmation of the Plan must (a) be made in writing; (b) comply with the Bankruptcy Code, the Bankruptcy Rules and the Local Rules; (c) state the name and address of the objecting party and the nature and amount of any claim or interest asserted by such party against the Debtors, their estates or property; (d) state with particularity the legal and factual bases and nature of any objection to the Plan; (e) be filed with the Court, and served on the following parties (collectively, the "<u>Notice Parties</u>"), so as to be received on or before the Plan Objection Deadline: (1) counsel to the Debtors, Cole Schotz P.C., 300 E. Lombard Street, Suite 1450, Baltimore, MD 21202, Attn: Irving Walker, Esq., (iwalker@coleschotz.com) and 500 Delaware Avenue, Suite 1410, Wilmington, Delaware 19801,

---

[3] All hearings, dates, and deadlines set by this Order are consolidated in a chart attached hereto as <u>Exhibit E</u>.

3

Attn: Patrick J. Reilley, Esq., (preilley@coleschotz.com), G. David Dean, Esq. (ddean@coleschotz.com), Katherine M. Devanney, Esq. (kdevanney@coleschotz.com); (2) counsel to the Committee, Cooley LLP, 1114 Avenue of the Americas, 46th Floor, New York, NY 10036, Attn: Seth Van Aalten, Esq. (svanaalten@cooley.com) and Michael Klein, Esq. (mklein@cooley.com), and Potter Anderson & Corroon LLP, Hercules Plaza, 1313 North Market Street, 6th Floor, Wilmington, DE 19801, Attn: Christopher S. Samis, Esq. (csamis@potteranderson.com) and L. Katherine Good, Esq. (kgood@potteranderson.com); and (3) the Office of the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn: David Buchbinder, Esq. (David.L.Buchbinder@usdoj.gov). Confirmation objections shall be filed and served so as to be received by the Notice Parties no later than the Plan Objection Deadline.

5. Objections to confirmation of the Plan not timely filed and served in accordance with the provisions of the prior paragraph shall not be considered by the Court and shall be overruled.

6. <u>Deadline for Objections to Claims for Voting Purposes Only</u>. The deadline for any party in interest to file and serve objections to claims solely for the purposes of voting on the Plan ("<u>Voting Claims Objections</u>") shall be **June 14, 2019** (the "<u>Voting Claims Objection Deadline</u>"). Any objection to claims filed by any party in interest on substantive grounds that is pending on the Voting Claims Objection Deadline shall also be considered a Voting Claims Objection.

7. To be considered, Voting Claims Objections must: (a) be made in writing; (b) comply with the Bankruptcy Code, the Bankruptcy Rules and the Local Rules; (c) state the name and address of the party asserting the Voting Claims Objection; (d) state with particularity

the legal and factual bases for the Voting Claims Objection; and (e) be filed with the Court, and served on the Notice Parties, so as to be received no later than the Voting Voting Claims Objection Deadline. Voting Claims Objections not timely filed and served in accordance with the foregoing provision shall not be considered by the Court and shall be overruled.

8. <u>Deadline and Procedures for Temporary Allowance of Claims for Voting Purposes</u>. The deadline for filing and serving motions pursuant to Bankruptcy Rule 3018(a) seeking temporary allowance of claims for the purpose of accepting or rejecting the Plan ("<u>Rule 3018(a) Motions</u>") shall be **June 28, 2019** (the "<u>Rule 3018(a) Motion Deadline</u>").

9. In order to be considered, Rule 3018(a) Motions must: (a) be made in writing; (b) comply with the Bankruptcy Code, the Bankruptcy Rules and the Local Rules; (c) state the name and address of the party asserting the 3018(a) Motion; (d) state with particularity the legal and factual bases for the Rule 3018(a) Motion; and (e) be filed with the Court, and served on the Notice Parties, so as to be received no later than the Rule 3018(a) Motion Deadline. Rule 3018(a) Motions not timely filed and served in accordance with the foregoing provision shall not be considered by the Court and shall be overruled.

10. Any party timely filing and serving a Rule 3018(a) Motion shall be provided a Ballot (as defined below) and shall be permitted to cast a provisional vote to accept or reject the Plan, pending a final determination by the Court. If, and to the extent that, the Debtors and such party are unable to resolve the issues raised by the Rule 3018(a) Motion prior to the Confirmation Hearing, such Rule 3018(a) Motion shall be considered by the Court at the Confirmation Hearing, and the Court shall determine whether the provisional ballot should be counted as a vote on the Plan, and, if so, the amount, if any, in which the party filing the Rule 3018(a) Motion will be entitled to vote.

