**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| VG LIQUIDATION, INC., et al., | Case No. 18-11120 (JTD) |
| Debtors.[1] | (Jointly Administered) |
| | Re: D.I. 984 |

**OBJECTION (SUBSTANTIVE) TO CLAIMS OF PINNACLE**
**VENTURES, L.L.C FOR THE PURPOSES OF VOTING ON THE PLAN**

J.H. Lane Partners Master Fund, LP ("J.H. Lane"), a creditor and party in interest in the above-captioned jointly administered chapter 11 cases of VG Liquidation, Inc. (f/k/a Videology, Inc.) ("VG Inc.") and its debtor subsidiaries (collectively, the "Debtors"), including VG MT Liquidation (f/k/a Videology Media Technologies, LLC) ("VMT") and VG Liquidation Ltd. (f/k/a Videology Ltd.) ("VG Ltd."), by and through its undersigned counsel, hereby objects (this "Objection") to the claims filed by Pinnacle Ventures, L.L.C. ("Pinnacle"), as agent for the lenders under certain loan agreements, solely for the purposes of voting, in accordance with the Court's *Order (A) Approving Disclosure Statement; (B) Scheduling Hearing on Confirmation of Plan; (C) Establishing Deadlines and Procedures for (I) Filing Objections to Confirmation of Plan, (II) Claim Objections and (III) Temporary Allowance of Claims for Voting Purposes; (D) Determining Treatment of Certain Unliquidated, Contingent or Disputed Claims for Notice, Voting and Distribution Purposes; (E) Setting Record Date; (F) Approving (I) Solicitation Packages and Procedures for Distribution, (II) Form of Notice of Hearing on Confirmation and*

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: VG Liquidation, Inc. (f/k/a Videology, Inc.) (2191), Collider Media, Inc. (8602), VG MT Liquidation LLC (f/k/a Videology Media Technologies, LLC) (6243), LucidMedia Networks, Inc.(8566) and VG Liquidation Ltd. (f/k/a Videology Ltd.), a company organized under the laws of England and Wales. The address of the Debtor's corporate headquarters is 1500 Whetstone Way, Suite 500, MD 21230.

*Related Matters and (III) Forms of Ballots; (G) Establishing Voting Deadline and Procedures for Tabulation of Votes; and (H) Granting Related Relief* (the "Disclosure Statement Order") [ECF No. 984]. In support of this Objection, J.H. Lane respectfully represents as follows:

## RELEVANT BACKGROUND

**I.    The Chapter 11 Cases**

1. On May 10, 2018 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, commencing the above-captioned chapter 1 cases (the "Chapter 11 Cases")

2. On July 13, 2018, the Court entered an order (the "Bar Date Order") establishing September 15, 2018 as the deadline to file and serve proofs of claim asserting claims that arose on or prior to the Petition Date against the Debtors.

3. On July 17, 2018, the Court entered the *Order (A) Approving Sale of Debtors' Assets Free and Clear of Liens, Claims, Interests and Encumbrances, (B) Authorizing Assumption and Assignment of Unexpired Leases and Executory Contracts, and (C) Granting Related Relief* (the "Sale Order") [ECF No. 348]. Pursuant to the Sale Order, the Court approved the sale (the "Bankruptcy Sale") of substantially all of the Debtors' assets to Amobee, Inc. for the purchase price of $119 million, less certain adjustments. The Bankruptcy Sale closed on August 21, 2018.

4. In October 2018, J.H. Lane acquired claims in the Chapter 11 Cases from certain creditors. Currently, J.H. Lane holds the aggregate amount of $1,242,806.94 in general unsecured claims against VMT.

**II.    The Plan and Disclosure Statement**

5. On May 15, 2019, the Debtors filed the *Amended Joint Chapter 11 Plan of Liquidation of the Plan Debtors as of May 15, 2019* (the "Plan") [ECF No. 978], and the *Amended Disclosure Statement for Amended Joint Chapter 11 Plan of Liquidation of the Plan Debtors as of*

*May 15, 2019* (the "Disclosure Statement") [ECF No. 979].  Among other things, the Plan provides for the classification and treatment of general unsecured creditors of VG Inc. (Class 2A), general unsecured creditors of VG Ltd. (Class 2B), and general unsecured creditors of VMT (Class 2C).

