## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| VG Liquidation, Inc., *et al.*,[1] | Case No. 18-11120 (JTD) |
| Debtors. | Jointly Administered |
| | **Related to Docket No. 978 and 1155** |

## FINDINGS OF FACT, CONCLUSIONS OF LAW, AND
## ORDER CONFIRMING AMENDED JOINT CHAPTER 11 PLAN OF
## LIQUIDATION OF THE PLAN DEBTORS AS OF MAY 15, 2019

VG Liquidation, Inc., f/k/a Videology, Inc. and its affiliated debtors and debtors-in-possession in the above-captioned chapter 11 cases (together, the "Debtors"), having filed a voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code") on May 10, 2018; and the Plan Debtors having filed the *Amended Disclosure Statement for Amended Joint Chapter 11 Plan of Liquidation of the Plan Debtors as of May 15, 2019* [D.I. 979] (the "Disclosure Statement") the Plan Debtors[2] having proposed *Amended Joint Chapter 11 Plan of Liquidation of the Plan Debtors as of May 15, 2019* [D.I. 978] (the "Plan") (as amended, supplemented or otherwise modified, the "Plan"); and the Plan Debtors having filed the *Plan Supplement for Amended Chapter 11 Plan of Liquidation of the Plan Debtors as of May 15, 2019* [D.I. 1078] (the "Plan Supplement"); and on May 15, 2019, the Court having entered the *Order (A) Approving Disclosure Statement; (B) Scheduling Hearing*

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: VG Liquidation, Inc. (f/k/a Videology, Inc.) (2191), Collider Media, Inc. (8602), VG MT Liquidation LLC (f/k/a Videology Media Technologies, LLC) (6243), LucidMedia Networks, Inc. (8566), and VG Liquidation Ltd. (f/k/a Videology Ltd.), a company organized under the laws of England and Wales.  The address of the Debtors' corporate headquarters is 145 West Ostend Street, Suite 623, Baltimore, MD 21230.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Plan.

*on Confirmation of Plan; (C) Establishing Deadlines and Procedures for (I) Filing Objections to Confirmation of Plan, (II) Claim Objections and (III) Temporary Allowance of Claims for Voting Purposes; (D) Determining Treatment of Certain Unliquidated, Contingent or Disputed Claims for Noting, Voting and Distribution Purposes; (E) Setting Record Date; (F) Approving (I) Solicitation Packages and Procedures for Distribution, (II) Form of Notice and Hearing on Confirmation and Related Matters and (III) Forms of Ballots; (G) Establishing Voting Deadline and Procedures for Tabulation of Votes; and (H) Granting Related Relief* [D.I. 984] (the "Scheduling and Disclosure Statement Order"), approving, among other things, the Disclosure Statement and procedures for the solicitation and tabulation of votes to accept or reject the Plan; and the Court having established, in the Scheduling and Disclosure Statement Order, July 31, 2019 at 10:00 a.m. (prevailing Eastern Time) as the date and time for the hearing to consider: confirmation of the Plan pursuant to section 1129 of the Bankruptcy Code (the "Confirmation Hearing"); and the *Affidavit of Service* executed by Darleen Sahagun of Omni Management Group [D.I. 1025] (the "Solicitation Affidavit of Service"), with respect to the mailing of the notice of the Confirmation Hearing and the other solicitation materials in accordance with the Scheduling and Disclosure Statement Order, having been filed with the Court; and notice of the Confirmation Hearing having been filed on the docket [D.I. 988] (the "Notice of Confirmation Hearing"); and a *Proof of Publication* of the Confirmation Hearing and related objection deadlines having been filed with the Court [D.I. 1006-1] (the "Certificate of Publication"), with respect to the publication of the notice of the Confirmation Hearing in the national edition of The New York Times in accordance with the Scheduling and Disclosure Statement Order; and the deadline for voting to accept or reject the Plan having passed; and the Debtors having filed the *Declaration of Paul Deutch Regarding Tabulation of Ballots for Accepting or Rejecting the*

*Amended Joint Chapter 11 Plan of Plan Debtors as of May 15, 2019* [D.I. 1133] (the "Voting Certification"); and the deadline for filing objections to confirmation of the Plan having passed and the following objections having been filed: (i) *Preliminary Objection to Confirmation of Amended Joint Chapter 11 Plan of Liquidation of the Plan Debtors* [D.I. 1067], as supplemented by the *Supplemental Objection to Confirmation of Amended Joint Chapter 11 Plan of Liquidation of the Plan Debtors* [D.I. 1102]; and (ii) informal objection raised by Oracle America, Inc. ("Oracle"); and the Court having reviewed the Plan, the Scheduling and Disclosure Statement Order, the Solicitation Affidavit of Service, the Certificate of Publication, the Voting Certification and all other papers before the Court in connection with the confirmation of the Plan; and the Court having considered the *Declaration of Kenneth Tarpey in Support of the Amended Joint Chapter 11 Plan of Liquidation of the Plan Debtors as of May 15, 2019* [D.I. 1154] (the "Tarpey Declaration"); and any testimony (including through declaration, deposition or live) and evidence admitted at the Confirmation Hearing; and the Court having taken judicial notice of the papers and pleadings on file in the Chapter 11 Cases; and the Court finding that (i) notice of the Confirmation Hearing and the opportunity of all parties in interest to object to confirmation of the Plan were adequate and appropriate, in accordance with Bankruptcy Rules 2002(b) and 3017(d), Rules 2002-1 and 3017-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") and the Scheduling and Disclosure Statement Order, as to all parties to be affected by the Plan and the transactions contemplated thereby and (ii) the legal and factual bases for confirmation, including as set forth in the Tarpey Declaration, and this Confirmation Order, establish just cause for the relief granted herein; and after due deliberation and sufficient cause

appearing therefor, the Court hereby makes the following Findings of Fact, Conclusions of Law and Order:

## FINDINGS OF FACT AND CONCLUSIONS OF LAW[3]

A. <u>Jurisdiction, Venue, Core Proceeding (28 U.S.C. §§ 175(b)(2) and 1334(a))</u>. The Court has jurisdiction over the Chapter 11 Cases pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated as of February 29, 2012. Confirmation of the Plan is a core proceeding pursuant to 28 U.S.C. § 157(b) and the Bankruptcy Court has jurisdiction to enter a final order with respect thereto. Venue was proper as of the Petition Date and is proper before the Bankruptcy Court pursuant to 28 U.S.C. §§ 1408 and 1409.

B. <u>Burden of Proof</u>. The Plan Debtors have the burden of proving the elements of 11 U.S.C. § 1129(a) and (b) by a preponderance of the evidence and, as set forth herein, the Plan Proponents have met that burden.