11. <u>Treatment of Certain Unliquidated, Contingent or Disputed Claims for Notices, Voting and Distribution Purposes</u>. Pursuant to section 105(a) of the Bankruptcy Code, Bankruptcy Rules 2002(a)(7) and 3003(c)(2) and this Court's order [D.I. 530] (the "<u>Bar Date Order</u>") establishing certain deadlines (the "<u>Bar Dates</u>") for filing proofs of claim against the Debtors, including a general Bar Date, Governmental Bar Date, Amended Schedules Bar Date, Rejection Bar Date and Administrative Claims Bar Date (as such terms are defined in the Bar Date Order), any creditors whose claims (a) are scheduled in the Debtors' schedules of assets and liabilities (as the same may be amended, the "<u>Schedules</u>") as disputed, contingent or unliquidated and which are not the subject of a timely-filed proof of claim, or a proof of claim deemed timely filed with the Bankruptcy Court pursuant to either the Bankruptcy Code or any order of the Court, or otherwise deemed timely filed under applicable law; or (b) are not scheduled and are not the subject of a timely-filed proof of claim, or a proof of claim deemed timely filed with the Bankruptcy Court pursuant to either the Bankruptcy Code or any order of the Court, or otherwise deemed timely filed under applicable law, shall be denied treatment as creditors with respect to such claims for purposes of (i) voting on the Plan, and (ii) receiving distributions under the Plan; or (c) claims asserted in proof of claim as to which an objection is filed by the Debtors or any party in interest on or before the Voting Claims Objection Deadline unless (i) an order of the Court is entered allowing such claim; (ii) an order of the Court is entered temporarily allowing such claim for voting purposes only pursuant to Bankruptcy Rule 3018(a); or (iii) the pending objection to such claim is voluntarily withdrawn by the objecting party.

12. <u>Voting Procedures</u>. For purposes of voting, the amount of a claim used to calculate acceptance or rejection of the Plan under section 1126 of the Bankruptcy Code shall be determined in accordance with the following hierarchy:

57731/0003-17197925v6

    a.    if an order has been entered by the Court determining the amount of such claim, whether pursuant to Bankruptcy Rule 3018 or otherwise, then in the amount prescribed by the order;

    b.    if no such order has been entered, then in the liquidated amount contained in a timely-filed proof of claim that is not the subject of an objection as of the Voting Claims Objection Deadline; and

    c.    if no such proof of claim has been timely filed, then in the liquidated, noncontingent and undisputed amount contained in the Debtors' Schedules.

13.    For purposes of voting, the following conditions shall apply to determine the amount and/or classification of a claim:

    a.    if a claim is partially liquidated and partially unliquidated, such claim shall be allowed for voting purposes only in the liquidated amount;

    b.    if a scheduled or filed claim has been paid, in full or in part, only the undisputed unpaid amount of such claim, if any, is permitted to vote to accept or reject the Plan;

    c.    if a timely-filed proof of claim is filed as wholly unliquidated, contingent, disputed, and/or for an unknown amount (as determined on the face of the claim or after a reasonable review of the supporting documentation by the Voting Agent) and is not the subject of an objection as of the Voting Claims Objection Deadline, such claim shall be temporarily allowed for voting purposes only, and not for purposes of allowance or distribution, at $1.00;

    d.    if the Debtors have served an objection or request for estimation by the Voting Claims Objection Deadline, such Claim is temporarily disallowed for voting purposes only and not for purposes of allowance or distribution, except to the extent and in the manner as may be set forth in such objection, or as ordered by the Court before the Voting Deadline;

    e.    proofs of claim filed for $0.00 are not entitled to vote;

    f.    notwithstanding anything to the contrary contained herein, any creditor who has filed or purchased duplicate Claims within the same Voting Class shall be provided with only one Solicitation Package and one ballot for voting a single claim in such Class,

7

regardless of whether the Debtors have objected to such duplicate claims;

g. if a proof of claim has been amended by a later filed proof of claim, only the later filed amending claim will be entitled to vote, regardless of whether the Debtor has objected to such earlier filed claim; and

h. for purposes of the numerosity requirement of section 1126(c) of the Bankruptcy Code, separate claims held by a single creditor in a particular Class shall be aggregated as if such creditor held one claim against the Plan Debtor in such Class, and the votes related to such claims shall be treated as a single vote to accept or reject the Plan.