6.  According to the Debtors' plan distribution analysis and liquidation analysis annexed as Exhibits 3 and 4 to the Disclosure Statement, the total amount of general unsecured claims against VMT is approximately $19.6 million.  The Disclosure Statement further provides that the distribution analysis eliminates certain claims to which the Debtors have not yet filed objections, including the claims of Pinnacle for over $7.6 million (as described below), which the Debtors assert are "Claims that the Debtors do not believe should be allowed on the merits." Disclosure Statement p. 40.

7.  On May 15, 2019, the Court entered the Disclosure Statement Order, which, among other things, scheduled the hearing on confirmation of the Plan for July 31, 2019, and set a deadline of June 14 "for any party in interest to file and serve objections to claims solely for the purposes of voting on the Plan."  Disclosure Statement Order ¶ 6.

**III.   The Pinnacle Claims**

8.  Pinnacle filed two separate claims against each of the Debtors.  First, Pinnacle filed a claim against each of the Debtors in the amount of $5,650,000 in its capacity as agent for the lenders under that certain Loan and Security Agreement, dated as of December 5, 2014 (as amended, the "2014 Loan Agreement," and the claim thereunder, the "$5.6MM Claim").  Second, Pinnacle filed a claim against each of the Debtors in the amount of $2,000,000 in its capacity as agent for the lenders under that certain Loan and Security Agreement, dated as of August 27, 2015 (as amended, the "2015 Loan Agreement," and the claim thereunder, the "$2MM Claim," and together with the $5.6MM Claim, the "Pinnacle Claims").

9. The $5.6MM Claim and the $2MM Claim arise under substantially identical provisions in the, respectively, 2014 Loan Agreement and the 2015 Loan Agreement, which provides for payment of a "Success Fee," as defined therein.

10. According to Pinnacle's proof of claim for the $5.6MM Claim, Section 1.02(e) of the 2014 Loan Agreement provides:

> Success Fee. Upon the consummation of a Change of Control or an IPO, in each case occurring on or before the tenth anniversary of this Loan Agreement, whether occurring before or after the repayment of the Advances made hereunder, Borrowers shall pay to Agent the Success Fee.

The Success Fee is defined in the 2014 Loan Agreement as an amount equal to $5,650,000.

11. According to Pinnacle's proof of claim for the $2MM Claim, Section 1.02(e) of the 2015 Loan Agreement provides:

> Success Fee. Upon the consummation of a Change of Control or an IPO, in each case occurring on or before the tenth anniversary of this Loan Agreement, whether occurring before or after the repayment of the Advances made hereunder, Borrowers shall pay to Agent a success fee in the amount of Two Million Dollars ($2,000,000.00) (the "*Success Fee*").

12. Pinnacle asserts that payment of the Success Fee under the $5.6MM Claim and the $2MM Claim was triggered solely by the entry of the Sale Order approving the sale of substantially all of the assets of the Debtors.

**OBJECTION TO PINNACLE CLAIMS FOR VOTING PURPOSES**

13. J.H. Lane objects to the Pinnacle Claims and respectfully requests that the Court disallow the Pinnacle Claims for the purposes of voting on the Plan, or, at a minimum, disallow the Pinnacle Claims for purposes of voting as a creditor of VMT under Class 2C. In the alternative, J.H. Lane respectfully requests that the Court allow the Pinnacle Claims in the amount of $1 for the purposes of voting on the Plan. J.H. Lane expressly reserves all rights, including the right to

supplement this Objection to object to Pinnacle's claim on substantive grounds for purposes of its right to receive a distribution and to take discovery.

## ARGUMENT

14. Section 502(b) of the Bankruptcy Code provides that, if a party in interest objects to a proof of claim, the court must determine the amount of such claim "as of the date of the filing of the petition." 11 U.S.C. § 502(b). As of the Petition Date, Pinnacle could not have asserted any portion of the $5.6MM Claim or the $2MM Claim because the Sale Order was not yet entered and the Success Fee upon which the claims are based would not have been triggered. Thus, based on a plain reading of the section 502(b), the Pinnacle Claims should be disallowed, because they are premised solely on the occurrence of a condition that did not exist on the Petition Date. *See United States v. Ron Pair Enters., Inc.*, 489 U.S. 235, 241 (1989) ("[W]here … the statute's language is plain, the sole function of the courts is to enforce it according to its terms.") (quotation and citation omitted).