C. <u>Judicial Notice</u>. The Court takes judicial notice of the docket in the Chapter 11 Cases maintained by the Clerk of Court and/or its duly-appointed agent, including, without limitation, all pleadings, notices and other documents filed with, all orders entered by, and all evidence and argument made, proffered or adduced at the hearings held before the Court during the pendency of the Chapter 11 Cases.

D. <u>Compliance with Fed. R. Bankr. P. 3016</u>. The Plan is dated and identifies the entities submitting it, thereby satisfying Bankruptcy Rule 3016(a). The filing of the Disclosure Statement with the Court satisfies Bankruptcy Rule 3016(b). Further, the Plan and the Notice of

---

[3] The findings of fact and the conclusions of law stated in this Confirmation Order shall constitute findings of fact and conclusions of law pursuant to Fed. R. Bankr. P. 7052, made applicable to the proceeding by Fed. R. Bankr. P. 9014. To the extent any finding of fact shall be determined to be a conclusion of Law, it shall be so deemed, and to the extent any conclusion of law shall be determined to be a finding of fact, it shall be so deemed.

Confirmation Hearing describe in specific and conspicuous language all acts to be enjoined and identify the entities that are subject to the injunction, satisfying Bankruptcy Rule 3016(c) to the extent applicable.

E.    Compliance with Fed. R. Bankr. P. 3017.  The Plan Debtors have given notice of the Confirmation Hearing as required by Bankruptcy Rule 3017(d) and the Scheduling and Disclosure Statement Order.

F.    Transmittal and Mailing of Solicitation Materials; Notices.  The solicitation of votes to accept or reject the Plan satisfies Bankruptcy Rule 3018.  The Disclosure Statement was transmitted to all Creditors entitled to vote on the Plan, and sufficient time was prescribed for such Creditors to accept or reject the Plan, thereby satisfying the requirements of Bankruptcy Rule 3018 and Local Rule 3017-2.  The solicitation materials used, and solicitation procedures followed comply with 11 U.S.C. §§ 1125 and 1126 and the Scheduling and Disclosure Statement Order, thereby satisfying the requirements of Bankruptcy Rule 3018 and Local Rule 3018-2.

G.    Adequacy of Solicitation Procedures.  All procedures used to distribute the solicitation materials to the appropriate Creditors entitled to vote on the Plan and to receive and tabulate the Ballots of Holders of Claims in the voting Classes, including the tabulation of opt-out elections, as set forth in the Voting Certification, were fair and properly conducted in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Scheduling and Disclosure Statement Order, and all other applicable rules, laws and regulations.  As described in the Voting Certification, the Plan was accepted by Classes 2A, 2B and 2C (General Unsecured Claims against Inc., Ltd. and VMT, respectfully), the only Classes of Claims entitled to vote on the Plan.  The Plan Debtors, therefore, obtained the requisite acceptance both in number and amount for confirmation of the Plan.

H.     <u>Good Faith Solicitation (11 U.S.C. § 1125(e))</u>.  Based upon the record before the Court in the Chapter 11 Cases, the Plan Debtors, and their respective members, officers, directors, agents, financial advisors, attorneys, and other retained professionals (i) have acted in "good faith" within the meaning of  11 U.S.C. §§ 1125(e) and 1129(a)(3), and in compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Scheduling and Disclosure Statement Order and all other applicable non-bankruptcy laws, rules and regulations governing the adequacy of disclosure in connection with all of their respective activities relating to the Plan and the solicitation of acceptances to the Plan, their respective activities relating to providing all Holders in Classes 2A, 2B and 2C with the opportunity to opt-out of the "D&O Settlement Bar Order" (as set forth in Article IX.G of the Plan), and their participation in the activities described in 11 U.S.C. § 1125; and (ii) shall be deemed to have participated in good faith and in compliance with the applicable provisions of the Bankruptcy Code and are entitled to the protections afforded by 11 U.S.C. § 1125(e) and, to the extent applicable, the exculpation and injunctive provisions set forth in Article IX of the Plan.

I.     <u>Impaired Class that has Voted to Accept or Reject the Plan</u>.  Classes 2A, 2B and 2C (General Unsecured Claims against Inc., Ltd. and VMT, respectively), are impaired under and entitled to vote on the Plan.  As evidenced by the Voting Certification, Classes 2A, 2B and 2C have each voted to accept the Plan pursuant to the requirements of 11 U.S.C. §§ 1124 and 1126.

J.     <u>Classes Deemed to Accept Plan</u>.  Classes 1A, 1B and 1C (Secured Claims against Inc., Ltd. and VMT, respectively) are unimpaired under the Plan.  Pursuant to 11 U.S.C.

§ 1126(f), holders of such unimpaired Claims are conclusively presumed to have accepted the Plan.

K.    <u>Classes Deemed to Reject the Plan</u>.  Classes 3A, 3B and 3C (Equity Interests against Inc., Ltd. and VMT, respectively) are impaired and will not receive or retain any property under the Plan on account of their Equity Interests.  Pursuant to 11 U.S.C. § 1126(g), holders of such impaired Equity Interests are conclusively presumed to have rejected the Plan.

L.    <u>The Plan Settlement</u>.  The Plan Settlement was reached as the result of good faith arms' length negotiations among the Debtors, the Committee, GroupM, Sky UK Limited, certain Noteholders and CRG.  Approval of the Plan Settlement ensures the prompt resolution of the Chapter 11 Cases, provides sufficient funds to consummate the Plan, allows for the wind down of the Debtors' Estates, ensures that funds will be provided to the Liquidating Trust for the benefit of holders of Allowed Claims, and is in the best interests of Creditors.  Accordingly, the Plan Settlement is fair and reasonable.

M.    <u>The D&O Settlement Bar Order</u>.  Approval of the D&O Settlement Bar Order (i) is within this Court's authority pursuant to section 105(a) of the Bankruptcy Code; (ii) is a material component of the D&O Settlement; (iii) serves strong public policies in favor of settlements; and (iv) assists in preserving assets for the benefit of the Plan Debtors' Creditors. The record of the Confirmation Hearing and the Chapter 11 Cases is sufficient to support the D&O Settlement Bar Order contained in the Plan.