14. <u>Record Date</u>.  The record date for purposes of determining (a) creditors and equity holders entitled to receive Solicitation Packages and related materials, if any, and (b) creditors entitled to vote to accept or reject the Plan and the creditors' corresponding claims, shall be **May 15, 2019** (the "<u>Record Date</u>").

15. <u>Notice and Transmittal of Solicitation Packages Including Ballots, and Non-Voting Packages</u>.  Within four (4) business days after the date an order approving the Disclosure Statement as containing adequate information is entered by the Court, the Debtors shall mail or cause to be mailed by first-class mail to all of their known creditors, equity security holders as of the Record Date, and all other entities required to be served under Bankruptcy Rules 2002 and 3107, notice of, *inter alia*, the Confirmation Hearing substantially in the form attached hereto as <u>Exhibit A</u> (the "<u>Confirmation Hearing Notice</u>"), which form is hereby approved.

16. <u>Unimpaired Non-Voting Packages – Classes 1A-1C</u>.  In addition to the Confirmation Hearing Notice, the Debtors shall mail or cause to be mailed by first-class mail to holders of claims in Classes 1A-1C (Secured Claims) under the Plan, which classes are unimpaired, are deemed to have accepted the Plan and are not entitled to vote, a copy of the

Notice Of Non-Voting Status With Respect To Unimpaired Classes, substantially in the form attached hereto as Exhibit B-1 (each, an "Unimpaired Non-Voting Notice," and together with the Confirmation Hearing Notice, an "Unimpaired Non-Voting Package").

17. Deemed Rejected Non-Voting Packages – Classes 3A-3C. In addition to the Confirmation Hearing Notice, the Debtors shall mail or caused to be mailed by first-class mail to holders of interests in Classes 3A-3C (Equity Interests) under the Plan, which classes are impaired, are deemed to have rejected the Plan and are not entitled to vote, a copy of (i) the Notice of Non-Voting Status With Respect To Impaired Classes, substantially in the form attached hereto as Exhibit B-2 (each a "Deemed Rejected Non-Voting Notice"); (ii) the Disclosure Statement, including the Plan as an exhibit; and (iii) a copy of the this Order (together with the Confirmation Hearing Notice, the Disclosure Statement, the Deemed Rejected Non-Voting Notice, the "Deemed Rejected Non-Voting Package").

18. The Unimpaired Non-Voting Notice, substantially in the form of Exhibit B-1, and the Deemed Rejected Non-Voting Notice, substantially in the form of Exhibit B-2, are hereby approved. Further, the Unimpaired Non-Voting Package is hereby deemed to constitute adequate alternative disclosure statements to unimpaired non-voting classes under 11 U.S.C. § 1125(c) and summary plans under Bankruptcy Rule 3017(d).

19. Solicitation Packages. The Debtors shall mail or cause to be mailed by first-class mail to holders of claims in Classes 2A-2C (General Unsecured Claims) under the Plan, who are entitled to vote on the Plan, an information and solicitation package (the "Solicitation Package"). The Solicitation Package shall contain copies or conformed printed versions of: (i) the Disclosure Statement, including a copy of the Plan as an Exhibit; (ii) a copy of this Order (without exhibits); (iii) the Confirmation Hearing Notice; (iv) a copy of IRS Form

W-9; and (v) a letter from the Committee setting forth its recommendations with respect to the Plan. In addition, each Solicitation Package also shall contain one or more ballots (and a pre-addressed return envelope) appropriate for the specific creditor, in substantially the forms of the proposed ballots collectively attached hereto as Exhibits C-1 through C-3 (as such ballots may be modified for particular classes and with instructions attached to thereto, the "Ballots"), which forms of Ballots are hereby approved.

20. The Debtors, at their discretion, may provide the Disclosure Statement, including the Plan as Exhibit 1, and this Order in the form of a CD-ROM in an Adobe Acrobat (PDF) standard format, rather than in paper copies. Parties may submit a written request to the Voting Agent if they prefer paper copies of the Disclosure Statement and Plan and all such requests will be fulfilled. The Disclosure Statement, Plan and Solicitation Procedures Order may also be examined at the Debtors' case website (https://www.omnimgt.com/videology).