15. The decision in *In re Solutia, Inc.*, 379 B.R. 473 (Bankr. S.D.N.Y. 2007) is instructive on this point. There, the court disallowed the portion of a claim based on a change of control premium, because the claimant relied on a post-petition change of control event. Employing a plain reading of section 502(b), the court disallowed the claim for the change of control premium in a pre-petition agreement because the Bankruptcy Code requires the court to determine the amount of the claim as of the petition date. *Id.* at 483.

16. Moreover, disallowance of the Pinnacle Claims for voting purposes is consistent with the bankruptcy policy of ensuring a fair process. J.H. Lane seeks to ensure that the votes of the creditors of Class 2C are given their due weight as contemplated by the Bankruptcy Code. By disallowing the Pinnacle Claims for voting purposes, Pinnacle will be prevented from rendering the votes of legitimate claimants in Class 2C meaningless, given the size of the aggregate Pinnacle

Claims.[2] To permit Pinnacle to vote the face amount of its claims would effectively disenfranchise other members of Class 2C, because the face amount of the Pinnacle Claims would constitute approximately 30% of the entire amount of general unsecured claims against VMT. Disallowance in this case is particularly appropriate because the Debtors have acknowledged that the Pinnacle Claims are without merit.

17. Alternatively, the Court should allow the Pinnacle Claims in the amount of $1 so that Pinnacle can vote and be counted for numerosity purposes, but not effectively dominate in terms of the amount of Class 2C general unsecured claims against VMT. Solicitation procedures in this district routinely assign contingent or unliquidated claims a vote of one dollar. *See, e.g., In re W.R. Grace & Co.*, No. 01-1139 (JFK), 2011 WL 832940 (Bankr. D. Del. Mar. 4, 2011). Indeed, where the court determines that the claim represents no real liability of the debtor, the court may estimate the claim at zero. *See, e.g., Bittner v. Borne Chem. Co.*, 691 F.2d 134, 137 (3d Cir. 1982) (affirming bankruptcy court's estimation of claim at zero where litigation underlying the claim was deemed unlikely to be successful); *In re Ry. Reorganization Estate, Inc.*, 133 B.R. 574, 577 (Bankr. D. Del. 1991); *In re Genesis Health Venures*, 272 B.R. 558, 574 (Bankr. D. Del. 2002). Accordingly, to the extent that the Court does not disallow the Pinnacle Claims for voting purposes for the reasons set forth above, it is appropriate for the Court to estimate the Pinnacle Claims at one dollar for purposes of voting on the Plan.

WHEREFORE, based on all of the foregoing, J.H. Lane respectfully requests that this Court enter an order disallowing the Pinnacle Claims for the purposes of voting on the Plan, and grant J.H. Lane such other and further relief as the Court deems just and proper.

---

[2] While the concern for vote dilution is less critical for Class 2A and Class 2B (general unsecured claims against VG Inc. and VG Ltd.), at a minimum, the Pinnacle Claims should be disallowed for voting purposes with respect Class 2C general unsecured claims against VMT.

Dated: June 14, 2019
      Wilmington, Delaware

                                  **THE ROSNER LAW GROUP LLC**

                                  */s/ Frederick B. Rosner*
                                  Frederick B. Rosner (No. 3995)
                                  The Rosner Law Group LLC
                                  824 N. Market St., Suite 810
                                  Wilmington, Delaware 19801
                                  Tel.: (302) 777-1111
                                  rosner@teamrosner.com

                                  and

                                  Paul A. Rubin, Esq.
                                  Rubin LLC
                                  345 Seventh Avenue, 21st Floor
                                  New York, NY 10001
                                  Tel.: (212) 390-8054
                                  Fax: (212) 390-8064
                                  Email: prubin@rubinlawllc.com

                                  *Counsel for J.H. Lane Partners Master Fund, LP*