N.    <u>Releases, Exculpations and Injunctions</u>.  The exculpation, releases (including the D&O Settlement Bar Order), injunction provisions set forth in Articles IX of the Plan: (i) are within the jurisdiction of the Court under 28 U.S.C. §§ 1334(a), 1334(b) and 1334(d); (ii) are essential to the successful implementation of the Plan pursuant to 11 U.S.C. § 1123(a)(5); (iii)

are an integral element of the transactions incorporated into the Plan; (iv) confer material benefits on, and are in the best interests of, the Plan Debtors, their Estates and its Creditors; and (v) are consistent with 11 U.S.C. §§ 105, 1123 and 1129, and other applicable provisions of the Bankruptcy Code.  With respect to the D&O Settlement Bar Order provided pursuant to Article IX(G) of the Plan by all (i) Holders of Claims (except Holders of Claims in Classes 3A, 3B, and 3C who timely exercised the opt-out election to such releases) and (ii) all Holders of Equity Interests, such releases are (a) consensual, (b) in exchange for the good and valuable consideration, representing a good faith settlement and compromise of any claims released therein; (c) in the best interests of the Plan Debtors and all holders of Claims; (d) narrowly tailored; (e) fair, equitable and reasonable; and (f) a bar to any of the releasing parties' assertion of any claim released by such provisions.  The record of the Confirmation Hearing and the Chapter 11 Cases is sufficient to support the release, exculpation and injunction provisions contained in the Plan.

O.    Plan Compliance with Bankruptcy Code (11 U.S.C. § 1129(a)(1)).  As set forth and demonstrated below, the Plan complies with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and the orders of this Court with respect to the Plan, thus satisfying the requirements of 11 U.S.C. § 1129(a)(l).

(i)    Proper Classification (11 U.S.C. §§ 1122 and 1123(a)(1)).  The Plan complies with the requirements of sections 1122 and 1123(a)(1) of the Bankruptcy Code. With the exception of Administrative Expense Claims and Priority Claims, which need not be classified, the Plan designates nine (9) Classes of Claims and Equity Interests in the Plan Debtors.  The Plan's classifications conform to the requirements of the Bankruptcy Code and separately classify Claims and Equity Interests based on valid

8

business, factual and legal reasons, and such Classes do not unfairly discriminate among holders of Claims and Equity Interests.    Article III of the Plan designates the classifications.

(ii)    Unimpaired Classes Specified (11 U.S.C. § 1123(a)(2)).    The Plan complies with the requirements of section 1123(a)(2) of the Bankruptcy Code.  The Plan specifies that Classes 1A, 1B and 1C (Secured Claims against Inc., Ltd. and VMT, respectively) are unimpaired under the Plan, thereby satisfying 11 U.S.C. § 1123(a)(2).

(iii)    Specified Treatment of Impaired Classes (11 U.S.C. § 1123(a)(3)).    The Plan complies with the requirements of section 1123(a)(3) of the Bankruptcy Code.  The Plan specifies that Classes 2A, 2B and 2C (General Unsecured Claims against Inc., Ltd. and VMT, respectfully) and Classes 3A, 3B and 3C (Equity Interests in Inc., Ltd. and VMT, respectively) are impaired, and specifies the treatment of Claims and Equity Interests in these Classes, thereby satisfying 11 U.S.C. § 1123(a)(3).

(iv)    No Discrimination (11 U.S.C. § 1123(a)(4)).    The Plan complies with the requirements of section 1123(a)(4) of the Bankruptcy Code.  The Plan provides for the same treatment by the Plan Debtors for each Claim or Equity Interest in each respective Class, with the exception of the Noteholders and CRG, whose claims will be paid on the Effective Date pursuant to the terms of the Plan Settlement.    Accordingly, the Plan satisfies 11 U.S.C. § 1123(a)(4).

(v)    Implementation of Plan (11 U.S.C. § 1123(a)(5)).    The Plan complies with the requirements of section 1123(a)(5) of the Bankruptcy Code.    The Plan and the Liquidating Trust Agreement provide adequate and proper means for the implementation of the Plan, without limitation, (i) the creation of the Liquidating Trust and vesting of

certain assets therein; (ii) the appointment of the Liquidating Trustee; and (iii) the procedures for making distributions to Holders of Allowed Claims, thereby satisfying 11 U.S.C. § 1123(a)(5).

(vi)    Non-Voting Equity Securities (11 U.S.C. § 1123(a)(6)).    The Plan is a liquidating plan that provides for the disposal and conveyance of the Plan Debtors' remaining assets and for the distribution of the proceeds thereof to the Holders of Allowed Claims in accordance with the terms thereof.    Accordingly, the Debtors will not issue any securities, rendering 11 U.S.C. § 1123(a)(6) inapplicable.

(vii)    Designation of Officers, Directors or Trustee (11 U.S.C. § 1123(a)(7)). Article IV.E provides that on the Effective Date, with the exception of Inc., the directors, officers, members and managers of the Debtors shall be deemed to have resigned.    The Plan provides that the officers and directors of Inc. shall remain in place for purposes of overseeing the wind-down of the Non-Debtor Subsidiaries, until the wind-down is completed.    The Plan Supplement discloses the specific identify of the Liquidating Trustee, Wind-Down Representative, and the officers and director of Inc. who will remain in place pending the wind-down.    Thus, the Plan satisfies the requirements of 11 U.S.C. § 1123(a)(7).

(viii)    Discretionary Plan Provisions (11 U.S.C. § 1123(b)).    The Plan's provisions are appropriate and consistent with the applicable provisions of the Bankruptcy Code.

P.    Plan Debtor's Compliance with Bankruptcy Code (11 U.S.C. § 1129(a)(2)).    As discussed above and except as otherwise provided for or permitted by order of the Bankruptcy Court, the Plan Debtors have complied with the applicable provisions of the Bankruptcy Code,

the Bankruptcy Rules, the Local Rules and the Scheduling and Disclosure Statement Order with respect to the solicitation of acceptances or rejections of the Plan, thus satisfying the requirements of 11 U.S.C. § 1129(a)(2).

Q.      <u>Plan Proposed in Good Faith (11 U.S.C. § 1129(a)(3)).</u>  The Plan Debtors have proposed the Plan, including all documents necessary to effectuate the Plan, in good faith and not by any means forbidden by law, as evidenced, by among other things, the totality of the circumstances surrounding the formulation of the Plan and the record in the Chapter 11 Cases, thus satisfying the requirements of 11 U.S.C. § 1129(a)(3).

R.      <u>Payments for Services or Costs and Expenses (11 U.S.C. § 1129(a)(4)).</u>  All payments made or to be made by the Plan Debtors or the Liquidating Trust under the Plan or by any Person or Entity acquiring property under the Plan, for services or for costs and expenses in, or in connection with, the Chapter 11 Cases, or in connection with the Plan and incident to the Chapter 11 Cases, have been approved by, or are subject to the approval of, the Court as reasonable, thus satisfying the requirements of 11 U.S.C. § 1129(a)(4).