21. Creditors holding (i) unclassified claims or unimpaired claims and also (ii) claims in a class that is designated as impaired and entitled to vote under the Plan shall receive only the Solicitation Package appropriate for the applicable impaired class; and creditors who have filed duplicate claims in any given class (i) shall receive only one Solicitation Package and one Ballot for voting their claims with respect to that class; and (ii) shall be entitled to vote their claim only once with respect to that class.

22. **When No Notice or Transmittal Necessary.** Notwithstanding any provision of this Order to the contrary, no notice or service of any kind shall be required to made upon any person to whom the Debtors mailed a notice of the meeting of creditors under section 341 of the Bankruptcy Code or notice of the bar date for filing proofs of claim and received either of such notices returned by the United States Postal Service marked

57731/0003-17197925v6

"undeliverable as addressed," "moved–left no forwarding address," "forwarding order expired" or similar marking or reason, unless the Debtors have been informed in writing by such person of that person's new address.

23. The Debtors shall not re-mail undelivered Solicitation Packages or other undeliverable solicitation-related notices that were returned marked "undeliverable as addressed," "moved–left no forwarding address," "forwarding order expired" or similar marking or reason, unless the Debtors have been informed in writing by such person of that person's new address.

24. <u>Publication Notice</u>. The Debtors shall publish notice of the Confirmation Hearing, substantially in the form attached hereto as <u>Exhibit D</u>, once within ten (10) business days after the entry of this Order in the national edition of The Wall Street Journal, The New York Times or USA Today.

25. <u>Voting Deadline</u>. To be counted, Ballots for accepting or rejecting the Plan must be received by the Voting Agent by **June 28, 2019 at 5:00 p.m.** (the "<u>Voting Deadline</u>"). The Debtors are hereby authorized to extend, in their sole discretion, by oral or written notice to the Voting Agent, the period of time during which Ballots will be accepted for any reason from any creditor or class of creditors.

26. <u>Procedures for Vote Tabulation; Votes Counted</u>. Any Ballot that is properly executed and timely received, and that is cast as either an acceptance or rejection of the Plan, shall be counted and shall be deemed to be cast as an acceptance or rejection, as the case may be, of the Plan. The failure of a holder of a claim in Classes 2A-2C to timely deliver an executed Ballot shall be deemed to constitute an abstention by such holder with respect to voting on the Plan, and such abstention will not be counted as a vote for or against the Plan.

27. For purposes of voting, classification and treatment under the Plan, at the election of the Plan Debtors, (i) each holder of a claim that holds or has filed more than one claim against a Plan Debtor in an impaired class shall be treated as if such holder has only one claim against that Debtor in each applicable class; (ii) the claims filed by such holder against that Plan Debtor shall be aggregated by Plan Debtor in each applicable class; and (iii) the total dollar amount of such holder's claims in each applicable class against each Plan Debtor shall be the sum of the aggregated claims of such holder against each Plan Debtor in each applicable class. Notwithstanding the foregoing, an entity that acquires the claims of more than one creditor by the Record Date (and has complied with Bankruptcy Rule 3001(e) by the Record Date) shall receive a separate Ballot for each creditor whose claim(s) was acquired and shall have the right to cast a separate Ballot for each creditor whose claim(s)s was acquired.

28. For purposes of the Record Date, no transfer of claims pursuant to Bankruptcy Rule 3001 shall be recognized unless either (i) (a) documentation evidencing such transfer was filed with the Court on or before twenty-one (21) days prior to the Record Date and (b) no timely objection with respect to such transfer was filed by the transferor; or (ii) the parties to such transfer waived the twenty-one (21) day period in the evidence of transfer and the evidence of transfer was docketed prior to the Record Date.