S.      <u>Director, Officers and Insiders (11 U.S.C. § 1129(a)(5)).</u>  Immediately upon the Effective Date, the Debtor's directors and officers shall be deemed to have resigned, except for the sole director and officers of Inc., who will remain in place solely for purposes, and only until the completion, of the wind-down of the Non-Debtor Subsidiaries.  The Plan provides that the Liquidating Trustee shall be deemed the Estate's representative in accordance with section 1123 of the Bankruptcy Code and shall have all the rights and powers set forth in the Plan and Liquidating Trust Agreement, including, without limitation, the powers of a trustee under sections 704 and 1106 of the Bankruptcy Code and Bankruptcy Rule 2004, except for purposes of the wind-down of Inc.'s Non-Debtor Subsidiaries.  The Plan Supplement discloses the

identities of the Liquidating Trustee, Wind-Down Representative, and the officers and director of Inc. who will remain in place for purposes of the wind-down.  As such, the Plan Debtors have complied with 11 U.S.C. § 1129(a)(5).

T.    <u>No Rate Changes (11 U.S.C. § 1129(a)(6))</u>.  There is no regulatory commission having jurisdiction after confirmation of the Plan over the rates of the Plan Debtors and no rate change provided for in the Plan requiring approval of any such commission.  Thus, 11 U.S.C. § 1129(a)(6) is not applicable to the Chapter 11 Cases.

U.    <u>Best Interests of Creditors (11 U.S.C. § 1129(a)(7))</u>.  Section 1129(a)(7) of the Bankruptcy Code requires that each Holder of a Claim or Equity Interest in an Impaired Class accept the Plan, or receive or retain under the Plan property having a value, as of the Effective Date of the Plan, that is not less than the amount that such Holder would receive on account of such Claim or Equity Interest if the Plan Debtor were liquidated under chapter 7 of the Bankruptcy Code.  The Plan, as demonstrated by, *inter alia*, the liquidation and best interest of creditors analyses in the Disclosure Statement, and the other evidence proffered or adduced at, or otherwise submitted in connection with, the Confirmation Hearing (i) are persuasive and credible, (ii) have not been controverted by other evidence or challenged in any pending objection to confirmation of the Plan, and (iii) establish that each Holder of an Impaired Claim or Equity Interest, as the case may be, in such Impaired Classes has either accepted the Plan, or will receive or retain under the Plan, on account of such Claim, property having a value, as of the Effective Date of the Plan, that is not less than the amount that such Holder would receive or retain if the Plan Debtors were liquidated under chapter 7 of the Bankruptcy Code on such date, thus satisfying the requirements of 11 U.S.C. § 1129(a)(7).

V.    Acceptance or Rejection by Certain Classes (11 U.S.C. § 1129(a)(8)).  Section 1129(a)(8) of the Bankruptcy Code requires that for each Class of Claims or Equity Interests under the Plan, such Class has either accepted the Plan or is not impaired under the Plan.  Classes 1A, 1B and 1C (Secured Claims against Inc., Ltd. and VMT, respectively), are unimpaired and are conclusively presumed to have accepted the Plan without solicitation of acceptances or rejections pursuant to 11 U.S.C. § 1126(f).  Classes 2A, 2B and 2C (General Unsecured Claims against Inc., Ltd. and VMT, respectively), are impaired and have voted to accept the Plan.  Because Holders of Equity Interests in Classes 3A, 3B and 3C either receive nor retain any property under the Plan on account of such Equity Interests, they are deemed to have rejected the Plan under section 1126(g) of the Bankruptcy Code, and the requirements of section 1129(a)(8) of the Bankruptcy Code have not been met, thereby requiring the application of section 1129(b) of the Bankruptcy Code.  The Plan satisfies the requirements of 11 U.S.C. § 1129(b) with respect to Classes 3A, 3B and 3C (Equity Interests in Inc., Ltd. and VMT, respectively).

W.    Treatment of Administrative Expense Claims, Priority Tax Claims, and Other Priority Claims (11 U.S.C. § 1129(a)(9)).  The treatment of Administrative Expense Claims, Priority Tax Claims and Other Priority Claims is set forth in Article III of the Plan, thus satisfying the requirements of 11 U.S.C. § 1129(a)(9).

X.    Acceptance by at Least one Impaired Class (11 U.S.C. § 1129(a)(10)).  As set forth in the Voting Certification, the only Classes entitled to vote has voted to accept the Plan by the requisite majorities in accordance with 11 U.S.C. § 1126(c).  Holders of Claims in Classes 2A, 2B and 2C (General Unsecured Claims against Inc., Ltd. and VMT, respectfully) have voted to accept the Plan by at least two-thirds in amount and one-half in number, determined without

inclusion of any acceptance of the Plan by any insider, thus satisfying the requirement of 11 U.S.C. § 1129(a)(10).

Y.      Feasibility (11 U.S.C. § 1129(a)(11)).  The Plan provides for the transfer and assignment to the Liquidating Trust of the Liquidating Trust Assets.  On the Effective Date, the Liquidating Trust shall be established pursuant to the Liquidating Trust Agreement for the purpose of, among other things, (i) investigating and, if appropriate, pursuing Liquidating Trust Claims; (ii) administering and pursuing the Liquidating Trust Assets; (iii) resolving all Disputed Claims and any Claim objections pending as of the Effective Date; (iv) prosecuting any objections to Claims that the Liquidating Trustee deems appropriate and resolving such objections; (v) making Distributions from the Liquidating Trust to Holders of Allowed Claims as provided for in the Plan and/or the Liquidating Trust Agreement; (vi) exercising such other powers as necessary or prudent to carry out the provisions of the Plan and the Liquidating Trust Agreement; and (vii) taking such other actions as may be necessary or appropriate to effectuate the Plan and the Liquidating Trust Agreement.  The Plan, the Tarpey Declaration and the evidence proffered or adduced at, or otherwise submitted in connection with, the Confirmation Hearing with respect to feasibility (i) are persuasive and credible, (ii) have not been controverted by other evidence or challenged in any pending objection to Confirmation of the Plan, and (iii) establish that the Plan is feasible and that confirmation of the Plan is not likely to be followed by the need for further liquidation or financial reorganization of the Plan Debtors thus satisfying the requirements of 11 U.S.C. § 1129(a)(11).

Z.      Payment of Statutory Fees (11 U.S.C. § 1129(a)(12)).  The Plan Debtors have paid, or will pay, prior to the Effective Date, all amounts due under 28 U.S.C. § 1930, thus satisfying the requirements of 11 U.S.C. § 1129(a)(12).  The Liquidating Trust shall pay, from

and after the Effective Date, statutory fees due to the U.S. Trustee in accordance with 28 U.S.C. § 1930 until the closing the Chapter 11 Cases.  In addition, the Liquidating Trustee shall file post-confirmation quarterly reports or any pre-confirmation monthly operating reports not filed as of the Effective Date in conformance with the U.S. Trustee Guidelines.