29. <u>Procedures for Vote Tabulation; Votes Not Counted</u>. Unless otherwise ordered by the Court after notice and a hearing, the following Ballots shall not be counted or considered for any purpose in determining whether the Plan has been accepted or rejected:

    a. any Ballot received after the Voting Deadline (as may be extended by the Debtors as provided herein);

    b. any Ballot that is illegible or contains insufficient information to permit the identification of the claimant;

    c.    any Ballot cast by a person or entity that does not hold a claim in a class that is entitled to vote to accept or reject the Plan;

    d.    any Ballot cast for a claim designated as contingent, unliquidated or disputed or as zero or unknown in amount and for which no Rule 3018(a) Motion has been filed by the Rule 3018(a) Motion Deadline;

    e.    any Ballot that indicates neither an acceptance nor a rejection, or indicates both an acceptance or rejection, of the Plan;

    f.    any Ballot that casts part of its vote in the same class to accept the Plan and part to reject the Plan;

    g.    any form of Ballot other than the official form sent by the Voting Agent, or a copy thereof;

    h.    any Ballot received that the Voting Agent cannot match to an existing database record;

    i.    any Ballot that does not contain an original signature; or

    j.    any Ballot that is submitted by facsimile, email or by other electronic means.

30.    Neither the Debtors, the Voting Agent nor any other person or entity shall be under any duty to provide notification of defects or irregularities with respect to delivered Ballots. Rather, the Voting Agent may either disregard, with no further notice, defective Ballots, or it may attempt to have defective Ballots cured.

31.    <u>Withdrawal of Vote</u>. Any party who has delivered a valid Ballot for the acceptance or rejection of the Plan may withdraw, subject to the Debtors' right to contest the validity of such withdrawal, such acceptance or rejection by delivering a written notice of withdrawal to the Voting Agent at any time prior to the Voting Deadline. A notice of withdrawal, to be valid, shall (a) contain the description of the claim(s) to which it relates and the aggregate principal amount represented by such claim(s), (b) be signed by the withdrawing party in the same manner as the Ballot being withdrawn, (c) contain a certification that the withdrawing party

13

owns the claim(s) and possesses the right to withdraw the Ballot sought to be withdrawn, and (d) be timely received by the Voting Agent prior to the Voting Deadline.

32. <u>Changing Votes</u>. Notwithstanding Bankruptcy Rule 3018(a), whenever two or more Ballots are cast voting the same claim(s) prior to the Voting Deadline, the last valid Ballot received prior to the Voting Deadline shall be deemed to reflect the voter's intent and thus supersede any prior Ballots, without prejudice to the Debtors' right to object to the validity of the later Ballot on any basis permitted by law, including under Bankruptcy Rule 3018(a), and, if the objection is sustained, to count the first dated Ballot for all purposes.

33. <u>No Division of Claims or Votes</u>. A creditor who votes must vote the full amount of each claim voted either to accept or reject the Plan; and each creditor who votes and holds multiple claims within a particular class must vote all such claims to either accept or reject the Plan. The Ballots of creditors failing to vote in the manner specified in this paragraph shall not be counted for any purpose.

34. <u>Classes Deemed to Reject</u>. The holders of interests in Classes 3A-3C shall be deemed to have rejected the Plan, and the Debtors are not required to solicit votes on the Plan from such holders.

35. <u>Certification of Vote</u>. The Voting Agent shall file its voting certification (the "<u>Voting Certification</u>") on or before **July 17, 2019 at 4:00 p.m.** The Debtors shall serve such Voting Certification on all parties having requested notice in the Chapter 11 Cases pursuant to Bankruptcy Rule 2002, and post such Voting Certification on the Debtors' case website as soon as practicable after the Voting Certification is filed.

36. <u>Filing of Plan Supplement(s)</u>.  The Debtors shall file any Plan Supplement(s) on or before **June 21, 2019 at 4:00 p.m.**, and shall post any such Plan Supplement(s) on the Debtors' case website (http://www.omnimgt.com/videology).

37. <u>Filing of Notices of Liquidating Trustee and Liquidating Trust Committee</u>.  The Debtors or the Committee shall file one or more notices on a date that is not less than ten (10) days prior to the hearing to consider confirmation of the Plan designating (i) the Person who has been selected as Liquidating Trustee and (ii) the Persons or Entities that have been selected to serve on the Liquidating Trust Committee.

38. The Debtors are authorized to make nonsubstantive changes to the Disclosure Statement, the Plan, Ballots and related documents without further order of the Court, including without limitation, changes to correct typographical and grammatical errors and to make conforming changes among the Disclosure Statement, the Plan and any other related materials prior to their mailing to parties in interest.

The Court shall retain jurisdiction to implement, interpret and effectuate the provisions of this Order.

Dated: May 15, 2019
Wilmington, Delaware

The Honorable Brendan L. Shannon
United States Bankruptcy Judge