AA.    <u>Miscellaneous Provisions (11 U.S.C. § 1129(a)(13)-(16))</u>.  Sections 1129(a)(13)-(16) of the Bankruptcy Code are inapplicable as the Plan Debtors (i) do not provide "retiree benefits"[4] as such term is defined in section 1144 of the Bankruptcy Code (11 U.S.C § 1129(a)(13)), (ii) have no domestic support obligations (11 U.S.C §1129(a)(14)), (iii) are not individuals (11 U.S.C §1129)(a)(15)), and (iv) are not nonprofit businesses (11 U.S.C §  1129(a)(16)).

BB.    <u>No Unfair Discrimination as to Rejecting Classes; Fair and Equitable (11 U.S.C. § 1129(b))</u>.  Holders of Equity Interests in Classes 3A, 3B and 3C will receive no Distributions under the Plan and, accordingly, are deemed to reject the Plan pursuant to 1126(g) of the Bankruptcy Code pursuant to section 1126(g) of the Bankruptcy Code.  The Plan Debtors presented uncontroverted evidence that the Plan does not discriminate unfairly and is fair and equitable with respect to the treatment of Claims and Equity Interests in Classes 3A, 3B and 3C because, as required by section 1129(b)(2)(C) of the Bankruptcy Code, there are no Holders of Claims or Equity Interests junior to the Equity Interests in Classes 3A, 3B or 3C that will receive or retain under the Plan any property on account of such junior Equity Interests.  Thus, the Plan satisfied section 1129(b) of the Bankruptcy Code and may be confirmed notwithstanding its

---

[4] As defined in section 1114 of the Bankruptcy Code, "'retiree benefits' means payments to any entity or person for the purpose of providing or reimbursing payments for retired employees and their spouses and dependents, for medical, surgical, or hospital care benefits, or benefits in the event of sickness, accident, disability, or death under any plan, fund, or program (through the purchase of insurance or otherwise) maintained or established in whole or in part by the debtor prior to filing a petition commencing a case" under the Bankruptcy Code.

failure to satisfy section 1129(a)(8) of the Bankruptcy Code.  The Plan shall be binding upon the members of Classes 3A, 3B and 3C upon confirmation and the occurrence of the Effective Date.

CC.    <u>Confirmation of Only One Plan (11 U.S.C. § 1129(c))</u>.    The Plan, including previous versions thereof, is the only Plan that has been filed in the Chapter 11 Cases which has been found to satisfy the requirements of subsections (a) and (b) of section 1129 of the Bankruptcy Code.  Accordingly, the requirements of 11 U.S.C. § 1129(c) have been satisfied.

DD.    <u>Principal Purpose of the Plan (11 U.S.C. §1129(d))</u>.    The principal purpose of the Plan is neither the avoidance of taxes nor the avoidance of the application of section 5 of the Securities Act of 1933, and no governmental unit has objected to the confirmation of the Plan on any such grounds.  The Plan, therefore, satisfies the requirements of 11 U.S.C. § 1129(d).

EE.    <u>No Objection to Disposition of Contracts and Leases</u>.    No party to an executory contract or unexpired lease to be assumed by the Plan Debtors pursuant to the Plan or rejected by the Plan Debtors pursuant to the Plan has objected to the assumption or rejection thereof.  Each rejection of an executory contract or unexpired lease under the Plan shall be legal, valid and binding upon the Debtors, the Liquidating Trust and all non-Debtor parties to such executory contract or unexpired leases, all to the same extent as if the rejection had been effectuated by separate motion.

FF.    <u>Retention and Preservation of Causes of Action</u>.    It is in the best interests of the Plan Debtor's Estates and the Creditors that Causes of Action be retained by, and transferred to, the Liquidation Trust, which shall have the sole and exclusive right to litigate (or abandon) any such Causes of Action.  The Liquidating Trust may pursue such Liquidating Trust Claims, as appropriate, in accordance with the best interests of the Liquidating Trust Beneficiaries.

GG.  <u>Engagement in Business</u>.  Because the Plan Debtors will not engage in business following consummation of the Plan, 11 U.S.C. § 1141(d)(3) is not applicable.

HH.  <u>Satisfaction of Confirmation Requirements</u>.  Based upon the foregoing, all other pleadings, documents, exhibits, statements, declarations and affidavits filed in connection with Confirmation of the Plan, and all evidence and arguments made, proffered or adduced at the Confirmation Hearing, the Plan satisfies the requirements for confirmation set forth in Bankruptcy Code section 1129.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1.  <u>Confirmation of the Plan</u>.  The Plan (including, but not limited to, the Plan Supplement and its exhibits), provisions, terms and conditions thereof, is hereby approved and confirmed as having satisfied all of the requirements of chapter 11 of the Bankruptcy Code.

2.  <u>Incorporation of Terms and Provisions of Plan</u>.  The terms and provisions of the Plan are incorporated by reference into and are an integral part of this Confirmation Order.  Each term and provision of the Plan is valid, binding and enforceable as though fully set forth herein. The provisions of the Plan and this Confirmation Order, including the findings of fact and conclusions of law set forth herein, are non-severable and mutually dependent.  The failure specifically to include or reference any particular term or provision of the Plan in this Confirmation Order shall not diminish or impair the effectiveness of such term and provision, it being the intent of the Court that the Plan be confirmed in its entirety.

3.  <u>Overruling of Objections</u>.  Any formal or informal objections or responses, and statements and comments, in opposition to or inconsistent with the Plan, to the extent not already withdrawn, waived or settled, and all reservations of rights included therein, shall be, and hereby are overruled in their entirety.  All withdrawn objections are deemed withdrawn with prejudice.

4.    <u>Binding Effect</u>.  Pursuant to section 1141 of the Bankruptcy Code, effective on the Effective Date, and except as expressly provided in this Confirmation Order, the Plan and its provisions shall be binding upon and inure to the benefit of the Plan Debtors, all present and former Holders of Claims and Equity Interests, whether or not such Holders shall receive or retain any property or interest in property under the Plan, and their respective successors and assigns, including, but not limited to, the Liquidating Trust and all other parties in interest in the Chapter 11 Cases.

5.    <u>Notice</u>.  Good and sufficient notice of the Confirmation Hearing and the deadline for filing and serving objections to the (i) final approval of the Disclosure Statement and (ii) confirmation of the Plan (including the deadline for opting-out of the D&O Settlement Bar Order) has been provided, which notice is hereby approved.

6.    <u>Plan Classification Controlling</u>.  Unless otherwise set forth herein, the terms of the Plan shall solely govern the classification of Claims and Equity Interests for purpose of the distributions to be made thereunder.  The classification set forth on the Ballot in connection with voting on the Plan: (a) was set forth on the Ballot solely for purposes of voting to accept or reject the Plan; (b) does not necessarily represent, and in no event shall be deemed to modify or otherwise affect, the actual classification of such Claims under the Plan for distribution purposes, (c) may not be relied upon by any Creditor as representing the actual classification of such claims under the Plan for distribution purposes, and (d) shall not be binding on the Plan Debtors the Liquidating Trust, Liquidating Trustee for purposes other than voting.

7.    <u>The Plan Settlement</u>.  The Plan Settlement, and each component thereof, is hereby approved pursuant to Bankruptcy Code section 1123 and Bankruptcy Rule 9019 as fair and reasonable and in the best interests of the Debtors, their Estates, and Creditors.  The Plan

Settlement and the related releases of claims and causes of action, distributions, and allocation of Cash and expenses, are authorized and approved in all respects, subject to, and in accordance with, the terms and conditions thereof, the Plan and this Confirmation Order; and the terms of the Plan Settlement shall be binding upon all Persons, including the Plan Debtor, the Liquidating Trust, the Liquidating Trustee, any and all Holders of Claims or Equity Interests (irrespective of whether such Claims and Equity Interests are Impaired under the Plan or whether the Holders of such Claims and Equity Interests accepted, rejected or are deemed to have accepted or rejected the Plan), any and all Persons who are parties to or are subject to the settlement, compromises, releases, waivers, and injunctions described herein or in the Plan or the Plan Settlement, and their respective heirs, executors, administrators, trustees, affiliates, if any, of the foregoing.

8.    <u>Exculpation</u>.    The exculpation provisions of Article IX.A of the Plan are approved, are incorporated by reference into and are an integral part of this Confirmation Order. Such provisions shall be effective in accordance with their terms.

9.    <u>Injunction</u>.    The injunction provisions of Article IX.C of the Plan are approved, are incorporated by reference into and are an integral part of this Confirmation Order.    Such provisions shall be effective in accordance with their terms.

10.    <u>Debtor Releases</u>.    The Debtor Releases provisions of Articles IX.F of the Plan are approved, are incorporated by reference into and are an integral part of this Confirmation Order. Such provisions shall be effective in accordance with their terms.

11.    <u>D&O Settlement Bar Order</u>.    The D&O Settlement Bar Order contained in Article IX.G of the Plan is approved, and incorporated by reference into and are an integral part of this Confirmation Order.    Creditors holding claims in Classes 2A, 2B and 2C (General Unsecured Claims against Inc., Ltd. and VMT) were entitled to vote on the Plan and entitled to opt-out of

the D&O Settlement Bar Order by completing the opt-out election included in the Ballot. Creditors in Classes 2A, 2B and 2C that did not timely opt-out of the D&O Settlement Bar Order are Barred Persons that are bound by the D&O Settlement Bar Order.

12.     <u>Plan Implementation Authorization</u>. All implementing actions required or contemplated by the Plan, including the appointment of the Liquidation Trustee, and the vesting of the Liquidation Trust Assets in the Liquidating Trust, are hereby authorized and approved in all respects in accordance with the Plan. The Liquidating Trust shall be deemed for all purposes to have been created in connection with the Plan and this Confirmation Order. The Liquidating Trustee is authorized to take any action as may be necessary or appropriate to effectuate and further evidence the terms and conditions of the Plan, whether or not specifically referred to in the Plan or any exhibit thereto, without further order of the Court or further action by the Plan Debtors or the Liquidating Trust or Liquidating Trustee (as applicable) or any other person.

13.     <u>Governmental Approvals Not Required</u>. This Confirmation Order shall constitute all approval and consent required, if any, by the laws, rules or regulations of any State or any other governmental authority with respect to the implementation or consummation of the Plan and any documents, instruments or agreements, and any amendments or modifications thereto, and any other acts referred to in or contemplated by the Plan, the Disclosure Statement and any documents, instruments or agreements, and any amendments or modifications thereto.

14.     <u>Dissolution of the Committee</u>. Upon the occurrence of the Effective Date, the Creditors' Committee shall dissolve automatically, whereupon its members, professionals and agents shall be released from any duties and responsibilities in the Chapter 11 Cases and under the Bankruptcy Code (except with respect to (a) obligations arising under confidentiality agreements, which shall remain in full force and effect, (b) applications for payment of fees and

reimbursement of expenses of Professionals, and (c) any pending motions or motions for other actions seeking enforcement of implementation of the provisions of the Plan).

15.   <u>Dissolution of the Debtors</u>.  Except as otherwise provided in the Plan, upon the transfer pursuant to the Plan of the Liquidating Trust Assets to the Liquidating Trust, the Debtors (except for Inc.) will be deemed dissolved for all purposes without any necessity of filing any document, taking any further action or making any payment to any governmental authority in connection therewith. With respect to Inc., upon service of the Wind-Down Completion Notice to the Liquidating Trustee, Inc. shall be deemed dissolved for all purposes without any necessity of filing any document, taking any further action or making any payment to any governmental authority in connection therewith. Notwithstanding the foregoing, as soon as practicable on or after the Effective Date, the Liquidating Trustee, on behalf of the Debtors shall, subject to, in the case of Inc., completion of the wind-down of the Non-Debtor Subsidiaries and receipt of the Wind-Down Completion Notice: (a) file their certificates of dissolution, together with all other necessary corporate documents, to effect dissolution of the Debtors under the applicable laws of their states of incorporation; and (b) complete and file their final federal, state and local tax returns, and, in the discretion of the Liquidating Trustee if necessary or appropriate, pursuant to section 505(b) of the Bankruptcy Code, request an expedited determination of any unpaid tax liability of each Debtor or its respective Estate for any tax incurred during the administration of such Debtor's Chapter 11 Case, as determined under applicable tax laws. The filing of certificates of dissolution shall be authorized and approved in all respects without further action under applicable law, regulation, order or rule, including, without limitation, any action by the stockholders or the board of directors of each such Debtor and expressly without the need to pay any franchise or similar taxes in order to effectuate such dissolution. As of the Effective Date,

the Liquidating Trust shall assume any outstanding responsibility of the Debtors under the Plan, except to the extent provided otherwise in the Plan.

16.     <u>Applicable Non-Bankruptcy Law</u>.  Pursuant to 11 U.S.C. §§ 1123(a) and 1142(a), the provisions of this Confirmation Order, the Plan, or any other amendments or modifications thereto shall apply and be enforceable notwithstanding any otherwise applicable non-bankruptcy law.

17.     <u>Approval of Rejection of Executory Contracts and Unexpired Leases</u>.  Except as otherwise provided in the Plan, an order of this Court, or in any contract, instrument, release or other agreement or document entered into in connection with the Plan, each of the executory contracts and unexpired leases to which any Plan Debtor is a party shall be deemed automatically rejected by the Plan Debtors as of the Effective Date pursuant to this Confirmation Order, unless such contract or lease (a) previously has been assumed or rejected by the Plan Debtors (b) expired or terminated pursuant to its own terms, (c) is a subject of a motion to assume or reject pending before the Court as of the Confirmation Date or (d) is identified in the Plan Supplement as a contract to be assumed; <u>provided</u>, <u>however</u>, that nothing contained in the Plan shall constitute an admission by the Plan Debtors that any such contract is an executory contract or that the Plan Debtors or their successor and assigns have any liability thereunder.  For the avoidance of doubt, no interest of the Plan Debtors or their Estates in any policy of insurance is rejected.

18.     <u>Claims Based on Rejection of Executory Contracts and Unexpired Leases</u>. Claims created by the rejection of executory contracts and unexpired leases pursuant to Article VII of the Plan must be filed with the Claims Agent by no later than thirty (30) days after the later of (a) the Effective Date, or (b) other notice that the executory contract or unexpired lease

has been rejected.  Except as expressly provided in the Plan or this Confirmation Order, any Claims arising from the rejection of an executory contract or unexpired lease pursuant to Article XVII for which proofs of Claim are not timely filed within that time period will be forever barred from assertion against the Plan Debtors and their Estates.  Unless otherwise ordered by the Court, all Claims arising from the rejection of executory contracts and unexpired leases shall be treated as General Unsecured Claims under the Plan.

19.     <u>Transfers by Plan Debtor; Vesting of Assets</u>.  On the Effective Date, or as soon as reasonably practicable thereafter, the Plan Debtor shall transfer and assign to the Liquidating Trust all of their right, title and interest in and to all of the Liquidating Trust Assets, and in accordance with section 1141 of the Bankruptcy Code, all such assets shall automatically vest in the Liquidating Trust free and clear of all Claims and liens, subject only to the Allowed Claims of Beneficiaries as set forth in the Plan and the expenses of the Liquidating Trust as set forth in the Plan and in the Liquidating Trust Agreement.  All transfers of property of the Estates, including, without limitation, the vesting of the Liquidating Trust Assets in the Liquidating Trust, (a) are legal, valid and effective transfers of property, (b) vest the transferees with good title to such property free and clear of all Claims, interests, liens, charges or other encumbrances, except as expressly provided in the Plan or this Confirmation Order, (c) do not and will not constitute avoidable transfers under the Bankruptcy Code or under applicable law, (d) do not and will not subject the Liquidating Trust or the Liquidating Trustee to any liability by reason of such transfer under the Bankruptcy Code or under applicable nonbankruptcy law, including, without limitation, any laws affecting successor, transferee or stamp or recording tax liability, and (e) are for good consideration and value.  All Liquidating Trust Assets shall vest in the Liquidating Trust free and clear of all Claims, interests, liens, charges and other encumbrances.  Such vesting

does not constitute a voidable transfer under the Bankruptcy Code or applicable non-bankruptcy law.

20.     <u>The Liquidating Trust Agreement</u>.  Except as otherwise expressly provided in the Plan, this Confirmation Order or the Liquidating Trust Agreement, pursuant to Bankruptcy Code sections 1123(a)(5), 1123(b)(3), 1141(b) and (c) and other applicable provisions of the Bankruptcy Code, on and after the Effective Date, all Liquidating Trust Assets shall vest in the Liquidating Trust free and clear of all Equity Interests, Claims and liens and contractually imposed restrictions.  On and after the Effective Date, the Liquidating Trust may object to any Claim or Equity Interest regardless of whether such Claim or Equity Interest was Disputed on the Effective Date, other than Professional Fee Claims or Claims or Equity Interests that are Allowed pursuant to the Plan, and compromise or settle any Causes of Action, Claims or Equity Interests regardless of whether such Claim or Equity Interest was Disputed on the Effective Date, in each case without notice to, supervision of or approval by this Bankruptcy Court and free and clear of any restrictions of the Bankruptcy Code or the Bankruptcy Rules, the Local Rules, and the guidelines and requirements of the United States Trustee, other than restrictions expressly imposed by the Plan, the Liquidating Trust Agreement or this Confirmation Order.

21.     <u>The Liquidating Trust</u>.  The Liquidating Trust shall be established on the Effective Date and shall be maintained thereafter in accordance with the terms of the Plan and the Liquidating Trust Agreement.  The Liquidating Trust Agreement, in the form substantially similar to the one annexed as Exhibit E to the Plan Supplement, all provisions therein, are hereby approved by this Confirmation Order.  The designation of Thomas A. Pitta, Esquire as the Liquidating Trustee is approved.  Pending the occurrence of the Effective Date, the Plan Debtor are authorized to take all actions as may be necessary to facilitate the creation and

implementation of the Liquidating Trust.  The Liquidating Trust is authorized and empowered, pursuant to the Plan, including, without limitation, Article XIII of the Plan and the Liquidating Trust Agreement, to liquidate or otherwise administer the Liquidating Trust Assets.

22.    The Oversight Committee.  The appointment of (i) GroupM UK Digital, Ltd., (ii) FMEX, LLC d/b/a Futures Media, (iii) SpotX, Inc., (iv) Teads Finance SAS, and (v) Telaria, Inc. (collectively, the "Members"), as the initial members of the Oversight Committee is hereby approved.  Each of the Members of the Oversight Committee shall have all rights, powers, duties and protections afforded the Oversight Committee and its members under the Plan and Liquidating Trust Agreement.

23.    Vesting, Retention and Preservation of Causes of Action.  Pursuant to the Plan, except as otherwise provided in the Plan and this Order, in accordance with section 1123(b)(3) of the Bankruptcy Code, any and all Liquidating Trust Claims that the Plan Debtors' Estates may hold against any Entity, together with the proceeds of the of the foregoing, if any, are reserved for, assigned to, and shall become property of the Liquidating Trust on the Effective Date. Unless a Cause of Action against any Entity is expressly waived, relinquished, released compromised or settled in this Plan or any Final Order (including this Order), the Plan Debtors expressly reserve such Causes of Action, including all Liquidating Trust Claims, to be transferred by the Plan Debtors to the Liquidating Trust pursuant to this Plan, which include without limitation the Causes of Action, and, therefore, no preclusion doctrine, including, without limitation, waiver, estoppel (judicial, equitable or otherwise) or laches shall apply to such Causes of Action upon or after entry of this Order or the Effective Date based on the Disclosure Statement, the Plan, this Order or any other Final Order.

24.    <u>Oracle America</u>.  The Debtors agree that, as of Effective Date, except as set forth below, any contracts between the Debtors and Oracle ("<u>Oracle Agreements</u>") are terminated and that neither party has any further obligation to the other under the Oracle Agreements, except as set forth in this paragraph.  The Debtors acknowledge and agree that they shall have no rights to use or distribute, and that Oracle shall have no further obligation to deliver or support, any Oracle software programs delivered pursuant to the Oracle Agreements.  The Debtors further agree to do the following:  (1) immediately cease using any programs and/or documentation obtained pursuant to the Oracle Agreements; (2) immediately return/destroy the original copy of the programs delivered by Oracle, and immediately erase all copies of the Programs in all forms, partial or complete, from computer memory or any other type of media, whether or not modified or merged into other materials; and destroy all media that contained programs delivered by Oracle; (3) within thirty (30) days after the Effective Date, certify to Oracle in writing that it has complied with provisions (1) and (2) of this paragraph.  For avoidance of doubt, the NetSuite Subscription Services Agreement (Dated November 13, 2012 as amended on May 14, 2019 and July 15, 2019) shall be assumed.

25.    <u>Effect of Conflict Between Plan and Confirmation Order</u>.  The provisions of the Plan and of this Confirmation Order shall be construed in a manner consistent with each other so as to effect the purposes of each; <u>provided</u>, <u>however</u>, that if there is determined to be any inconsistency between any Plan provision and any provision of this Confirmation Order that cannot be so reconciled, then, solely to the extent of such inconsistency, the provisions of this Confirmation Order shall govern and any such provision of this Confirmation Order shall be deemed a modification of the Plan and shall control and take precedence.

26.     <u>Modification</u>.  The Plan may be modified in accordance with Article XI of the Plan.

27.     <u>Reversal</u>.  If any or all of the provisions of this Confirmation Order are hereafter reversed, modified or vacated by subsequent order of the Court or any other court, in the absence of a stay of this Confirmation Order, such reversal, modification or vacatur shall not affect the validity of the acts or obligations incurred or undertaken in good faith under or in connection with the Plan prior to the Plan Debtors', the Liquidating Trust's or the Liquidating Trustee's receipt of written notice of any such order.  Notwithstanding any such reversal, modification or vacatur of this Confirmation Order, in the absence of a stay of this Confirmation Order, any such act or obligation incurred or undertaken in good faith pursuant to, and in reliance on, this Confirmation Order prior to the effective date of such reversal, modification or vacatur shall be governed in all respects by the provisions of this Confirmation Order and the Plan or any amendments or modifications thereto.

28.     <u>Authorization to Consummate Plan</u>.  The Plan Debtors are authorized to consummate the Plan at any time after the entry of this Confirmation Order subject to the satisfaction or waiver (by the required parties) of all other conditions precedent to the Effective Date set forth in the Plan.  The Plan shall only become effective on the Effective Date.

29.     <u>Distributions</u>. On the Effective Date, the Liquidating Trustee is authorized to make distributions in accordance with Article V of the Plan.

30.     <u>Notice of Entry of the Confirmation Order and the Occurrence of the Effective Date</u>.  Within five (5) business days following the occurrence of the Effective Date, the Liquidating Trustee shall serve notice of the entry of this Confirmation Order and the occurrence of the Effective Date (the "<u>Notice of Effective Date</u>"), substantially in the form attached hereto

27

as **Exhibit 1**, which form is hereby approved, on all Creditors and parties in interest in the Chapter 11 Cases.  Notwithstanding the foregoing, no service of the Notice of Effective Date shall be required to be made upon any Person to whom the Plan Debtors mailed a (a) notice of the meeting of Creditors under section 341 of the Bankruptcy Code, (b) notice of the bar date for filing Proofs of Claim, or (c) a solicitation package or other solicitation-related notice and received any such notice or materials returned by the United States Postal Service marked "undeliverable as addressed," "moved-left no forwarding address," "forwarding order expired" or similar marking or reason, unless the Plan Debtors have been informed in writing by such person of that Person's new address.  Service of the Notice of Effective Date described herein in the time and manner set forth herein shall constitute due, adequate and sufficient notice, and no other or further notice shall be necessary.

31.   <u>Post-Effective Date Notice Pursuant to Bankruptcy Rule 2002</u>.   After the Effective Date, to continue to receive notice of documents pursuant to Bankruptcy Rule 2002, all Creditors and other parties in interest (except those listed in the following sentence) must file a renewed notice of appearance requesting receipt of documents pursuant to Bankruptcy Rule 2002.  After the Effective Date, the Liquidating Trustee is authorized to limit the list of parties in interest receiving notice of documents pursuant to Bankruptcy Rule 2002 to the Office of the United States Trustee and those parties in interest who have filed such renewed requests; <u>provided</u>, <u>however</u>, that the Liquidating Trustee also shall serve parties directly affected by or having a direct interest in, the particular filing in accordance with Local Rule 2002-1(b).  Notice given in accordance with the foregoing procedures shall be deemed adequate pursuant to the Bankruptcy Code, the Bankruptcy Rules and the Local Rules.

32.   <u>Substantial Consummation</u>.   Substantial consummation of the Plan shall be deemed to occur on the Effective Date.

33.   <u>Final Decree; Dissolution</u>.   Upon the full liquidation, administration, and distribution of assets in accordance with the Liquidating Trust Agreement and the full performance of all other duties and functions of the Trustee, the Plan, and the Confirmation Order—including the dissolution of the Plan Debtors—the Liquidating Trustee shall, to the extent not already done, request that the Court enter an order closing the Chapter 11 Cases pursuant to section 350(a) of the Bankruptcy Code.

34.   <u>Continuation of Automatic Stay</u>.   Except as otherwise expressly provided in the Plan, this Confirmation Order, or a separate Order of this Court, all injunctions or stays provided for in the Chapter 11 Cases under sections 105 or 362 of the Bankruptcy Code, or otherwise, and in existence on the Confirmation Date, shall remain in full force and effect.

35.   <u>Retention of Jurisdiction</u>.   Pursuant to sections 105(a) and 1127 of the Bankruptcy Code, this Court shall retain and have exclusive jurisdiction over any matters arising out of, or related to, the Chapter 11 Cases and the Plan to the fullest extent permitted by law, including, without limitation, (a) all matters set forth in Article X of the Plan, and (b) all other matters and for all such other purposes as may be necessary or useful to aid in the consummation and implementation of the Plan.

36.    <u>Final Order</u>.  Notwithstanding Bankruptcy Rules 3020(c), 6004(h), 6006(d) and 7062, or any other applicable Bankruptcy Rule, the Court finds that there is no reason for delay in the implementation of this Confirmation Order, and thus, this Confirmation Order shall be effective and enforceable immediately upon entry.

Dated: July 31st, 2019
Wilmington, Delaware

**JOHN T. DORSEY**
**UNITED STATES BANKRUPTCY JUDGE**